James N. Leik
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska  99501
Telephone:  (907) 279-8561
Facsimile:  (907) 276-3108
jleik@perkinscoie.com

Ryan J. McBrayer (*Pro Hac Vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101
Telephone: (206) 359-8000
Facsimile: (206) 39-9000
rmcbrayer@perkinscoie.com

Attorneys for Plaintiff Arctic Circle
Enterprises, LLC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALASKA JUNEAU MINING COMPANY LLC, <br><br> Defendant. | Case No. 3:06-cv-170-TMB |

**JOINT STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) it is hereby ORDERED:

1. Any designating party shall have the right to designate as

"ATTORNEYS' EYES ONLY" material that constitutes or contains information that could harm its competitive position if it becomes known to a person or party other than the designating party.  The "ATTORNEYS' EYES ONLY" designation will be used for limited information which the designating counsel, in good faith, deems to constitute or relate to: trade secrets (as defined by Washington law) including, but not necessarily limited to, proprietary technical information; customer lists and related information; competitive analyses; costs of goods and services; pricing of goods and services; information relating to prior or current personnel; and financial results and plans and projections; and information that reveals strategic planning, including information relating to the consideration, evaluation or development of potential business opportunities or acquisition strategies.

2.	Designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other material in a conspicuous manner.  If it is not practical to mark the material itself, a container for or a tag attached to the material shall be so marked.  The marking shall state: "ATTORNEYS' EYES ONLY."

3.	In lieu of marking the original of a document or other material prior to inspection, the designating party or its counsel may orally designate any document or other material being produced for inspection as "ATTORNEYS' EYES ONLY," thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such material subsequently delivered to inspecting counsel must be marked as required by this Order at the time it is delivered in order to make the document, and copies, subject to this Order except that the provisions of paragraph 7 below shall apply.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ARCTIC CIRCLE V. AJMC
Case No. 3:06-cv-170-TMB		- 2 -		[59840-0003/SL062500.024]
59840-0003/LEGAL12953063.1

4.  After filing but pending entry of this Order by the Court, Arctic Circle and AJMC agree to abide by its terms and treat designated materials as if this Order were in full force and effect. Until such Order is entered, the parties will not disclose designated materials to persons other than those entitled under paragraph 7(a) and (b) of this Order below to access such designated materials.

5.  Inadvertent disclosure of "ATTORNEYS' EYES ONLY" material without proper designation shall not be deemed a waiver with regard to similar information, nor shall it be deemed a waiver with regard to the information inadvertently disclosed. Upon notice at any time by a designating party to a recipient that material has been inadvertently misdesignated, the recipient shall thereafter treat the material under the newly requested designation and shall take all reasonable steps to prevent any improper use or further disclosure of the material and to regain any material that has been sent to persons who would not have access to the material under the newly requested designation. Any effort to prevent such improper use or further disclosure, or to regain any misdesignated material, shall be at the expense of the designating party. If the receiving party has already disclosed the material to a person or persons not listed in paragraphs 7 or 8 below, there shall be no penalty or consequence for having done so prior to notice of misdesignation by the designating party. The receiving party does not waive and is not precluded from challenging the designating party's initial or newly requested designation under paragraph 15 below. The designating party is not precluded by this Order from disclosing or using their own designated material in any manner as it may deem fit.

6.  Designated material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ARCTIC CIRCLE V. AJMC
Case No. 3:06-cv-170-TMB                    - 3 -                    [59840-0003/SL062500.024]
59840-0003/LEGAL12953063.1

Nothing in this Order prohibits a party from using or distributing its own documents or material in any manner.

7. Access to material designated "ATTORNEYS' EYES ONLY" and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains or reveals material so designated, shall be limited to:

(a) The parties' outside attorneys of record;

(b) The clerical employees of such counsel listed in subparagraph (a) (including secretaries, paralegals and clerks) actually assisting such counsel in preparation of this case, provided however, that such employees have access to designated material only to the extent necessary to perform their duties;

(c) Nonparty experts or consultants, including their secretarial and clerical personnel, retained to assist counsel in this case who become qualified to receive material designated under the Order in accordance with the procedure identified in paragraph 8 below; and

(d) The Court, court personnel involved with this case, members of the jury and court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they be subject to the terms of this Order and provided that they are provided designated material only to the extent necessary to perform their duties.

