

Our Native Alaskan Dolls, are beautifully hand crafted and made from quality materials and fabrics by master doll makers.

This beautiful Native Alaskan doll is dressed in a traditional parka, mukluks and mittens. And since each one our dolls are hand made, you are guaranteed to have a one-of-a-kind doll for your collection to cherish in the years to come.

# BOOKMAN & HELM, LLP
## ATTORNEYS AT LAW
810 N STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 279-4889
FACSIMILE (907) 279-4851
www.bookman-helm.com

Bruce A. Bookman, Esq.
Direct Dial: (907) 265-5712
E-mail: bbookman@bookman-helm.com

Mary G. Rearden, Paralegal
Direct Dial: (907) 646-0870
E-mail: mrearden@bookman-helm.com

Richard A. Helm, Esq.
Direct Dial: (907) 265-5727
E-mail: rhelm@bookman-helm.com

Lynda M. Hile, Paralegal
Direct Dial: (907) 265-5750
E-mail: lhile@bookman-helm.com

June 6, 2003

*Via Facsimile and
Certified/Registered Mail*

Sandy Roth
Tandem Imports, Inc.
4560 N.E. 89th Street
Seattle, Washington 98115

    RE:    Trademark Infringement, Unfair Competition and
              Breach of Contract

Dear Ms. Roth:

      This firm represents Arctic Circle Enterprises, Inc. your former employer. As you know, Arctic Circle is engaged in the business of wholesale manufacturing and importing tourist goods and souvenirs for sale to retailers in Alaska and the Pacific Northwest. Over the course of many years, Arctic Circle has sold its goods to certain Alaska retailers namely, David Coates at Dockside Trading and Ketchikan Mining Company in Ketchikan, Alaska, Toni and Neal Murphy at Glacier Bear Gifts in Juneau, Dennis Corrington at Skagway Outlet Store and Craig Carson at Great Alaska Clothing Co. in Ketchikan, Alaska.

      On January 11, 2000, Arctic Circle hired you as a product development employee at an annual salary of $70,000. You signed an employment contract in which you agreed not to disclose or use the confidential information belonging to Arctic Circle at any time during or after your employment with Arctic Circle terminated. You further agreed that for a period of 24 months following your termination, you would not compete with Arctic Circle nor solicit any customer, vendor or supplier of Arctic Circle to do business with a competitor of Arctic Circle. During your employment with Arctic Circle, you gained access to the confidential business information of Arctic Circle including knowledge of its designs, costs, pricing, suppliers, customers and sales data. Arctic sent you to China on its behalf to work on the product line.

Sandy Roth
June 6, 2003
Page 2

On November 14, 2000, you terminated your employment with Arctic Circle effective December 1, 2000. Arctic sent you a letter of November 15, 2000, reminding you of your obligations under your employment contract for the two years following your termination. Pursuant to the employment contract, Arctic Circle paid you $25,000 per year for the two years following your termination until December 2002.

Prior to December 1, 2002, you arranged for Arctic Circle's suppliers to copy the goods of Arctic Circle in order to sell them to Arctic Circle's retailers at lower prices. Prior to December 1, 2002, and in violation of your employment contract, you contacted, solicited and placed orders with Arctic Circle's suppliers in China and solicited Arctic Circle's retailers in Southeast Alaska to do business with you in direct competition with Arctic Circle. Based on the timing of your goods being in the market place, you must have been engaged in these unlawful activities long before December 1, 2002.

The goods produced and sold by you are deceptively similar to those of Arctic Circle, and your goods have the capacity and are likely to deceive, cause confusion and mistake as to the origin, sponsorship or approval of your goods with Arctic Circle's goods and commercial activities. The goods that are deceptively similar to Arctic Circle's goods are the totem box, gold flake pen, shot glass candle, golf ball, dipper playing cards and mugs, large and small photo albums, chenille husky dog, nine-inch bean bag doll, umbrella and ten-inch porcelain face doll as well as many others.

Without the knowledge or permission of Arctic Circle, you have labeled your chenille husky dog as "Frontier Alaska Friends" which infringes on Arctic Circle's registered trademark "Alaska Friends" used by Arctic Circle on a similar chenille husky dog toy. By virtue of your employment at Arctic Circle, you had actual knowledge of Arctic Circle's registered trademark "Alaska Friends" Registration No. 2,155,444, which it has used continuously for over 5 years.

