# EXHIBIT 6

Exhibit 6 Page 1

FILED
U.S. DISTRICT COURT
DISTRICT OF ALASKA

2004 SEP 23 PM 3: 57

1  Kenneth S. Kagan
   Carney Badley Spellman, P.S.

2  700 Fifth Avenue, #5800
   Seattle, WA 98104-5017

3  Telephone:   (206) 622-8020
   Facsimile:   (206) 622-8983

4

5  Attorneys for Sandy Roth; Tandem Imports, Inc.;
   and Keystar International, Ltd.

6

7  **IN THE UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF ALASKA**

8

9  ARCTIC CIRCLE ENTERPRISES, INC.,

10              Plaintiff,

11        vs.

12  SANDY ROTH and TANDEM
    IMPORTS, INC., a Washington

13  Corporation, and KEYSTAR
    INTERNATIONAL, LTD.,

14              Defendants.

15                                      Case No. A03-139 CV (JWS)

16  **DEFENDANTS ROTH AND TANDEM'S MOTION FOR LEAVE TO AMEND**
    **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, PURSUANT**

17  **TO F.R.C.P. 15(a)**

18

19  **I.  INTRODUCTION**

20      Arctic Circle Enterprises, Inc. (hereinafter "ACE") commenced this action against

21  Sandy Roth, Tandem Imports, Inc., Lawrence H. Press d/b/a Pierce Distributors and

The Honorable J. W. Sedwick

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 1
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 2

1    Keystar International, Ltd. (hereinafter, collectively, "Roth"), for federal trademark

2    infringement, federal unfair competition, unfair competition under Alaska law, breach of

3    contract, intentional interference with prospective economic advantage, and intentional

4    misrepresentation. By Order dated September 9, 2004, Lawrence H. Press d/b/a Pierce

5    Distributors was dismissed from this litigation with prejudice.

6        Roth respectfully moves this Court for an order allowing her to amend her

7    Answer, Affirmative Defenses and Counterclaims, pursuant to Rule 15(a) of the Federal

8    Rules of Civil Procedure. Roth's motion is necessary to address three issues: (1) Roth

9    wishes to amend her Counterclaims to assert a newly-discovered copyright infringement

10   cause of action against ACE; (2) Roth seeks to amend her Counterclaims in order to seek

11   a declaratory judgment of trademark and trade dress non-infringement, and invalidity of

12   ACE's registered trademark, "ALASKAN FRIENDS;" and (3) Roth wishes to drop her

13   Counterclaim for Alaska common law "Outrage."

14       Allowing Roth to amend her Counterclaims is consistent with the interests of

15   justice, is necessary to address newly-discovered facts, and may lead to a more speedy

16   resolution of this matter. Allowing Roth to amend is certainly preferable to having Roth

17   file a separate action to preserve her rights. In addition, it makes sense for both parties to

18   re-plead their allegations against one another, in light of newly discovered facts, and in

19   recognition of controlling law. Indeed, it may benefit ACE even more than Roth to amend

20

21   at this stage, because as it stands, ACE's primary causes of action against Roth are subject

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 2
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 3

1    to automatic dismissal under controlling United States Supreme Court precedent: *Wal-*

2    *Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 120 S.Ct. 1339 (2000).

3                                    **II.    ARGUMENT**

4        **A.    Leave To Amend Pleadings Is Freely Given When Justice So Requires.**

5        Federal policy strongly favors determination of cases on their merits. *Foman v.*

6    *Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *see, also, FilmTec Corp. v.*

7    *Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995) (underlying purpose of Rule 15 is to

8    facilitate decision on the merits rather than on the pleadings or technicalities), *cert.*

9    *denied*, 519 U.S. 814, 117 S. Ct. 62 (1996). Leave to amend "shall be freely given when

10   justice so requires." Fed. R. Civ. P. 15(a); see also *DCD Programs, Ltd. v. Leighton*, 833

11   F.2d 183, 186 (9th Cir. 1987) (Rule 15's policy in favor of granting leave to amend is to

12   be applied with "extreme liberality").

13       At least one Court of Appeals has held that good faith amendment should always

14   be allowed unless "there is a substantial reason to deny a motion to amend." *See*, e.g.,

15   *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001).

16       **B.    Justice Requires that Roth Be Permitted To Amend Her**

17             **Counterclaims To Add The Following Additional Causes Of Action.**

18             *1.    Copyright infringement.*

19

20

21

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 3
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 4

1    "If the underlying facts or circumstances relied upon by a [party] may be a proper

2    subject of relief, he ought to be afforded an opportunity to test his claim on the merits."

