# EXHIBIT 7

Exhibit 7 Page 1

Bruce A. Bookman, Esq.
BOOKMAN & HELM, LLP
810 N. Street, Suite 200
Anchorage, Alaska 99501
Telephone:  (907) 265-5793
Facsimile:  (907) 279-4851

Attorneys for Plaintiff and Counterclaim Defendant
Arctic Circle Enterprises, Inc.

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, INC.,      ) | |
|          Plaintiff,                  ) | |
| vs.                                  ) | |
| SANDY ROTH and TANDEM IMPORTS, INC., ) | |
| a WASHINGTON CORPORATION,        ) | |
| LAWRENCE H. PRESS d/b/a PIERCE       ) | |
| DISTRIBUTORS, KEYSTAR             ) | |
| INTERNATIONAL LIMITED,            ) | |
|                                      ) | |
|          Defendants.               ) | Case No. A03-139 CV (JWS) |
| SANDY ROTH and TANDEM IMPORTS, INC., ) | |
| a Washington Corporation,           ) | |
|          Counterclaim Plaintiffs,     ) | |
| vs.                                  ) | |
| ARCTIC CIRCLE ENTERPRISES, INC.,      ) | |
|          Counterclaim Defendant.    ) | |

**BOOKMAN & HELM, LLP**
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Exhibit 7 Page 2

Plaintiff moves for an order directing defendant Roth and her customers, David Coates and Sallie Reeder to show cause why they should not be held in contempt of court for violating the court's preliminary injunction, and for damages to the plaintiff including the profits from violating the order, the costs of making this motion, including attorneys' fees, an injunction prohibiting further violation of the order and other relief as the Court may deem appropriate.

On October 27, 2003, the Court entered a preliminary injunction enjoining the defendants, their agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them from, among other things, selling certain listed items and from selling any plush animals with cards, tags, labels or packaging using the phrase "Alaska Frontier Friends." David Coates through four of his stores and Sallie Reeder through a store she owns in Skagway have violated and continue to violate the specific terms of the preliminary injunction.

### Statement of Facts

Plaintiff moved for the issuance of a preliminary injunction in order to prohibit defendants and all those acting in concert with them from selling certain items and from infringing on plaintiff's registered trademark "Alaska Friends." After considering defendant's opposition, the court granted plaintiff's motion on August 15, 2003, issuing a 10-page written decision. In the opinion, the court ruled that defendants should be enjoined from use of their "Frontier Alaska Friends" tag. Plaintiff's counsel sent copies of the written decision to various retailers who were known to be selling defendants' infringing goods. Plaintiff then posted bond and submitted a form of preliminary injunction, which was signed by the court on October 27, 2003. The terms of the preliminary injunction were specific and clearly stated.

The injunction issued by the court enjoined the defendants and all persons in active concert or participation with the defendants

PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 2 of 8

Exhibit 7 Page 3

**BOOKMAN & HELM, LLP**
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

1.    from manufacturing, importing, taking customer orders for and/or selling the following items including any items deceptively similar to these items:

. . .

Alaska mug box UPC#8-01283-061470

. . .

Baseball caps with circle design on brim similar to Arctic Circle's;

. . .

3.    from manufacturing, importing, taking customer orders for and/or selling any plush animals with cards, tags, labels or packaging using the phrase "Alaska Frontier Friends;"

After the preliminary injunction was executed by the court, the defendants asked for and received permission to file objections to the form of the preliminary injunction. In the materials submitted by defendants, was the September 14, 2003, affidavit of David L. Coates, who is Sandy Roth's "very close family friend" and her largest customer, and who owns Dockside Trading, Ketchikan Mining Co., the Outlet Store, Explore Alaska, and Skagway Mining Co.[1]  Mr. Coates stated in his affidavit that he had reviewed the complaint in this case and the Affidavit of Mitchell Godfred submitted in support of the motion for preliminary injunction. Another close friend and customer of defendants', Sallie Reeder, submitted her affidavit in opposition to the form of preliminary injunction. According to her affidavit, she is the owner of Keller Trading Co. After considering the affidavits of Mr. Coates and Ms. Reeder and the objections of the defendants to the

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

---

[1]    Deposition of Sandy Roth at 33,63 and 203. It was Mr. Coates who urged Ms. Roth to go back into business in 2002. Deposition of Sandy Roth at 64.

PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)                Page 3 of 8

Exhibit 7 Page 4

form of preliminary injunction, the court decided on November 14, 2003, to let the existing October 27, 2003, remain in effect as written.

Mr Coates was first informed of the court's decision granting the motion for a preliminary injunction by a letter dated August 26, 2003, from plaintiff's counsel.[2] Ms. Roth attached a copy of this letter to her Declaration in Support of the Objections to Preliminary Injunction Order, dated November 3, 2003. Since a copy of the Coates letter was not sent to Ms. Roth, she must have obtained a copy of it from Mr. Coates. On May 17, 2004, Mr. Coates was questioned at his deposition about his knowledge of the preliminary injunction, and he did not recall seeing the actual document and claimed that he did not always get his mail.[3] However, Mr. Coates admitted that Ms. Roth discussed the injunction with him in the fall of 2003 and told him there were certain items she could not sell.[4] In her deposition of May 20, 2004, Ms. Roth confirmed that she discussed the injunction with Mr. Coates in the fall of 2003 and that he got a copy.[5] At that time, Mr. Coates suggested that Ms. Roth redesign the photo album she had sold in 2003 to avoid violating the injunction.[6] Mr. Coates admitted that Ms. Roth did not use the "Alaska Frontier Friends" tag in the 2004 season because "it was something she wasn't supposed to do."[7]

In May of 2004, plaintiff began to suspect that defendant and her retailers were ignoring the court's preliminary injunction. On May 26, 2004, (9 days after Mr. Coates' deposition) plaintiff

---

[2]  A copy of the letter with the returned receipt is attached as Exhibit 1.

[3]  Deposition of David Coates at 13, 16.

[4]  Deposition of David Coates at 14-15.

[5]  Deposition of Sandy Roth at 21, 76.

[6]  Deposition of Sandy Roth at 21.

[7]  Deposition of David Coates at 67.

PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 4 of 8

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Exhibit 7 Page 5

observed prohibited items being offered for sale at Mr. Coates' stores: The Outlet Store, Dockside Trading Co., Skagway Mining Co., and Explore Alaska in Ketchikan, Alaska, that violated the preliminary injunction. The preliminary injunction issued in this case specifically prohibited the sale of these items. Mr. Coates was and is violating the preliminary injunction by selling

A.    Baseball caps with a circle design similar to Arctic Circle's at Skagway Mining Company, Explore Alaska and Dockside Trading Co., Preliminary Injunction paragraph 1, last item, Affidavit of Godfred, paragraphs 4, 5 and 6,

B.    Plush animals with tags using the phrase "Alaska Frontier Friends" at Explore Alaska and at Dockside Trading Company, Preliminary Injunction, paragraph 3, Affidavit of Godfred, paragraphs 5 and 7

C.    Alaska mug boxes UPC #801283061470 at The Outlet Store, Preliminary Injunction, paragraph 1, first item on page 3, Affidavit of Godfred, paragraph 8.

Violations of the preliminary injunction were also observed on May 27, 2004 at Kellers Trading Company, owned by Ms. Reeder. Ms. Reeder has violated and continues to violate the preliminary injunction, because she is selling plush animals with tags using the phrase "Alaska Frontier Friends" at Kellers Trading Company. Preliminary Injunction paragraph 3. Affidavit of Mitchell Godfred, paragraph 3.

Ms. Roth considers Ms. Reeder to be almost a member of her family.[8] As a close personal friend of Ms. Roth, Ms. Reeder must have known of the injunction and should have been sent a copy of the Preliminary Injunction by Ms. Roth. Ms. Reeder submitted a declaration to defendant Roth which was used in Roth's objections to the Preliminary Injunction.

---

[8]    Deposition of Roth at 154.

PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 5 of 8

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Exhibit 7 Page 6

The Preliminary Injunction was addressed to the defendants, their agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them. Mr. Coates and Ms. Reeder as customers of Ms. Roth provided assistance to Ms. Roth in this suit. They are acting in concert and participating with Ms. Roth in this matter.