8. The parties may retain independent experts and consultants to testify and/or assist them in this action, and these experts may have access to "ATTORNEYS' EYES ONLY" information as provided in paragraph 7(c) provided that no such expert or consultant shall be, or have any current intention of becoming, an officer, director, major shareholder (i.e., over 5% ownership), employee, representative or agent (except to the extent they may serve as an adverse

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

expert in another case) of any entity engaged in direct competition with the producing party.  Nonparty experts or consultants may become qualified to receive material designated under the Order in accordance with the following procedure:

(a) Counsel for any party proposing any such expert shall submit via email or other suitable correspondence to outside counsel of record for other parties (and to third parties in the event the nonparty expert or consultant will have access to designated material produced by such third parties under the Order) a copy of an Undertaking in the form attached as Exhibit A, signed by such person, and a full listing of all of his or her employers (including consulting work) for the previous five (5) years.  The original of each such Undertaking shall be maintained by counsel proposing the expert;

(b) Unless any other counsel shall notify proposing counsel of its objection to any such proposed person, and the basis therefore within seven (7) business days after the receipt of a copy of the Undertaking referred to above, such person shall thereafter be deemed a qualified recipient and entitled to receive material pursuant to the terms and conditions of the Protective Order;

(c) Should counsel timely notify proposing counsel of its objection to any such proposed person and of the basis for its objection in accordance with subparagraph (b) above, proposing counsel and objecting counsel shall meet and confer in an attempt to resolve the dispute, within fourteen (14) business days after the receipt of a copy of the Undertaking referred to above; and

(d) If the parties are unable to resolve the dispute after the meet and confer process required by subparagraph (c) above, opposing counsel shall file a motion within twenty-one (21) business days after the receipt of a copy of the Undertaking referred to above, to preclude the proposed access.  Proposing counsel

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

shall not disclose material designated under this Order to such proposed person before the expiration of the time for objection or before the resolution of any such objection and motion. There shall be a reasonable basis for such objection.

9. If during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding "ATTORNEYS' EYES ONLY" material and the objecting party presents a prima facie justification for non-disclosure, then only persons designated in paragraph 7(a), (b), and (d) above, as appropriate, the deponent (and the deponent's counsel in the case of a separately represented nonparty), and the reporter and videographer are allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any confidential material to any person to whom disclosure is prohibited under this Order.

10. Each recipient of designated material shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

11. Except for use during court proceedings, all information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, party or a party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as "ATTORNEYS' EYES ONLY" at the time of the taking of the deposition and for a period of seven (7) calendar days after the transcript of said deposition is received by the designating party. Information disclosed at the deposition may be designated under this Protective Order by a designating party by so-indicating on the record at the deposition, or by the Designating party's notifying

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ARCTIC CIRCLE V. AJMC
Case No. 3:06-cv-170-TMB                    - 6 -                    [59840-0003/SL062500.024]
59840-0003/LEGAL12953063.1

all other Parties and the court reporter in writing, within seven (7) calendar days of receipt of the transcript of the portions of the transcript that contain information to be designated under this Protective Order.

12. The parties shall file "ATTORNEYS' EYES ONLY" materials under seal in accordance with this Order and pursuant to Local Rule 5.2.1(g). The words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be stamped on the envelopes containing such designated information, and a statement substantially in the following form shall also be printed on the envelope:

### FILED UNDER SEAL

This envelope is sealed pursuant to Order of the Court, contains information that is "ATTORNEYS' EYES ONLY" and is not to be opened or the contents revealed, except by order of the Court or agreement by the parties.

At the request of the filing party, the designating party may consent to the materials not being filed under seal. Nothing shall be filed under seal, and the Court shall not be required to take any action without separate prior order by the judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

13. All provisions of this Order restricting the communication or use of "ATTORNEYS' EYES ONLY" information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in possession of "ATTORNEYS' EYES ONLY" information, other than that which is contained in pleadings, court filings, correspondence, and expert reports, written discovery responses, and deposition transcripts (including exhibits), shall either (a) return such document no later than thirty (30) calendar

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ARCTIC CIRCLE V. AJMC
Case No. 3:06-cv-170-TMB                - 7 -                [59840-0003/SL062500.024]
59840-0003/LEGAL12953063.1

days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

14. If any designated material is disclosed to any person other than in the manner authorized by this Order, counsel and the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