You have mislabeled your 10 inch porcelain-face doll, your plush angel ornament and other items as "Native Alaska Dolls" which falsely implies that the dolls are made in Alaska or made by Alaska Natives. Both Arctic Circle and you sell identical small vials filled with liquid and containing pieces of gold leaf in the liquid, however, you have falsely labeled the gold vials you sell by attaching them to cards that state that the gold is "Mined for Alaska" falsely implying that the gold was mined and was mined in Alaska. Your misrepresentations were and are material and made with the intent that others rely upon them in connection with the sale of the goods.

Your actions constitute willful, malicious and intentional infringement on Arctic Circle's trademark and common law and statutory rights and were commenced and have continued despite your knowledge that the sale of deceptively similar goods and use of "Alaska Friends" on stuffed animal toys was and is in direct contravention of Arctic Circle's rights.

Sandy Roth
June 6, 2003
Page 3

    Arctic Circle's orders from its retailers for the 2003 season dropped considerably as a result of your selling imitations of its merchandise. In order to protect its rights under federal and state law, Arctic Circle demands that you cease and desist from your illegal conduct. Your conduct in connection with the promotion and sale of your goods using Arctic Circle's registered trademark constitutes trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. §1114. In addition, your conduct constitutes unfair competition, false advertising, false designation of origin and false or misleading description of fact, in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as well as Alaska's Unfair Business Practices and Consumer Protection Act, AS 45.50.471(3), (11) and (12).

    If you do not immediately cease and desist your unlawful conduct, Arctic Circle will file an action in federal court seeking to enjoin you from selling deceptively similar goods and from infringing upon Arctic Circle's trademark. Arctic Circle will ask the court to award it full reasonable attorneys fees and costs as well as actual and treble damages.

                                    Very truly yours,

                                      Bruce A. Bookman

/bab

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X                                           ☐ Agent<br>                                                ☐ Addressee<br>B. Received by (*Printed Name*)      C. Date of Delivery |
| 1. Article Addressed to:<br><br>Sandy Roth<br>Tandem Imports, Inc.<br>4560 N.E. 89th St.<br>Seattle, WA 98115 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:     ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered      ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)          ☐ Yes |
| 2. Article Number<br>(Transfer from service label) P 103 650 425 | |
| PS Form 3811, August 2001    Domestic Return Receipt | 102595-02-M-1540 |

P 103 650 425

RECEIPT FOR CERTIFIED MAIL
NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(See Reverse)

| Sent to Sandy Roth | |
| Street and Tandem Imports | |
| 4560 N.E. 89th St | |
| P.O. State and ZIP Code Seattle, WA 98115 | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt showing to whom and Date Delivered | |
| Return Receipt showing to whom, Date, and Address of Delivery | |
| TOTAL Postage and Fees | $ |
| Postmark or Date | |

PS Form 3800 June 1985

Exhibit F
Page 4 of 8

Exhibit 2 Page 27

## BOOKMAN & HELM, LLP
### ATTORNEYS AT LAW
810 N STREET, SUITE 200
ANCHORAGE, ALASKA 99501
(907) 279-4889
FACSIMILE (907) 279-4851
www.bookman-helm.com

Bruce A. Bookman, Esq.
Direct Dial: (907) 265-5712
E-mail: bbookman@bookman-helm.com

Mary G. Rearden, Paralegal
Direct Dial: (907) 646-0870
E-mail: mrearden@bookman-helm.com

Richard A. Helm, Esq.
Direct Dial: (907) 265-5727
E-mail: rhelm@bookman-helm.com

Lynda M. Hile, Paralegal
Direct Dial: (907) 265-5750
E-mail: lhile@bookman-helm.com

June 6, 2003

*Via Facsimile and
Certified/Registered Mail*

Lawrence Press
Pierce Distributors
102 Kimball Ave.
South Burlington, Vermont 05403

    RE:    Trademark Infringement, Unfair Competition and
             Breach of Contract

Dear Mr. Press:

    This firm represents Arctic Circle Enterprises, Inc. which formerly employed Sandy Roth. As you must know, Arctic Circle is engaged in the business of wholesale manufacturing and importing tourist goods and souvenirs for sale to retailers in Alaska and the Pacific Northwest. Over the course of many years, Arctic Circle has sold its goods to certain Alaska retailers namely, David Coates at Dockside Trading and Ketchikan Mining Company in Ketchikan, Alaska, Toni and Neal Murphy at Glacier Bear Gifts in Juneau, Dennis Corrington at Skagway Outlet Store and Craig Carson at Great Alaska Clothing Co. Ketchikan, Alaska.