3    *Foman v. Davis, supra,* 371 U.S. at 182, 83 S. Ct. at 230.

4        Here, Roth seeks the opportunity to test on the merits her newly-discovered

5    copyright infringement cause of action against ACE. Roth's potential copyright cause of

6    action became known only very recently. Since 2003, Roth has known that she is the

7    owner of twenty-five percent of all of the intellectual property rights of Gift Connections,

8    Inc. What she did not know until a few weeks ago is that Gift Connections, Inc. was the

9    owner of seven registered copyrights for Alaska souvenir items. (Detailed in the attached

10   proposed Amended Answer and Counterclaims). By virtue of her stake in the former Gift

11   Connections, Inc. intellectual property assets, Roth has the right to enforce these "Gift

12   Connections copyrights" against infringers.

13       Most significantly, it appears that ACE is infringing some or all of the Gift

14   Connections copyrights. Indeed, it appears that Roth owns the copyright in some of the

15   items ACE has accused Roth of "knocking off." This is a significant development, and

16   Roth wishes to amend her Counterclaims to enforce her newly-discovered rights.

17

18           2.    *Declaratory judgment of trademark and trade dress non-infringement, and invalidity of ACE's registered trademark "ALASKAN FRIENDS."*

19

20

21

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 4
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 5

1   "[T]he grant or denial of an opportunity to amend is within the discretion of the

2   District Court." *Foman, supra,* 371 U.S. at 182. On the other hand, the Supreme Court

3   also noted that:

> [i]n the absence of any apparent or declared reason - such as
> undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party by
> virtue of the allowance of the amendment, futility of
> amendment, etc. -- the leave sought should, as the rules require,
> be freely given.

*Id.* at 182.

### a. No bad faith.

Roth seeks an amendment to get to the legal heart of this case as quickly and

efficiently as possible. To date, ACE has succeeded in convincing this Court that Roth has

"knocked off" ACE's product designs. ACE's allegations are legally defective. A

declaratory judgment action will give Roth the ability to challenge ACE's defective legal

bases. Right now, the Court is limited to considering the issue of infringement (i.e.

"knocking off"). Roth seeks a declaratory judgment that ACE does not, and indeed

cannot, possess "trade dress" rights in any of its product designs absent an extraordinary

showing of secondary meaning. By directly addressing the issue of the legal sufficiency

of ACE's claims, Roth hopes to quickly bring this matter to a head.

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 5
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 6

1    As it stands, all Roth could hope to achieve is a determination that her current

2    designs do not infringe. Roth strongly prefers to resolve the matter of ACE's trade dress

3    rights once and for all.

### b. ACE will not be prejudiced.

4

5    Finally, Roth's declaratory judgment amendment will not prejudice ACE. Roth's

6    declaratory judgment counterclaim seeks to challenge the core legal basis for all of ACE's

7    "knocking off" allegations. This is an efficient approach to the parties' dispute. ACE, on

8    the other hand, has so far made only vague allegations with respect to a shifting set of

9    items. One list appears in ACE's First Amended Complaint, another list appears in ACE's

10   preliminary injunction moving papers.

11   By failing to commit to any specific items it alleges are infringed by Roth, ACE

12   has created a situation where Roth cannot ever prevail. Even if Roth were to prove that

13   none of the products ACE has accused to date infringe, Roth is still left to contend with

14   whatever other allegations ACE might make.

15   For example, in its First Amended Complaint, ACE makes the allegation that,

16   "[t]o date, Arctic Circle has discovered that Roth has copied approximately 50 products

17   that are deceptively similar to products offered by Arctic Circle." ACE Amended

18   Complaint, p. 4. In that same pleading, ACE gives "[e]xamples of some of Roth's goods

19   that are deceptively similar to Arctic Circle's goods," and lists only seven specific items.

20   *Id.*

21

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 6
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 7

On the other hand, ACE obtained a preliminary injunction against some of the items listed in its First Amended Complaint (e.g., baseball cap, totem box, knit watch cap), but also against completely different items which are *not* found anywhere in ACE's First Amended Complaint (e.g., gold vial key chain, polystone totem poles, Alaska mug box, panoramic photo album, bean bag eagle, bean bag moose, and plush "huskies in a basket").