### Argument

This court has inherent power to enforce its orders though the civil contempt process. 11A Wright, Miller and Kane *Federal Practice and Procedure* ¶ 2960 (1995). Federal Rule of Civil Procedure Rule 71 allows enforcement of a preliminary injunction, such as this one, against a non party who violates the injunction. Citing *Walker v. City of Birmingham*, 388 U.S.307, 87 S.Ct. 1824 (1967), the Ninth Circuit stated, "...a person subject to an injunction must ordinarily obey it." *Irwin v. Mascott*, 2004 U.S.App.Lexis 10959 at 15 (9th Cir. 2004). There has been no appeal of the preliminary injunction.

The remedies available for civil contempt are meant to ensure future compliance with the court's order and intended to compensate for damages to plaintiff caused as a result of the violations. "Civil contempt sanctions, by contrast, are employed for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Plaintiff asks the court to measure the damages in this instance by the profits obtained by Ms. Reeder and Mr. Coates from the sale of the prohibited items. The Court may also impose a fine for any future violations of its preliminary injunction. *Arcadia Women's Health Center v. Operation Rescue*, 929 F.2d 530, 532 (9th Cir. 1991). Attorneys' fees incurred in seeking this relief are an appropriate form of damages under these circumstances. *Perry v. O'Donnell*, 759 F.2d 702 (9th Cir. 1985).

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 6 of 8

Exhibit 7 Page 7

## Conclusion

Plaintiff has made a prima facie showing that Ms. Roth, Mr. Coates and Ms. Reeder have violated the terms of the court's preliminary injunction.  Plaintiff has shown that the relief it is entitled to is

A.    An award of the profits made by Mr. Coates and Ms. Reeder as a result of their violations, based on an accounting,

B.    An order enjoining them from any future violations and imposing a fine for any future violations of the injunction, and

C.    An award of its actual attorneys' fees incurred in bringing this motion.

Based on plaintiff's showing, this court should issue an order to show cause requiring Mr. Coates and Ms. Reeder to appear before the court and show cause why they are not in contempt of court, and why plaintiff should not be granted the relief requested in this motion.

DATED at Anchorage, Alaska, this 18th day of June, 2004.

BOOKMAN & HELM, LLP

Attorneys for Plaintiff Arctic Circle Enterprises

By: _____
        Bruce A. Bookman
        Alaska Bar #6802002

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 7 of 8

Exhibit 7 Page 8

I HEREBY CERTIFY that on this 18th day
of June 2004, the foregoing document
was served by first-class mail, postage prepaid
on:

Kenneth S. Kagan
Carney Badley Spellman, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA  98104-5017

Erin B. Marston
Marston & Cole, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, AK  99501-2136

Lynda Hile

**BOOKMAN & HELM, LLP**
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)                    Page 8 of 8

Exhibit 7 Page 9

# EXHIBIT 8

Exhibit 8 Page 1

RECEIVED

JUL - 8 2004

MARSTON & COLE, P.C.

Bruce A. Bookman, Esq.
BOOKMAN & HELM, LLP
810 N. Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Attorneys for Plaintiff and Counterclaim Defendant
Arctic Circle Enterprises, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SANDY ROTH and TANDEM IMPORTS, INC., a WASHINGTON CORPORATION, LAWRENCE H. PRESS d/b/a PIERCE DISTRIBUTORS, KEYSTAR INTERNATIONAL LIMITED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| SANDY ROTH and TANDEM IMPORTS, INC., a Washington Corporation, <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> ARCTIC CIRCLE ENTERPRISES, INC., <br><br> Counterclaim Defendant. | ) ) ) ) ) ) ) ) ) ) |

Case No. A03-139 CV (JWS)

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

# ARCTIC CIRCLE ENTERPRISE'S REPLY

# IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE

Exhibit 8 Page 2

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Arctic Circle moved for an order directing defendant Roth and her customers, David Coates and Sallie Reeder to show cause why they should not be held in contempt of court for violating the court's preliminary injunction, and for damages to Arctic Circle including the profits from violating the order, the costs of making the motion, including attorneys' fees, an injunction prohibiting further violation of the order and other relief as the court may deem appropriate. Since the motion was filed Arctic Circle and Ms. Reeder have reached an agreement, and Arctic Circle no longer seeks any relief against Ms. Reeder. Arctic Circle continues to seek an Order to Show Cause directed to Ms. Roth and Mr. Coates.