15. Nothing in this Order shall be construed to prevent a party from opposing the designation of materials. In the event of a dispute over a designation, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, a party opposing a designation shall serve a written objection, including a statement of the grounds for the objection for each document addressed, on the designating party or nonparty. The designating party or nonparty will have ten (10) days following the receipt of the objection to modify or withdraw its designation. If the designation is not modified or withdrawn, the objecting party may move the Court for an order modifying or removing the designation. On such a motion, the designating party or nonparty shall bear the burden of proof to justify the disputed designation after the objecting party has provided its statement of legitimate basis for each document addressed. Failure to so object or move shall not constitute an admission that the

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ARCTIC CIRCLE V. AJMC
Case No. 3:06-cv-170-TMB                - 8 -                [59840-0003/SL062500.024]
59840-0003/LEGAL12953063.1

material was properly designated.  With respect to any such motion made pursuant to this paragraph, the substantially prevailing party shall be entitled to all attorneys' fees and costs in bringing or opposing the motion, whichever the case may be.

16. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the scope of permissible discovery.

17 Nothing in this Order shall be construed to prevent a designating party from seeking such further provisions regarding confidentiality as may be appropriate.

18. The designation or non-designation of any material under this Protective Order shall not be admissible as evidence and shall not be argued in any litigation for any purpose.

19. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

20. Nothing in this Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of information designated as "ATTORNEYS' EYES ONLY" pursuant to this Order, so long as the content of such information is not disclosed.

21. The terms of this Order are applicable to "ATTORNEYS' EYES ONLY" information submitted and so designated by a nonparty, and such information produced by a nonparty in connection with this litigation is protected by the remedies and relief provided by this Order.  A nonparty providing information to the parties through either formal or informal discovery shall: (a) have

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ARCTIC CIRCLE V. AJMC
Case No. 3:06-cv-170-TMB                              - 9 -                              [59840-0003/SL062500.024]
59840-0003/LEGAL12953063.1

the same right as a party to designate any such information under this Order; and (b) shall have standing to enforce the terms of this Order with respect to disclosure and use of that nonparty's designated information.

22. This Order is ongoing and shall survive termination of this lawsuit. The United States District Court for the District of Alaska shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

23. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving written notice from the Designating party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving party shall promptly return all such material (and any copies that may have been made and may have been distributed) to the designating party within five (5) business days of receipt of such notice. Until such materials are returned, such materials and the information contained therein shall be treated as "ATTORNEYS' EYES ONLY." Nothing stated herein shall limit the right of a party to challenge a claim of privilege or protection made pursuant to this paragraph.

24. If at any time "ATTORNEYS' EYES ONLY" material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such "ATTORNEYS' EYES ONLY" material and shall provide each such party with an opportunity to object to the production of "ATTORNEYS' EYES ONLY" materials. If the producing party does not move for a protective order within ten business (10) days of the date

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

26. Any party may move at any time to modify the terms of this Protective Order. A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

26. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

DATED this _____ day of _____, 2007.

_____
Timothy M. Burgess
United States District Judge

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

ARCTIC CIRCLE V. AJMC
Case No. 3:06-cv-170-TMB         - 11 -         [59840-0003/SL062500.024]
59840-0003/LEGAL12953063.1

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ALASKA JUNEAU MINING COMPANY LLC,<br><br>  Defendant. | Case No. 3:-06-cv-170 (TMB) |

## UNDERTAKING OF OUTSIDE EXPERT

I, _____, state the following:

1. I have been retained by _____ [party] to serve as a consultant in the above-captioned action.

2. I have read and understand in its entirety the Protective Order ("Order") signed and entered by the Court in this action, and I attest to my understanding that access to material designated under the Order as "ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by and comply with the terms of the Order.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

3. I shall not disclose or reveal to anyone, or use any information subject to the Order, except in accordance with the Order. Nothing in this Undertaking shall prevent me from using otherwise legally obtained information.

4. I agree to submit to the jurisdiction of this Court for the purposes of enforcement of this Order, and understand that, in the event that I fail to abide by the terms of the Order, I shall be subject to sanctions by way of contempt of court.

_____
Signature

_____
Printed Name

_____
Address

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108