    On January 11, 2000, Arctic Circle hired Ms. Roth as a product development employee at an annual salary of $70,000. She signed an employment contract in which she agreed not to disclose or use the confidential information belonging to Arctic Circle at any time during or after her employment with Arctic Circle terminated. She further agreed that for a period of 24 months following her termination, she would not compete with Arctic Circle nor solicit any customer, vendor or supplier of Arctic Circle to do business with a competitor of Arctic Circle. During her employment with Arctic Circle, she gained access to the confidential business information of Arctic Circle including knowledge of its designs, costs, pricing, suppliers, customers and sales data. Arctic sent her to China on its behalf to work on the product line.

Exhibit F
Page 5 of 8

Exhibit 2 Page 28

Lawrence Press
June 6, 2003
Page 2

On November 14, 2000, she terminated her employment with Arctic Circle effective December 1, 2000. Arctic sent her a letter of November 15, 2000, reminding her of her obligations under her employment contract for the two years following her termination. Pursuant to the employment contract, Arctic Circle paid her $25,000 per year for the two years following her termination until December 2002.

Prior to December 1, 2002, she arranged for Arctic Circle's suppliers to copy the goods of Arctic Circle in order to sell them to Arctic Circle's retailers at lower prices. Prior to December 1, 2002, and in violation of her employment contract, she contacted, solicited and placed orders with Arctic Circle's suppliers in China and solicited Arctic Circle's retailers in Southeast Alaska to do business with her in direct competition with Arctic Circle. Based on the timing of her goods being in the market place, she must have been engaged in these unlawful activities long before December 1, 2002.

The goods produced and sold by her are deceptively similar to those of Arctic Circle, and her goods have the capacity and are likely to deceive, cause confusion and mistake as to the origin, sponsorship or approval of her goods with Arctic Circle's goods and commercial activities. The goods that are deceptively similar to Arctic Circle's goods are the totem box, gold flake pen, shot glass candle, golf ball, dipper playing cards and mugs, large and small photo albums, chenille husky dog, nine-inch bean bag doll, umbrella and ten-inch porcelain face doll as well as many others.

Without the knowledge or permission of Arctic Circle, she has labeled her chenille husky dog as "Frontier Alaska Friends" which infringes on Arctic Circle's registered trademark "Alaska Friends" used by Arctic Circle on a similar chenille husky dog toy. By virtue of her employment at Arctic Circle, she had actual knowledge of Arctic Circle's registered trademark "Alaska Friends" Registration No. 2,155,444, which it has used continuously for over 5 years.

She has mislabeled her 10 inch porcelain-face doll, her plush angel ornament and other items as "Native Alaska Dolls" which falsely implies that the dolls are made in Alaska or made by Alaska Natives. Both Arctic Circle and she sell identical small vials filled with liquid and containing pieces of gold leaf in the liquid, however, you have falsely labeled the gold vials she sells by attaching them to cards that state that the gold is "Mined for Alaska" falsely implying that the gold was mined and was mined in Alaska. Her misrepresentations were and are material and made with the intent that others rely upon them in connection with the sale of the goods.

Her actions constitute willful, malicious and intentional infringement on Arctic Circle's trademark and common law and statutory rights and were commenced and have continued despite her knowledge that the sale of deceptively similar goods and use of "Alaska Friends" on stuffed animal toys was and is in direct contravention of Arctic Circle's rights.

All of the imitation goods sold by Ms. Roth, bear a UPC code assigned to Pierce Distributing. For this reason, Arctic believes that you and Pierce Distributing are acting in concert with Ms. Roth to infringe upon Arctic Circle's trademark and engage in unfair competition.

Lawrence Press
June 6, 2003
Page 3

    Arctic Circle's orders from its retailers for the 2003 season dropped considerably as a result of her selling imitations of its merchandise. In order to protect its rights under federal and state law, Arctic Circle demands that you cease and desist from your illegal conduct. Your conduct in connection with the promotion and sale of your goods using Arctic Circle's registered trademark constitutes trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. §1114. In addition, your conduct constitutes unfair competition, false advertising, false designation of origin and false or misleading description of fact, in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as well as Alaska's Unfair Business Practices and Consumer Protection Act, AS 45.50.471(3), (11) and (12).