In other words, ACE has complained of one group of items, obtained an injunction against another group of items, but has failed to describe anywhere exactly what items it accuses Roth of "knocking off." All we know is that ACE contends that "approximately 50" Roth products are "deceptively similar to products offered by Arctic Circle."

ACE cannot be prejudiced by Roth's sincere effort to resolve all of the alleged infringement issues between the parties, when ACE has yet to even define what it considers infringed. Roth respectfully urges this Court to find her amendment in the interests of justice.

**C.    Roth Wishes to Drop Her "Outrage" Claim In Order To Streamline The Proceedings.**

Roth's existing counterclaim for Alaska common law "Outrage" is a distraction from the more important legal issues involved in analyzing the parties' respective intellectual property rights. Roth wishes to drop this cause of action and proceed to a determination of the parties' intellectual property rights.

---

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 7
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 8

**D.   ACE Should Not Object To Roth's Amendment**

    *1.   ACE must amend its own pleadings or face dismissal of its primary causes of action.*

Aside from ACE's allegations of breach of contract, which Roth strenuously denies, and infringement of a registered trademark, ACE's rights in which are so narrow as to preclude a finding of infringement by Roth, the remainder of ACE's allegations against Roth mainly devolve into so-called "knocking off" of product designs.

There is no legally cognizable action for "knocking off." So-called "knocking off" is not recognized in the federal or Alaska state law of unfair competition, and it is not recognized under the federal Lanham Act. The only cause of action that could possibly be derived from ACE's pleadings would be for infringement of ACE's unregistered "trade dress." ACE cannot claim trade dress rights unless ACE first meets its burden of proving "secondary meaning" in the alleged trade dress. ACE's pleadings make no mention of trade dress, fail to even allege secondary meaning, and pay no heed whatsoever to the controlling United States Supreme Court case of *Wal-Mart Stores, Inc. v. Samara Brothers, supra.*

If ACE fails to amend its pleadings, ACE faces dismissal of its primary causes of action. Out of an abundance of caution, by separate pleading, Roth will shortly be moving for dismissal of all of ACE's "trade dress" claims.

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 8
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 9

1

2.    *If Roth cannot amend, she has no choice but to file a separate*
      *action.*

2

3    If Roth is not permitted to amend, she has no choice but to file a separate action to

4    preserve her rights. This is not Roth's preference. Parallel proceedings would be an

5    unnecessary strain on this Court's resources.

6    Disallowing Roth's amendment would inconvenience the Court and all of the

7    parties to this action. It would also create a scenario where there are two parallel actions

8    all arising out of the same operative facts, which would be doubly burdensome to the

9    parties and the Court, and ACE's primary causes of action are subject to dismissal as a

10    matter of law.

11    ### III.    CONCLUSION

12    Accordingly, Roth respectfully moves this Court for an Order allowing her to

13    amend her Answer, Affirmative Defenses and Counterclaims, pursuant to Rule 15(a) of

14    the Federal Rules of Civil Procedure to assert a newly-discovered copyright infringement

15    cause of action against ACE, seek a declaratory judgment of trademark and trade dress

16    non-infringement and invalidity of ACE's registered trademark, "ALASKAN FRIENDS,"

17    and to drop her counterclaim for Alaska common law "Outrage."

18    Allowing Roth to amend her Counterclaims is consistent with the interests of

19    justice, is necessary to address newly-discovered facts; and may lead to an early

20

21

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 9
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 10

1    resolution of this matter. If Roth's Motion to Amend is granted, Roth will not object to

2    ACE amending its pleadings to conform with the law.

3         DATED this 23rd day of September, 2004.

5                          **CARNEY BADLEY SPELLMAN, P.S.**

7                  By _Erin B. Marston_
                      Kenneth S. Kagan

8                          Washington State Bar No. 12983

9                          **MARSTON & COLE, P.C.**

11                 By _Erin B. Marston_
                      Erin B. Marston

12                         Alaska State Bar No. 8511177

13                 Attorneys for Defendants Sandy Roth,
              Tandem Imports, Inc. and Keystar

14                 International, Ltd.

16   **Certificate of Service**

17   I HEREBY CERTIFY that on the 23rd day
of September, 2004, a true and correct copy of the
foregoing document was hand-delivered via legal
messenger for service on:

19   Bruce A. Bookman
Bookman & Helm, LLP
810 "N" Street, #200

20   Anchorage, AK 99501

21   _Erin B. Marston_

DEFENDANTS ROTH AND
TANDEM'S MOTION TO AMEND
ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS – 10
A03-139 CV (JWS)
rot004 0001 fi233302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 11

LODGED

SEP 2 3 2004

The Honorable J. W. Sedwick

1   Kenneth S. Kagan
    Carney Badley Spellman, P.S.
2   700 Fifth Avenue, #5800
    Seattle, WA 98104-5017
3   Telephone:   (206) 622-8020
    Facsimile:   (206) 622-8983
4
5   Attorneys for Sandy Roth; Tandem Imports, Inc.
    and Keystar International, Ltd.