Though no response to Arctic Circle's motion was required, Ms. Roth filed an early opposition[1] on behalf of herself and Mr. Coates, arguing that Arctic Circle's justification for the order was insufficient. Ms. Roth supported her opposition with the affidavit of Mr. Coates obtained by her attorney. Ms. Roth's and Mr. Coates' opposition is misplaced and the court should grant the order, requiring Ms. Roth and Mr. Coates to show why they should not be held in contempt of court.

Ms. Roth points out that Arctic Circle did not serve its motion on Mr. Coates nor upon his attorney.[2] However, Arctic Circle had no duty to serve Mr. Coates because he was not a party, and Arctic Circle did not know who his attorney was for this matter. Obviously, if and when the court signs the Order to Show Cause, Arctic Circle will serve the Order upon Mr. Coates.

---

[1]    Though labeled a "Response", Ms. Roth's pleading is clearly an opposition, thus allowing her the chance to oppose the motion twice.

[2]    Response at 3.

Exhibit 8 Page 3

## MR. COATES RECEIVED NOTICE OF THE INJUNCTION

For a number of reasons, the court must conclude that Mr. Coates was well aware of the preliminary injunction issued in this case.   Mr. Coates' connection with Mr. Roth's business actually precedes her sales of 2003. While Ms. Roth was still working at a bank, Mr. Coates called her to see if she was going to go back into business as an importer.[3]  In 2001, Mr. Coates asked Ms. Roth to be a partner in his Skagway store, but she declined.[4] Because of their close personal friendship. Ms. Roth visited with Mr. Coates at Christmas of 2002 at which time he urged her to go back into business for the 2003 season.[5] She didn't think there was time enough to start up in the 2003 season, and the reason she changed her mind was Mr. Coates.[6] If Mr. Coates hadn't called Ms. Roth in December, she would not have gone back into business at that time, but he provided her with enough orders to make it worth her while (approximately $770,000).[7]  Mr. Coates told Ms. Roth that he had purchased the rights to the old Indian Arts and Crafts's ("IAAC") designs, and he told Roth to go through an old IAAC catalog with him and pick out items she could sell to him.[8]  Ms. Roth claims that Mr. Coates sold her ½ of his rights to the IAAC designs for one dollar and

---

[3]      Roth deposition at 33.  The page citations to Ms. Roth's deposition are to the compressed version of the transcript, and these page numbers are shown on the extreme left side of the full version, which is the version submitted here with.

[4]      Roth deposition at 204.

[5]      Roth deposition at 57-58.

[6]      Roth deposition at 75-76.

[7]      Roth deposition at 119, 124, 203.

[8]      Roth deposition at 59, 62.  Arctic Circle maintains that IAAC was guilty of infringement on numerous items prior to it going out of business.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)                              Page 3 of 12

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Exhibit 8 Page 4

a hand shake.[9]  Mr. Coates was largely responsible for the design of the infringing photo album cover in 2003.[10]  Mr. Coates and Ms. Roth were such good friends that their business transactions were mostly oral, and Ms. Roth felt comfortable in destroying the records of her sales to Mr. Coates' stores because she didn't need them.[11]  When placing his orders, Mr. Coates informed Ms. Roth that he was also ordering merchandise from Arctic Circle for the 2003 season, because he wasn't sure she could satisfy all of his requirements in time.  He told Ms. Roth, " In case we have **duplicate inventory** we can use it up in two years."[12]  Thus, prior to Ms. Roth's reentry into the imported souvenir business, Mr. Coates knew that her products would likely "duplicate" the products of Arctic Circle.