    If you do not immediately cease and desist your unlawful conduct, Arctic Circle will file an action in federal court seeking to enjoin you from selling deceptively similar goods and from infringing upon Arctic Circle's trademark. Arctic Circle will ask the court to award it full reasonable attorneys fees and costs as well as actual and treble damages.

                                                                             Very truly yours,

                                                                             Bruce A. Bookman

/bab

Exhibit 1
Page 7 of 8
Exhibit 2 Page 30

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _(signed)_  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name): B Press   C. Date of Delivery: 6-13-03<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>_Betty Press_ |
| 1. Article Addressed to:<br>Lawrence Press<br>Pierce Distributors<br>102 Kimball Ave.<br>South Burlington,<br>VT 05403 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) P 103 426 | |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

P 103 650 426

**RECEIPT FOR CERTIFIED MAIL**
NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(See Reverse)

| | |
|---|---|
| Sent to | Lawrence Press<br>Pierce Distributors |
| Street and No. | 102 Kimball Ave. |
| P.O. State and ZIP Code | 05403-6888<br>South Burlington VT |
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt showing to whom and Date Delivered | 1.75 |
| Return Receipt showing to whom Date and Address of Delivery | |
| TOTAL Postage and Fees | $ 4.42 |
| Postmark or Date | |

PS Form 3800, June 1985

Exhibit F
Page 8 of 8

Exhibit 2 Page 31

# EXHIBIT 3

Exhibit 3 Page 1

LODGED
AUG 21 2003
FILED
SEP 11 2003
TED STATES DISTRICT COURT
DISTRICT OF ALASKA
By ᵱᵣᵣ

Bruce A. Bookman, Esq.
BOOKMAN & HELM, LLP
810 N. Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

Attorneys for Plaintiff,
Arctic Circle Enterprises, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SANDY ROTH and TANDEM IMPORTS, INC.,<br>a WASHINGTON CORPORATION,<br>LAWRENCE H. PRESS d/b/a PIERCE<br>DISTRIBUTORS and KEYSTAR<br>INTERNATIONAL, LTD.<br><br>　　　　Defendants. | Case No. A03-139 CV.(JWS) |

**FIRST AMENDED COMPLAINT**
(15 U.S.C. § 1125(a) and § 1114; AS 45.50.471 et. seq.)

COMES NOW plaintiff, Arctic Circle Enterprises, Inc., (hereinafter "Arctic Circle") by and through its attorneys, Bookman & Helm, and for its complaint against defendants alleges as follows:

**PARTIES**

1. Plaintiff, Arctic Circle, is a corporation duly organized and existing under the laws of the state of Alaska with its principal place of business in Anchorage, Alaska.

2. Defendant, Tandem Imports, Inc., is a Washington Corporation, doing business in Alaska, and Sandy Roth is a resident of the state of Washington. Keystar International, Ltd ("Keystar") is the parent corporation of Tandem Imports, Inc. Defendants are engaged in trade and commerce in Alaska. Roth is an employee of Tandem Imports, Inc. and was acting within the course

Exhibit 3 Page 2
25

and scope of her employment at all times relevant to the allegations of the complaint. Lawrence H. Press is a Vermont resident, who does business in Alaska as Pierce Distributors and who is acting in concert with defendant Sandy Roth by allowing her to use his Uniform Price Code number on all of her merchandise. Hereinafter all defendants shall be referred to as "Roth."

## JURISDICTION AND VENUE

3. This is an action for federal trademark infringement and federal unfair competition under the provision of the Trademark Act of 1946, 15 U.S.C. §1051 et seq., particularly under 15 U.S.C. §1125(a) and §1114; for violation of Alaska's Unfair Business Practices and Consumer Protection Act, AS 45.50.471, et seq., for common law trade name infringement and unfair competition; for breach of contract, and for tortious interference with prospective economic advantage.