6

7                   **IN THE UNITED STATES DISTRICT COURT**
                       **FOR THE  DISTRICT OF ALASKA**

8

9   ARCTIC CIRCLE ENTERPRISES, INC.,

10                  Plaintiff,

11          vs.

12  SANDY ROTH and TANDEM
    IMPORTS, INC., a Washington
13  Corporation, and KEYSTAR
    INTERNATIONAL, LTD.,
14
                    Defendants.
15                                            Case No. A03-139 CV (JWS)

16  <u>**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND**</u>
                        <u>**COUNTERCLAIMS**</u>
17
18          COME NOW Defendants/Counterclaimants Sandy Roth ("Roth") and Tandem

19  Imports, Inc., a Washington Corporation ("Tandem") and hereby amend their Answer to

20  Plaintiff's First Amended Complaint and submit their amended Affirmative Defenses and

21  amended Counterclaims as follows:

---

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 1
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 12

## PARTIES

1.    Roth and Tandem are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the First Amended Complaint, and therefore deny the same.

2.    Roth and Tandem admit that Tandem is a Washington corporation doing business in Alaska, that Roth is a resident of the State of Washington, and that both Roth and Tandem are engaged in trade and commerce in Alaska.  Roth and Tandem admit that Defendant Lawrence H. Press ("Press") is a Vermont resident.  The remainder of the allegations in this paragraph are denied.

## JURISDICTION AND VENUE

3.    Roth and Tandem deny that the allegations in Plaintiff's First Amended Compliant are sufficient to state a cause of action for violation of any trademark or trade dress rights, because Plaintiff Arctic Circle failed to allege facts sufficient to establish that any of its products have acquired secondary meaning, as required by *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 120 S. Ct. 1339 (2000).  With respect to the remaining allegations in this paragraph, Roth and Tandem admit only that Arctic Circle is seeking relief on the causes of action listed therein.

4.    Admitted.

5.    Admitted.

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 2
A03-139 CV (JWS)

rot004 0001 fil03302 9/23/04

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 13

## FACTS COMMON TO ALL COUNTS

6.  Admitted that Arctic Circle Enterprises, Inc. ("ACE") imports tourist goods and souvenirs for sale through retailers in Alaska and the Pacific Northwest. Roth and Tandem are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and they are therefore denied.

7.  Roth and Tandem are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

8.  Roth and Tandem are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

9.  Roth and Tandem admit that Roth was hired by ACE on or about January 11, 2000 at an annual salary of $70,000. As to the terms of the Employment Contract and Non-Compete Agreement, those documents speak for themselves. To the extent the remaining allegations contradict or are inconsistent with the Employment Contract and/or the Non-Compete Agreement contained therein, they are denied. Roth and Tandem admit that Exhibit A is a true and correct copy of the Employment Agreement between Roth and ACE.

10.  Denied.

11.  Admitted.

12.  Denied.

13.  Denied.

14.  Denied.

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 3
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 14

1    15.    Denied.

2    16.    Denied.

3    17.    Denied.

4    18.    Denied.

5    19.    Denied.

6    20.    Denied.

7    21.    Denied.

8    22.    Denied.

9    ## COUNT I

10    ## FEDERAL TRADEMARK INFRINGEMENT

11    23.    Roth and Tandem repeat their answers contained in paragraphs 1 through

12    22 above and incorporate them here by reference.

13    24.    Denied.

14    ## COUNT II

15    ## FEDERAL UNFAIR COMPETITION

16    25.    Roth and Tandem repeat their answers contained in Paragraphs 1 through

17    22 above and incorporate them here by reference.

18    26.    Denied.

19

20

21

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 4
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**

**BADLEY**

**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 15

1

2

## COUNT III

## UNFAIR COMPETITION UNDER ALASKA LAW

3

27.    Roth and Tandem repeat their answers contained in Paragraphs 1 through

4

22 above and incorporate them here by reference.