Mr. Coates has been aware of Arctic Circle's claims in this case at lease since last Fall.  In the materials submitted by defendants to oppose the form of preliminary injunction, was the September 14, 2003, affidavit of Mr. Coates, who may be presumed to know why he was asked to supply such an affidavit.  Mr. Coates stated in his September 2003 affidavit that he had reviewed the complaint in this case and the Affidavit of Mitchell Godfred submitted in support of the motion for preliminary injunction.  Mr. Coates admitted at his deposition that Ms. Roth discussed the injunction with him in the fall of 2003 and told him there were certain items she could not sell.[13]  Ms. Roth confirmed that she discussed the

---

[9]     Deposition of Roth at 147-48, Mr. Coates seems to disagree claiming that he only licensed Ms. Roth to produce certain goods for him.

[10]    Deposition of Roth at 86.

[11]    Deposition of Roth at 63, 67, 147-48.

[12]    Deposition of Roth at 60.

[13]    Deposition of David Coates at 14-15.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 4 of 12

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Exhibit 8 Page 5

injunction with Mr. Coates in the fall of 2003 and that he got a copy.[14]   At that time, Mr. Coates suggested that Ms. Roth redesign the photo album she had sold in 2003 to avoid violating the injunction.[15]   Mr. Coates admitted that Ms. Roth did not use the "Alaska Frontier Friends" tag in the 2004 season because "it was something she wasn't supposed to do."[16]

In July 2003, Arctic Circle moved for the issuance of a preliminary injunction in order to prohibit defendants and all those acting in concert with them from selling certain items and from infringing on Arctic Circle's registered trademark "Alaska Friends." Ms. Roth and Mr. Coates do not dispute that Mr. Coates was sent a copy of the court's 10-page written decision on August 26, 2003. In the opinion which Mr. Coates received, the court ruled that the use of the "Frontier Alaska Friends" tag was likely an infringement of Arctic Circle's trademark and a deceptive business practice.[17] While the opinion of the court was followed by a more specific injunction, Mr. Coates has been on notice since August 2003, that use of the "Frontier Alaska Friends" tag was an infringement of Arctic Circle's trademark.

Ms. Roth's statement in her response that "there is absolutely no record that " Mr. Coates was "given actual notice of the preliminary injunction. . ."[18] Is a mistaken hyperbole. Mr. Coates has been following this litigation since last Fall and was personally aware of the court's ruling granting the injunction and forbidding the use of the "Frontier Alaska Friends"

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

[14]   Deposition of Sandy Roth at 182, 76.

[15]   Deposition of Sandy Roth at 48.

[16]   Deposition of David Coates at 67.

[17]   Opinion of August 15, 2003, Docket 20 at pages 7-8.

[18]   Response at 4.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 5 of 12

Exhibit 8 Page 6

tag. The preliminary injunction was addressed to the defendants, their agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them. Mr. Coates as Ms. Roth's major customer provided continued assistance to Ms. Roth in this suit. He is acting in concert and participating with Ms. Roth in this matter.[19]

## MS. ROTH WAS INVOLVED IN MR. COATES' VIOLATIONS

It is clear from the depositions that Ms. Roth and Mr. Coates, her largest customer, planned the products for the 2004 season just as they had planned the products for the 2003 season. They specifically discussed the court's preliminary injunction, and Mr. Coates was involved in the design of a photo album for 2004 that would not violate the injunction just as he had been involved in the earlier design that was enjoined.[20] Since in December 2003, Mr. Coates and Ms. Roth were discussing how to avoid violating the injunction, they must have discussed what to do with the tagged merchandise left over from the 2003 season. Given the very close relationship of the parties, the decision to leave the tags on the existing merchandise was very likely a mutual one. It appears highly likely that Ms. Roth violated the injunction by failing to take measures to have the tags removed from the existing merchandise.

Besides her direct conduct, Ms. Roth should be held accountable for Mr. Coates' actions because of the identity of their interests. "Courts have recognized that a non-party

---

[19]     He is also bound by the preliminary injunction based on the doctrine of virtual representation discussed below. *Martin v. Wilks*, 490 U.S. 755, 762 n.2, 104 L. Ed. 2d 835, 109 Sup. Ct. 2180(1989)("We have recognized an exception to the general rule [that "everyone should have his own day in court"] when, in certain limited circumstances, a person, although not a party, has his interests *adequately represented* by someone with the same interests who is a party.")(emphasis added). Ms. Roth vigorously opposed the preliminary injunction in this case.