4. This court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. §1121 and 28 U.S.C §1331, as well as the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTS COMMON TO ALL COUNTS

6. Arctic Circle is engaged in the business of wholesale manufacturing and importing tourist goods and souvenirs for sale to retailers in Alaska and the Pacific Northwest. Among the goods that Arctic Circle sells are various kinds of dolls, photo albums, mugs, playing cards, small vials of gold flakes, umbrellas, hats, golf balls and candles. Arctic Circle has been in business for over 45 years and has developed a large number of distinctive products which are manufactured in P.R. China by Keystar International Ltd. in Hong Kong, Hvar International Co. in Taipei, Ideal Gift Ltd., Hong Kong and Golden Shell International Gifts (hereinafter "Suppliers").

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

FIRST AMENDED COMPLAINT
*Arctic Circle Enterprises Inc. v. Roth*
Case No. A03-139 CV (JWS)                Page 2 of 10

Exhibit 3 Page 3

7. Over the course of many years, Arctic Circle has sold its goods to certain Alaska retailers, namely, David Coates and Kathy Fleener at Dockside Trading and Ketchikan Mining Company in Ketchikan, Alaska, Toni and Neal Murphy at Glacier Bear Gifts in Juneau, Dennis Corrington at Skagway Outlet Store and Skagway Brewing Co. of Skagway, Alaska, and Craig Carson at Great Alaska Clothing Co. Ketchikan, Alaska (hereinafter "Retailers").

8. Arctic Circle has a registered trademark "Alaskan Friends" Registration No. 2,155,444, and has a trademark "Alaska Friends" which it has used continuously for over 5 years on various plush toys, stuffed toys, soft sculpture toys, dolls, and stuffed toy animals.

9. On January 11, 2000, Arctic Circle hired Roth as a product development employee at an annual salary of $70,000. Roth signed an employment contract in which she agreed not to disclose or use the confidential information belonging to Arctic Circle at any time during or after her employment with Arctic Circle terminated. She further agreed that for a period of 24 months following her termination, she would not compete with Arctic Circle nor would she solicit any customer, vendor or supplier of Arctic Circle to do business with a competitor of Arctic Circle. Ex. A hereto is a true copy of the agreement signed by Roth and Arctic Circle.

10. During her employment with Arctic Circle, Roth gained access to the confidential business information of Arctic Circle including knowledge of its designs, costs, pricing, suppliers, customers and sales data. During her employment, Arctic Circle sent her to Asia to work with its Suppliers.

11. On November 14, 2000, Roth terminated her employment with Arctic Circle effective December 1, 2000. Ex. B. Arctic sent her a letter of November 15, 2000, reminding her of her obligations under her employment contract for the two years following her termination. Ex. C. Pursuant to the employment contract, Arctic Circle paid Roth $25,000 per year for the two years following her termination until December 2002.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

12. Prior to December 1, 2002, Roth arranged for Arctic Circle's Suppliers to copy many of the goods in Arctic Circle's product line in order to sell them to Arctic Circle's Retailers at lower prices. Prior to December 1, 2002, Roth contacted, solicited and placed orders with Arctic Circle's Suppliers in China. Prior to December 1, 2002, she solicited and took sales orders from Arctic Circle's Retailers in Alaska. All of these actions were in direct competition with Arctic Circle and constituted a breach of her employment contract.

13. Arctic Circle's Suppliers produced the copied goods ordered by Roth, and Roth has sold them and continues to sell them in large quantities to Arctic Circle's Retailers for resale during the 2003 tourist season in Southeast Alaska. Arctic Circle believes that she may have sold as much as $800,000 worth of copied goods to Arctic Circle's Retailers.

14. The goods produced and sold by Roth are deceptively similar to those of Arctic Circles, and Roth's goods have the capacity and are likely to deceive, cause confusion and mistake as to the origin, sponsorship or approval of Roth's goods with Arctic Circle's commercial activities. Examples of some of Roth's goods that are deceptively similar to Arctic Circle's goods are the

| | |
|---|---|
| Totem box, | Ex. D. page 1 |
| Baseball cap, | Ex. D. page 1 |
| Knit watch cap, | Ex. D. page 2 |
| Dipper playing cards, | Ex. D. page 2 |
| Chenille husky dog, | Ex. D. page 2 |
| Large Photo album, | Ex. D. page 4 |
| Eskimo Doll | Ex. D. page 4 |

To date, Arctic Circle has discovered that Roth has copied approximately 50 products that are deceptively similar to products offered by Arctic Circle. For the "Totem Box" listed above, Roth had Arctic Circle's supplier use Arctic Circle's own product mold that Arctic Circle paid for and that was designed by Arctic Circle's art department on April 14, 2000. In general, Roth's goods are of

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

FIRST AMENDED COMPLAINT
*Arctic Circle Enterprises Inc. v. Roth*
Case No. A03-139 CV (JWS)                Page 4 of 10

Exhibit 3 Page 5

inferior quality and will tend to damage Arctic Circle's goodwill and reputation in the business community.