5

28.    Denied.

6

## COUNT IV

7

## BREACH OF CONTRACT

8

29.    Roth and Tandem repeat their answers contained in Paragraphs 1 through

9

22 above and incorporate them here by reference.

10

30.    Denied.

11

31.    Denied.

12

32.    Denied.

13

## COUNT V

14

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC

15

## ADVANTAGE

16

17

33.    Roth and Tandem repeat their answers contained in Paragraphs 1 through

22 above and incorporate them here by reference.

18

34.    Denied.

19

35.    Denied.

20

21

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 5
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 16

## COUNT VI

## INTENTIONAL MISREPRESENTATION

36.    Roth and Tandem repeat their answers contained in Paragraphs 1 through 22 above and incorporate them here by reference.

37.    Denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

3.    Plaintiff's claims are barred by the doctrine of unclean hands.

4.    Plaintiff's damages, if any, are the result of its own actions or the actions of third parties over which defendants had no control.

5.    Plaintiff's breach of contract claims are barred by the doctrine of accord and satisfaction.

6.    Plaintiff's breach of contract claims are barred because the underlying contract is void for failure of consideration.

7.    Plaintiff's causes of action for federal trademark infringement, federal unfair competition, unfair competition under Alaska law, breach of contract, intentional interference with prospective economic advantage, and intentional misrepresentation are barred by the applicable statutes of limitations.

8.    Plaintiff has failed to state a cause of action for violation of any federal or state trademark or trade dress rights, because Plaintiff failed to allege facts in its

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 6
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 17

1  complaint sufficient to establish that any of Plaintiff's products have acquired secondary

2  meaning, as required by *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205,

3  120 S. Ct. 1339 (2000).

4       9.    Plaintiff has failed to state a cause of action for violation of any federal or

5  state trademark or trade dress rights, or for violation of federal or state unfair competition

6  law, because Plaintiff possesses no actionable rights in any of the designs it accuses Roth

7  and Tandem of infringing, or misappropriating.

8       10.    To the extent Plaintiff seeks to assert any claims in copyright, those claims

9  are barred by Plaintiff's failure to secure copyright registrations prior to filing suit, in

10  accordance with 17 U.S.C. § 411(a).

11       11.    Plaintiff's alleged trademark "ALASKAN FRIENDS" is invalid,

12  unenforceable, and not infringed upon by Roth or Tandem.

13

14  ### ROTH AND TANDEM'S COUNTERCLAIMS

15  ### FACTS

16  **A.   RELATIONSHIP BETWEEN SANDY ROTH, TANDEM IMPORTS,**

17       **KEYSTAR INTERNATIONAL, AND HVAR**

18       1.    Sandy Roth ("Roth") is the Secretary-Treasurer of Tandem Imports, Inc.

19  ("Tandem"), a Washington corporation.

20       2.    Tandem is wholly owned by Keystar International, Ltd. ("Keystar").

21

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 7
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 18

3.    The only connection between Keystar International and a company known as Hvar, which is based in Hong Kong, is that some of the same individuals who hold shares of Keystar also hold shares of Hvar. Otherwise, their boards are different and completely independent.

**B.    ROTH'S BACKGROUND**

4.    Roth was born in the city of Tainan in Taiwan, Republic of China.

5.    Roth is a native speaker of Mandarin Chinese.

6.    Mandarin Chinese is the language used in all business transactions in Taiwan, Hong Kong and the People's Republic of China.

7.    Roth was an exporter on the island of Taiwan until 1978, when she immigrated to the United States.

**C.    INDIAN ARTS AND CRAFTS AND SUCCESSOR COMPANIES**

8.    Indian Arts and Crafts ("IAAC") was established in 1946 by Walter Lowen.

9.    IAAC was subsequently owned and operated by Walter Lowen's son, Howard Lowen.

10.    Howard Lowen was Roth's domestic partner.

11.    IAAC was a company engaged in sales of domestic and imported souvenir items for the Northwest region, including Washington, Oregon, Idaho, Montana, Utah, and Alaska.

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 8
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 9

1    12.    From 1985 through 1995, IAAC was the dominant souvenir item

2 wholesaler in the Southeast Alaska region.