[20]     Deposition of Roth at 48-49.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Exhibit 8 Page 7

may be bound if a party is so closely aligned with its interests as to be its "virtual representative." *United States v. ITT Rayonier*, 627 F. 2d 996, 1003 (9th Cir. 1980)(finding the state and federal government had the same interests in enforcement). "Courts are no longer bound by rigid definitions of parties or their privies for purposes of applying collateral estoppel or res judicata." *Jackson v. Hayakawa*, 605 F. 2d 1121, 1126 (9th Cir. 1979). The relationship between Mr. Coates and Ms. Roth is just as close as that of the grandmother and granddaughter both suing over injuries to a father presented in *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996).

Mr. Coates' interest in the preliminary injunction was and is identical to that of Ms. Roth's.[21] He ordered approximately $770,000 worth of her merchandise for 2003, and it was very important for him to resell the merchandise through his tourist shops. Both Ms. Roth and Mr. Coates bought and sold the same disputed goods in the chain of distribution. Any order finding that the merchandise cannot be sold affects Mr. Coates in the same way it affects Ms. Roth. Ms. Roth should not be allowed to escape the court's preliminary injunction because technical title to the goods may have passed to her business associate, who was involved in her business from the very start.

## ARCTIC CIRCLE'S FACTUAL BASIS

Both Ms. Roth and Mr. Coates appear to challenge the factual basis for Arctic Circle's Motion for Order to Show Cause, by suggesting that there were no prohibited tags in Mr. Coates' stores. They go on to allege that Arctic Circle has no similar baseball hat with a dipper in a circle on the brim. Both of these claims are false.

---

[21]    For example, in his current affidavit he claims that after his deposition he pulled $20,000 worth of merchandise from his shelves. Affidavit of David L. Coates paragraph 5, page 2.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Exhibit 8 Page 8

Ms. Roth's opposition goes on at great length about the fact that Mr. Godfred's affidavit was based on the knowledge of a person under his supervision. Arctic Circle admits that Mr. Godfred's affidavit was done that way to save time, and frankly it did not occur to Arctic Circle that anyone would dispute what the pictures attached to the affidavit indisputably show. To put the issue to rest, Arctic Circle is submitting herewith the affidavit of Robin Johnson-Page, who was the person who photographed and purchased the prohibited items.

Mr. Coates' affidavit states that "Exhibit 3 [of Godfred's Affidavit] does not show a tag reading "Alaska Frontier Friends, Quality Plush Animals," or any similar wording." [22] Mr. Coates goes on to state that "Exhibit 5 [of Godfred's Affidavit] does not show a tag reading "Alaska Frontier Friends, Quality Plush Animals," or any similar wording."[23] In spite of Mr. Coates' sworn affidavit, exhibits 3[24] and 5 to Mr. Godfred's affidavit clearly show the prohibited tags with the wording "Alaska Frontier Friends, Quality Plush Animals." The only explanation for Mr. Coates' statements, besides outright perjury, is that perhaps he was shown photocopies that did not show the tags clearly. It seems that

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

---

[22]    Affidavit of David L. Coates paragraph 15, page 4.

[23]    Affidavit of David L. Coates paragraph 21, page 4.

[24]    The tag is in the extreme right of the photo.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)                    Page 8 of 12

Exhibit 8 Page 9

before he disputed the contents of an exhibit in the court's file, he or counsel would check to be sure.

　　　　Mr. Coates states in his Affidavit

　　　　"I dispute any contention that on May 26, 2004 such a tag was on any item purchased from Explore Alaska on May 26, 2004."[24]

He continues his reckless allegations, by alleging

　　　　"I dispute any contention that such a tag was on any item purchased from Dockside Trading on May 26, 2004."[25]

Though Mr. Coates "disputes" that the tags were in his stores, he lacks the factual basis to dispute the affidavit of Ms. Johnson-Page. Mr. Coates claims he directed his managers to remove the tags and the prohibited goods at some unspecified time following his deposition on May 17, 2004.[26] He then states that on June 24, 2004, when he learned of the current motion, he personally checked his sales floors in Ketchikan and found no prohibited items other than a mug box.[27] Thus, Mr. Coates has no personal basis for

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone (907) 265-5793
Facsimile (907) 279-4851

---

[24]　　　Affidavit of David L. Coates paragraph 17, page 4.