15. Without the knowledge or permission of Arctic Circle, Roth has labeled her chenille husky dog and other products as "Frontier Alaska Friends" which infringes on Arctic Circle's registered trademark "Alaskan Friends" and its trademark "Alaska Friends" used by Arctic Circle on a similar chenille husky dog toy. Ex. D. page 2. By virtue of her employment at Arctic Circle, Roth had actual knowledge of Arctic Circle's registered trademark "Alaskan Friends."

16. Roth has mislabeled her 10 inch porcelain-face doll, her plush angel ornament and other dolls as "Handcrafted Alaska Native Dolls" which falsely implies that the dolls are hand crafted, made in Alaska or made by Alaska Natives. Ex. E. Roth's misrepresentation was and is material and made with the intent that others rely upon it in connection with the sale of the goods.

17. Both Arctic Circle and Roth sell identical small vials filled with liquid and containing pieces of gold leaf in the liquid; however, Roth has falsely labeled the gold vials she sells by attaching them to cards that state that the gold is "Exclusively Mined for Alaska" falsely implying that the gold was mined and was mined in Alaska. Ex. D. page 3. Roth's misrepresentations were and are material and made with the intent that others rely upon them in connection with the sale of the goods.

18. When Roth's goods began appearing in the Alaska market in May 2003, Arctic Circle asked Keystar if it were involved, and Keystar stated to Arctic Circle that Ms. Roth had "built up a new company" and would develop "new items." Keystar did not mention that it was importing goods for sale in Alaska through its own wholly-owned subsidiary. Keystar's omission of the fact that it is the sole owner of "Ms. Roth's" new company was an intentional misrepresentation. Following Keystar's omission, Arctic Circle disclosed its confidential plans to develop products for the upcoming 2004 tourist season.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

19. Upon information and belief, the activities of Roth set forth herein constitute willful, malicious and intentional infringement on Arctic Circle's trademark and common law and statutory rights and were commenced and have continued despite Roth's knowledge that the sale of deceptively similar goods and use of "Alaska Friends" on stuffed animal toys was and is in direct contravention of Arctic Circle's rights.

20. By reason of the acts of Roth alleged herein, Arctic Circle has sustained actual damages in excess of $1,000,000. In addition, Arctic Circle has suffered, is suffering and will continue to suffer damages and irreparable harm to its goodwill and customer relationships, and, unless Roth is restrained from her wrongful conduct, the damage to Arctic Circle will be greatly increased.

21. Though some damages may be quantified, Arctic Circle has no adequate remedy at law for the destruction of its business relationships with its Retailers and its good will.

22. On June 5, 2003, Arctic Circle sent a cease and desist letter to Roth demanding that Roth stop her unlawful actions. Ex. F. Roth has not stopped any of her unlawful acts.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

23. Arctic Circle repeats and realleges the allegations contained in paragraphs 1 through 22 above.

24. Roth's conduct as alleged above in connection with the promotion and sale of her goods using Arctic Circle's registered trademark constitutes trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C §1114.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

## COUNT II
## FEDERAL UNFAIR COMPETITION

25. Arctic Circle repeats and realleges the allegations contained in paragraphs 1 through 22 above.

26. Roth's conduct as alleged above in connection with the promotion and sale of her goods in Alaska constitutes unfair competition, false advertising, false designation of origin and false or misleading description of fact, in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III
## UNFAIR COMPETITION UNDER ALASKA LAW

27. Arctic Circle repeats and realleges the allegations contained in paragraphs 1 through 22 above.

28. The acts of Roth constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Alaska's Unfair Business Practices and Consumer Protection Act, AS 45.50.471(3), (11) and (12) and at common law.

## COUNT IV
## BREACH OF CONTRACT

29. Arctic Circle repeats and realleges the allegations contained in paragraphs 1 through 22 above.

30. Roth has materially breached her contract of employment by soliciting Arctic Circle's Suppliers and Retailers within 24 months of her termination of employment.