3    13.    Many of the major tourist-oriented ports were located in the Southeast

4 Alaska region.

5    14.    IAAC was a prolific designer of native-American-themed products. From

6 1946 until its sale in 1995, IAAC created more than 3,000 original designs (the "IAAC

7 designs"), most of which were for the Alaska souvenir market. Some of these original

8 designs included the following:

9

| IAAC Catalog No. | Description | Year First Offered |
|---|---|---|
| 6605 | Plush baby seal | 1994 |
| 6868 | Ceramic cobalt blue "Big Dipper" design mug | 1994 |
| 20083 | Porcelain Eskimo doll | 1994 |
| 5252 | Acrylic knit Alaska headband | 1992 |
| 5727 | Ceramic seal bank with "Forget-Me-Not" design | 1994 |
| 6904 | Wood Alaska cruise ornament | 1993 |
| 6757 | "Big Dipper" design playing cards | 1993 |

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 9
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 20

| 21273, 21274, 21275, 21276, 21277 | Polyresin Xmas Ornaments (seal, puffin, eagle, polar bear, moose with wreath) | 1995 |
|---|---|---|

15.    In 1995, IAAC sold its entire right, title and interest in and to the IAAC designs and intellectual property rights therein to Vaughn Communications. Vaughn Communications produced its own, extensive catalogs of Alaska souvenir items. Among the offerings in the Vaughn Communications catalogs were the following:

| Vaughn Comm. Catalog No. | Description | Year First Offered |
|---|---|---|
| 21342 | Porcelain Eskimo doll with stranded beads | 1996 |
| 21345 | 18" porcelain Eskimo doll with braided hair | 1995 |
| 21986 | Moose head/butt mug | 1996 |
| 22038 | 3" colored totem box | 1996 |
| 22039 | 4" colored totem box | 1996 |
| 21828 | 10" plush husky | 1996 |
| 21977 | Polyresin moose candle holder | 1996 |
| 21980 | Polyresin 2 seals candle holder | 1996 |
| 21940 | Polyresin polar bear with wreath ornament | 1996 |

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 10
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 21

16.    In 1998, Vaughn Communications sold its entire right, title and interest in and to all of its designs, including the IAAC designs, and all intellectual property therein, to Gift Connections, Inc. Gift Connections produced its own catalogs. In addition, Gift Connections, Inc. secured copyright registrations for several of its designs, including the following:

| © Reg. No. | Description | Year | Author | Cat. No. |
|---|---|---|---|---|
| VA1-044-967 | AK moose mug | 1998 | Gift Connections, Inc. | 22516 |
| VA1-050-297 | Eskimo doll with baby | 1995 | Gift Connections, Inc. | 21809 |
| VA1-050-298 | Eskimo doll with husky | 1995 | Gift Connections, Inc. | 21811 |
| VA1-050-299 | Porcelain Eskimo doll | 1996 | Gift Connections, Inc. | 21342 |
| VA1-050-300 | Eskimo drummer | 1995 | Gift Connections, Inc. | 21055 |
| VA1-050-301 | Wildlife Rookery Collection | 1998 | Gift Connections, Inc. | 22405 |
| VA1-060-313 | Polyresin magnet, AK eagle with totemic border | 1998 | Gift Connections, Inc. | 22367 |

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 11
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 22

*See* Gift Connections, Inc. copyright registrations, attached hereto.

17.    In 2001, Gift Connections, Inc. sold its entire right, title and interest in and to all of its designs, including the IAAC designs, and all intellectual property therein, to Great Northern. Great Northern produced its own catalogs of Alaska souvenir items.

18.    In 2002, Great Northern sold its entire right, title and interest in and to all of its designs (the "Great Northern designs"), which included the IAAC designs, and all intellectual property therein, to a group of individuals comprised of Steve Hogberg, David Coates, and Kathy Fleenor. As a result of this sale, Steve Hogberg, David Coates, and Kathy Fleenor received an undivided interest in the Great Northern and IAAC designs and related intellectual property rights.

19.    In January, 2003, Steve Hogberg, David Coates, and Kathy Fleenor, collectively, sold a twenty-five percent (25%) stake of their entire right, title and interest in and to the Great Northern and IAAC designs and related intellectual property rights to Sandy Roth.

20.    As a twenty-five percent (25%) owner of the Great Northern and IAAC designs and related intellectual property rights, Roth is entitled to enforce those intellectual property rights, including trademarks, trade dress rights, and copyrights, now collectively owned by Steve Hogberg, David Coates, Kathy Fleenor, and Roth.