[25]　　　Affidavit of David L. Coates paragraph 23, page 4.

[26]　　　Affidavit of David L. Coates paragraphs 2-4, page 2.

[27]　　　Affidavit of David L. Coates paragraphs 8,9, 16, and 22, pages 3-4.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No: A03-139 CV (JWS)　　　　　　Page 9 of 12

} Exhibit 8 Page 10

disputing that the items were in his stores on May 26, 2004, a month before his personal inspection. Ms. Roth makes the same misleading statement, saying she has been in Mr. Coates' stores at some unspecified time since the depositions and did not see the prohibited tags in use.[28] Without Ms. Roth specifying the date of her visits, her statement is meaningless. What Ms. Johnson-Page saw on May 26 was a wide spread use of the tags indicating no effort had been made to remove them.[29]

Finally, Mr. Coates and Ms. Roth claim that they know nothing about Arctic Circle's baseball hat with the dipper in the circle on the brim. Ms. Roth swears in her Declaration "... I am unaware that Arctic Circle has a baseball cap with a "circle design."[30] This statement cannot be reconciled with the pleadings in this case. The baseball cap was described in paragraph 7 of Mr. Godfred's November 10, 2003, affidavit submitted on the form of the injunction. Mr. Godfred alleged that Arctic Circle designed the brim of the hat and that Ms. Roth was selling a copy. The court's preliminary injunction on page 3 lists as a prohibited item "Baseball caps with circle design on brim similar to Arctic Circle." In light of the pleadings of this case, Ms. Roth's denial of all

---

[28]    Declaration of Roth paragraph 10, pages 3-4.

[29]    Affidavit of Robin Johnson-Page paragraphs 4, 8, pages 2-3.

[30]    Declaration of Roth paragraph 7, pages 3.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

Exhibit 8 Page 11

knowledge of the baseball cap is simply untrue. Her denial of knowledge of the cap is immaterial as well. The baseball cap is a part of the court's preliminary injunction which issued after extensive briefing. Ms. Roth cannot continue to dispute the terms of the preliminary injunction as a defense to enforcement of the injunction.

Mr. Coates similarly attempts to collaterally attack the preliminary injunction by stating that he is "unaware of any Arctic Circle "baseball cap with circle design on the brim."[31] He points to Arctic Circle's catalogs for 2003 and 2004. However Arctic Circle does not illustrate all of its products in each year's catalog. Arctic Circle has sold this item for a number of years according to Mr. Godfred.'s Second Affidavit submitted herewith.

## CONCLUSION

Arctic Circle has made a prima facie showing that Ms. Roth and Mr. Coates have violated the terms of the court's preliminary injunction. Based on Arctic Circle's showing, this court should issue an order to show cause requiring Mr. Coates and Ms. Roth to appear before the court and show cause why they are not in contempt of court, and why Arctic Circle should not be granted the relief requested in its motion.

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

---

[31]     Affidavit of David L. Coates at paragraph 11, page 3.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)          Page 11 of 12

Exhibit 8 Page 12

DATED at Anchorage, Alaska, this 7th day of July, 2004.

BOOKMAN & HELM, LLP
Attorneys for Arctic Circle Enterprises, Inc.

By: _____
Bruce A. Bookman
Alaska Bar #6802002

I HEREBY CERTIFY that on this 7th day
of July 2004, the foregoing document
was served by first-class mail, postage prepaid
on:

Kenneth S. Kagan
Carney Badley Spellman, P.S.
700 Fifth Avenue, Suite 5800
Seattle, WA   98104-5017

Erin B. Marston
Marston & Cole, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, AK   99501-2136

_____
Lynda M. Hile

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE
*Arctic Circle Enterprises Inc. v. Roth, et al.*
Case No. A03-139 CV (JWS)                    Page 12 of 12

Exhibit 8 Page 13