31. Roth has materially breached her contract of employment by competing with Arctic Circle by booking sales orders within 24 months of her termination of employment.

32. Roth has materially breached her contract of employment by disclosing and using confidential information of Arctic Circle in order to compete directly with Arctic Circle in the sale of goods to Arctic Circle's Retailers.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

FIRST AMENDED COMPLAINT
*Arctic Circle Enterprises Inc. v. Roth*
Case No. A03-139 CV (JWS)                 Page 7 of 10

Exhibit 3 Page 8

## COUNT V
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE
## ECONOMIC ADVANTAGE

33. Arctic Circle repeats and realleges the allegations contained in paragraphs 1 through 22 above.

34. Arctic Circle had prospective business relationships with its Retailers, and Roth, knowing of these relationships, intentionally prevented or lessened those relationships by selling to the Retailers inferior, lower cost goods that were deceptively similar.

35. Roth's conduct constituted a malicious, unprivileged and unjustified interference with Arctic Circle's prospective business relationship and has caused Arctic Circle damages as set forth herein.

## COUNT VI
## INTENTIONAL MISREPRESENTATION

36. Arctic Circle repeats and realleges the allegations contained in paragraphs 1 through 22 above.

37. Keystar's actions constitute an intentional misrepresentation upon which Arctic Circle reasonably relied to its detriment.

WHEREFORE, Arctic Circle prays for the following relief

1. That defendants their agents, employees, attorneys, any related business entities and all persons acting for, with, by, through or under them be preliminarily enjoined during the pendency of this action and thereafter be permanently enjoined and restrained from the manufacture and sale of products that are so deceptively similar to those of Arctic Circle as to create a likelihood of confusion, mistake or deception.

2. That defendants be ordered to buy back from the Retailers and destroy all unsold merchandise that is so deceptively similar to those of Arctic Circle as to create a likelihood of confusion, mistake or deception, and that Roth and Tandem Imports, Inc. be ordered to deliver up for destruction all advertisements, catalogs, products or other similar material in her possession or

FIRST AMENDED COMPLAINT
*Arctic Circle Enterprises Inc. v. Roth*
Case No. A03-139 CV (JWS)          Page 8 of 10

Exhibit 3 Page 9

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

under her control that are so deceptively similar to those of Arctic Circle as to create a likelihood of confusion, mistake or deception.

3. That pursuant to U.S.C. §1116, defendants and their agents, employees, attorneys, any related business entities and all persons acting for, with, by, through or under them be preliminarily enjoined during the pendency of this action and thereafter be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale or distribution of her goods the Arctic Circle trademark "Alaska Friends" and any other marks or words that are confusingly or deceptively similar to Arctic Circle's trademark.

4. That defendants be required to account to Arctic Circle for the profits they have made, and that Arctic Circle be awarded damages incurred as a result of their actions in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), §32 of the Lanham Act, 15 U.S.C. §1114, and AS 45.50.471.

5. That defendants compensate Arctic Circle for its lost sales profits and other actual damages in an amount in excess of $1,000,000.

6. That Arctic Circle be awarded treble damages pursuant to §35 of the Lanham Act, 15 U.S.C. §1117(a) and AS45.50.531(a).

7. That Arctic Circle be awarded punitive damages in excess of $1,000,000.

8. That pursuant to 15 U.S.C §1117 and AS 45.50.537(a) Arctic Circle be awarded its actual reasonable attorney's fees and costs incurred in bringing this action.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

FIRST AMENDED COMPLAINT
*Arctic Circle Enterprises Inc. v. Roth*
Case No. A03-139 CV (JWS)          Page 9 of 10

Exhibit 3 Page 10

DATED at Anchorage, Alaska this 21th day of August, 2003.

                                      BOOKMAN & HELM, LLP
                                      Attorneys for Plaintiff
                                      Arctic Circle Enterprises, Inc.

                                By: _____
                                      Bruce A. Bookman
                                      Alaska Bar # 6802002

**BOOKMAN & HELM, LLP**
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 279-4889
Facsimile: (907) 279-4851

FIRST AMENDED COMPLAINT
*Arctic Circle Enterprises Inc. v. Roth*
Case No. A03-139 CV (JWS)        Page 10 of 10

Exhibit 3 Page 11