21.    Among the intellectual property rights assertable by Roth are the registered copyrights of Gift Connections set forth in paragraph 16, *supra*.

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 12
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 23

**D.    ROTH'S EMPLOYMENT AT INDIAN ARTS AND CRAFTS:**

**1985 - 1995**

22.    From 1985 through 1995, Roth was employed by IAAC in a variety of roles: principal sales representative, import manager, art director, accounts representative, product developer, and designer.

23.    During her employment with IAAC, Roth established import contacts, developed relationships with suppliers, designers, and other import-related individuals.

24.    Roth was one of the first persons to develop an extensive souvenir import business from Taiwan and mainland China for items to be sold in the Northwest and Alaska.

25.    Roth's language skills, and personal contacts have made her uniquely suited to, and successful in, the souvenir import business from Asia to the Northwest.

**E.    ROTH'S EMPLOYMENT WITH ARCTIC CIRCLE:**

**February 1-November 30, 2000**

26.    Roth was employed by ACE for less than a year; in fact, for only ten months.

27.    Generally speaking, Roth was not given access to confidential business information of ACE or to confidential knowledge of its designs, costs, pricing, suppliers, customers, or sales data. She was, however, provided with the same price lists and catalogs offered to each sales representative and ACE customer, and did meet some

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 13
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 24

1  suppliers while accompanying Mitchell Godfred on a sales trip to Asia in approximately

2  February, 2000.

3      28.    ACE used Roth to gain access to the very designs, suppliers, and customers

4  (with whom she had worked while she was employed by IAAC), the right to which

5  contacts it now claims to be its property alone.

6      29.    While employed by ACE, Roth was instructed by her supervisors to copy

7  other suppliers' designs.

8  **F.    ROTH'S TERMINATION OF HER EMPLOYMENT WITH ARCTIC**

9  **    CIRCLE**

10      30.    On November 14, 2000, Roth informed Arctic Circle of her intent to resign

11  effective November 30, 2000.

12      31.    Upon learning of Roth's resignation, Nick Goulick, sales representative for

13  ACE, thanked Roth profusely for her contribution to the burgeoning success of ACE and

14  its huge increases in sales as well as its new product line.

15      32.    Roth had been primarily and directly responsible for the increase in sales

16  and the new product line, which included such items as porcelain Eskimo dolls, Christmas

17  ornaments, and plush toys.

18  **G.    THE NON-COMPETE PERIOD IN ROTH'S EMPLOYMENT**

19  **    AGREEMENT**

20

21

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 14
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 25

33.    After terminating her employment with ACE, Roth followed each and every detail of her Employment Agreement with ACE to the letter, even when she eventually became employed by Tandem.

34.    Roth made no retail sales, imports, developments or anything remotely to be considered as competitive with ACE during the non-compete period established in her employment contract with ACE.

35.    Roth did not directly or indirectly solicit requests, encourage or advise any employer or consultant of ACE to cease employment or their relationship with ACE, or to become employed by her or by any entity with which she was affiliated.

36.    Roth did not solicit or encourage any customer, distributor, partner, joint venturer, vendor, or supplier of ACE to either cease doing business with ACE or to begin doing business with a competitor of ACE.

37.    Roth worked for a bank during most of the two-year non-compete period, until the middle part of 2002.

38.    Because Roth strictly complied with her contractual obligations under the non-compete agreement, ACE's contract claims against Roth are barred by the doctrine of accord and satisfaction.

## H.    EVENTS SUBSEQUENT TO THE EXPIRATION OF THE NON-COMPETE PERIOD

39.    When Roth's non-complete period ended, Mitchell Godfred, President of ACE, requested that Roth either come back to work for ACE as an independent consultant

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 15
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 26

1   or, in the alternative, that she extend the original non-compete time period in her former

2   Employment Agreement with ACE in exchange for monetary compensation. Mitchell

3   Godfred told her, in fact, "You could sit in the bank and get two paychecks."

4        40.    Mitchell Godfred called Roth at least every other month at her home in

5   Seattle to entice or cajole her into rejoining ACE, or, alternatively, into contracting with

6   ACE for a two year extension of the non-compete clause under the former satisfied and

7   expired contract.

8   **I.    ARCTIC CIRCLE'S THREATS**

9        41.    When Roth politely declined ACE's offers, Gordon and Mitchell Godfred,

10   and other employees or agents of ACE, began to threaten to prevent her from doing

11   business on her own, through Tandem, or through anyone else.

12        42.    Mitchell Godfred called Roth four times in four months at her home in

13   Seattle and threatened to put "her" out of business, stating, among other things, that they

14   would "do whatever it took" and that they were bigger, had more money and would

15   simply put her out of business through "endless lawsuits."

16        43.    On or about May 12, 2003, Mitchell Godfred called Roth and threatened to

17   file a lawsuit if Roth did not pay him twenty percent (20%) of the value of Tandem's

18   wholesale business.

19        44.    When Roth refused to pay this money, he warned her/Tandem to stay out of

20   the Alaskan market and told Roth to "go back to work in the bank."

21

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 16
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 27

45.    At the January 2003 Seattle Gift Show, Gordon and Mitchell Godfred stated to Roth that ACE would do everything it could to keep any new or further competition out of the Alaskan market, which ACE considered to be its alone. Gordon Godfred told her, "We'll undercut you and find out who you sell to and then we'll underprice you and you'll not last more than 6 months. We're able to lose money, but can you?"

46.    ACE continues to threaten Roth, Tandem, and their suppliers (including Keystar, which is its own supplier and the owner of Tandem, Inc.) with intentional destruction of those entities' businesses.

47.    ACE has made similar threats to other wholesalers or importers in the souvenir business in Alaska. Roth and Tandem believe that these entities will come forward in support of her counter-suit against ACE for unfair business practices and restraint of trade.

## J.    ARCTIC CIRCLE'S ALLEGATIONS REGARDING ROTH'S AND TANDEM'S BUSINESS PRACTICES

48.    ACE alleges that Roth and Tandem have (a) "knocked off" numerous items within ACE's product line, (b) communicated with ACE's suppliers and business contacts in a manner that constitutes unfair business practices, and (c) infringed on ACE's registered trademark.

*a.    Arctic Circle's Allegations of "Knocking Off"*

49.    ACE has failed to plead any recognizable intellectual property rights.

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 17
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 28

50.    Absent any rights in the designs, trade dress or marks that ACE alleges are infringed by Roth and Tandem, there can be no infringement, i.e., no "knocking off."

51.    It is a fundamental principle of intellectual property law that there can be no misappropriation of rights where no rights exist.

52.    The general rule in American law is that copying is permitted. *See*, e.g., J. Thomas McCarthy, *MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION* § 1:2 (4th ed. 1992).

53.    *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 121 S. Ct. 1255, 1260 (2001) is controlling precedent on this Court.

54.    The *TrafFix* Court held that, "[I]n many instances there is no prohibition against copying goods and products. In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying... [C]opying is not always discouraged or disfavored by the laws which preserve our competitive economy... Allowing competitors to copy will have salutary effects in many instances." *Id.*

55.    *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 120 S. Ct. 1339 (2000) is controlling precedent on this Court.

56.    The *Wal-Mart* Court held that "in an action for infringement of unregistered trade dress under § 43(a) of the Lanham Act, a product's design is distinctive, and therefore protectable, ***only upon a showing of secondary meaning***." *Id.* at 215 (emphasis supplied).

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 18
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 29

57.    It would be reversible error for this Court to find infringement of unregistered trade dress absent a showing of secondary meaning.

58.    Counsel for ACE would be in violation of the Canons of Ethics applicable to Alaska attorneys if such counsel were to advocate that infringement of unregistered trade dress is actionable absent a showing of secondary meaning.

59.    In its First Amended Complaint, ACE failed to allege secondary meaning with respect to any of the designs allegedly "knocked off," that is to say, infringed, by items sold by Roth and Tandem.

60.    Absent Roth or Tandem's infringement of any valid and enforceable intellectual property rights owned by ACE, there can be no "knocking off" of ACE's designs.

61.    "Knocking off" is not a cause of action that exists separate and apart from infringement of a valid and enforceable intellectual property right.

62.    As such, neither Roth nor Tandem have ever "knocked off" any design originally produced by ACE.

63.    Any similarity that exists between designs offered by ACE and designs offered by Roth and Tandem is not actionable by ACE.

64.    Many of the designs that ACE alleges Roth and Tandem have "knocked off" are available in the open market, and thus ACE is incapable of possessing enforceable rights as to them.

DEFENDANTS' AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS – 19
A03-139 CV (JWS)

rot004 0001 fi103302 9/23/04

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 6 Page 30