# Exhibit 17

Herbert A. Viergutz, Esq.
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Telephone: 276-8010
Facsimile: 276-5334

Attorneys for Sandy Roth; Tandem Imports, Inc.; and
Lawrence H. Press d/b/a Pierce Distributors

RECEIVED
9 - 26
BOOKMAN & HELM, LLP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| ARCTIC CIRCLE ENTERPRISES, INC., Plaintiff, v. SANDY ROTH and TANDEM IMPORTS, INC., a WASHINGTON CORPORATION, LAWRENCE H. PRESS d/b/a PIERCE DISTRIBUTORS, Defendants. | Case No: A03-139 Civil (JWS) |
|---|---|

## AMENDED ANSWER OF DEFENDANTS SANDY ROTH AND TANDEM IMPORTS, INC., AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 15, Defendants Sandy Roth ("Roth") and Tandem Imports, Inc., a Washington Corporation ("Tandem") submit their First Amended Answer of Defendants Sandy Roth and Tandem Imports, Inc., Affirmative Defenses and Counterclaims as follows:

### PARTIES

1.   Without knowledge, therefore denied.

2.   Roth and Tandem admit that Tandem is a Washington corporation doing business in Alaska and Defendant Sandy Roth is a resident of the state of Washington and that both are engaged in trade and commerce in Alaska. Roth and Tandem admit that Defendant

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

1

Ex. 17 - 2

Lawrence H. Press ("Press") is a Vermont resident. The remainder of the multiple allegations in this paragraph are denied.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Admitted.

## FACTS COMMON TO ALL COUNTS

6. Admitted that Arctic Circle Enterprises, Inc. ("Arctic Circle") imports tourist goods and souvenirs for sale through retailers in Alaska and the Pacific Northwest. Roth and Tandem are without sufficient knowledge to admit or deny the additional vague multiple allegations of this paragraph and they are therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Roth and Tandem admit that Roth was hired by Arctic Circle on or about January 11, 2000 at an annual salary of $70,000. As to the terms of the Employment Contract and Non-compete Agreement, those documents speak for themselves. To the extent the remaining allegations contradict or are inconsistent with the Employment Contract and/or the Non-compete Agreement contained therein, they are denied. Roth and Tandem admit that Exhibit A is a true and correct copy of the Employment Agreement between Roth and Arctic Circle.

10. Denied.

11. Admitted.

12. Denied.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

2

Ex. 17 - 3

13. Denied.
14. Denied.
15. Denied.
16. Denied.
17. Denied.
18. Denied.
19. Denied.
20. Denied.
21. Denied
22. Denied

## COUNT I.
## FEDERAL TRADEMARK INFRINGEMENT

23. Roth and Tandem repeat their answers contained in paragraphs 1 through 22 above and incorporate them here by reference.

24. Denied.

## COUNT II.
## FEDERAL UNFAIR COMPETITION

25. Roth and Tandem repeat their answers contained in Paragraphs 1 through 22 above and incorporate them here by reference.

26. Denied.

## COUNT III.
## UNFAIR COMPETITION UNDER ALASKA LAW

27. Roth and Tandem repeat their answers contained in Paragraphs 1 through 22 above and incorporate them here by reference.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

3

Ex. 17 - 4

28. Denied.

## COUNT IV.
## BREACH OF CONTRACT

29. Roth and Tandem repeat their answers contained in Paragraphs 1 through 22 above and incorporate them here by reference.

30. Denied.

31. Denied.

32. Denied.

## COUNT V.
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

33. Roth and Tandem repeat their answers contained in Paragraphs 1 through 22 above and incorporate them here by reference.

34. Denied.

35. Denied.

## COUNT VI.
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

36. Roth and Tandem repeat their answers contained in Paragraphs 1 through 22 above and incorporate them here by reference.

37. Denied

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

4

Ex. 17 - 5

4. Plaintiff's damages, if any, are the result of its own actions or the action of third parties over which defendants' had no control.

5. Plaintiff's breached its employment contract with Sandy Roth by using her employment to copy her designs.

6. Plaintiff has failed to perform conditions precedent to bring suit.

7. Plaintiff has failed to serve process upon defendant Tandem and upon defendant Roth in the manner and form required by law.

8. Plaintiff's damages, if any, are barred by the statute of limitations.

9. Defendants use only designs in the public domain, or designs that are their independent creations.

## COUNTERCLAIMS BY ROTH AND TANDEM IMPORTS, INC.

### FACTS

A. <u>RELATIONSHIP BETWEEN SANDY ROTH, TANDEM IMPORTS, KEYSTAR INTERNATIONAL, AND HVAR.</u>

1. Sandy Roth ("Roth") is the Secretary-Treasurer of Tandem Imports, Inc. ("Tandem"), a Washington corporation.

2. Tandem is wholly owned by Keystar International, Ltd. ("Keystar").

3. Keystar is a wholly owned subsidiary of Hvar, based in Hong Kong ("Hvar.")

B. <u>ROTH'S BACKGROUND.</u>

4. Roth was born in the city of Tainan in Taiwan, Republic of China.

5. Roth is a native speaker of Mandarin Chinese.

6. Mandarin Chinese is the language used in all business transactions in Taiwan, Hong Kong and the People's Republic of China.

7. Roth was an exporter on the island of Taiwan until 1978, when she immigrated to

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

5

Ex. 17 - 6

the United States.

C.   INDIAN ARTS AND CRAFTS.

8. Indian Arts and Crafts was established in 1946 by Walter Lowen.

9. Indian Arts and Crafts was subsequently owned and operated by Walter Lowen's son, Howard Lowen.

10. Howard Lowen was Roth's domestic partner.

11. Indian Arts and Crafts was a company engaged in sales of domestic and imported souvenir items for the Northwest region, including Washington, Oregon, Idaho, Montana, Utah, and Alaska.

12. From 1985 through 1995, Indian Arts and Crafts was the dominant wholesaler in the Southeast Alaska region.

13. Many of the major tourist oriented ports were located in the Southeast Alaska region.

D.   ROTH'S EMPLOYMENT AT INDIAN ARTS AND CRAFTS: 1985 - 1995.

14. From 1985 through 1995, Roth was employed by Indian Arts and Crafts in a variety of roles: principle sales representative, import manager, art director, accounts representative, product developer, and designer.

15. During her employment with Indian Arts and Crafts, Roth established import contacts, developed relationships with suppliers, designers, and other import-related individuals from that time forward.

16. Roth was one of the first persons to develop an extensive souvenir import business from Taiwan and mainland China for items to be sold in the Northwest and Alaska.

17. When Roth joined Indian Arts and Crafts in 1985, its gross sales were approximately

6

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

Ex. 17 - 7

2.5 million dollars US.

18. When Indian Arts and Crafts was sold in 1995, its gross sales were approximately 7.5 million dollars US.

19. Much of the increase in Indian Arts and Crafts' sales was due to Roth's efforts.

20. Roth's language skills, personal contacts, and ongoing avoidance of placing an inferior product in the marketplace, or using "knock off" designs, make her uniquely suited to, and successful in, the souvenir import business from China to the Northwest.

E. <u>ROTH'S EMPLOYMENT WITH ARCTIC CIRCLE: February 1 – December 1, 2000</u>.

21. Roth was employed by Arctic Circle Enterprises, Inc. ("Arctic Circle") for less than a year – eleven months.

22. Roth was not given access to confidential business information of Arctic Circle or to confidential knowledge of its designs, costs, pricing, suppliers, customers, or sales data.

23. Arctic Circle used Roth to gain access to the very designs, suppliers, and customers (with whom she had worked as an employee at Indian Arts and Crafts) the right to which contacts it now claims to be its property alone; Arctic Circle also instructed Roth and other artists to copy other suppliers' designs.

F. <u>ROTH'S TERMINATION OF HER EMPLOYMENT WITH ARCTIC CIRCLE</u>.

24. On November 14, 2000, Roth informed Arctic Circle of her intent to resign effective December 1, 2000.

25. Nick Goulick, sales representative for Arctic Circle, thanked her profusely for her contribution to the burgeoning success of Arctic Circle and its huge increases in sales as well as its new product line.

26. Roth had been primarily and directly responsible for the increase in sales and the

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

7

Ex. 17 - 8

new product line, which included such items as porcelain Eskimo dolls, Christmas ornaments, and plush toys.

G.     THE NON-COMPETE PERIOD IN ROTH'S EMPLOYMENT AGREEMENT.

27.     After terminating her employment with Arctic Circle Enterprises, Roth followed each and every detail of her Employment Agreement with Arctic Circle to the letter, even when she eventually became employed by Tandem.

28.     Roth made no retail sales, imports, developments or anything remotely to be considered as competitive with Arctic Circle during the non-compete period established in her employment contract with Arctic Circle Enterprises.

29.     Roth did not directly or indirectly solicit requests, encourage or advise any employer or consultant of Arctic Circle to cease employment or their relationship with Arctic Circle, or to become employed by her or by any entity with which she was affiliated.

30.     Roth did not solicit or encourage any customer, distributor, partner, joint venturer, vendor, or supplier of Arctic Circle to either cease doing business with Arctic Circle or to begin doing business with a competitor of Arctic Circle.

31.     Roth worked for a bank during the entire two-year non-compete period.

H.     AFTER THE NON-COMPETE PERIOD EXPIRED.

32.     At the time the non-complete period ended, Mitchell Godfred requested that Roth either come back to work for Arctic Circle as an independent consultant or, in the alternative, that she extend the original non-compete time period in her former Employment Agreement with Arctic Circle in exchange for monetary compensation.

33.     Mitchell Godfred called her every other month at home in Seattle to entice or cajole her into rejoining the company, or, alternatively, into contracting with them for a two year

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

extension of the non-compete clause under the former satisfied and expired contract.

I.   ARCTIC CIRCLE'S THREATS.

34.   When Roth politely refused Arctic Circle's offers, the Godfreds began to threaten to prevent her from doing business on her own or with Tandem.

35.   Mitchell Godfred called her four times in four months at her home in Seattle to threaten to put "her" out of business, stating, among other things, they would "do whatever it took" and that they were bigger, had more money and would simply put her out of business through "endless lawsuits."

36.   On May 12, 2003, Mitchell Godfred called Roth and threatened to file a lawsuit if Roth did not pay him twenty percent (20%) of the value of Tandem's wholesale business.

37.   When she refused, he warned her/Tandem to stay out of the Alaskan market and go back to work in the bank.

38.   At the January 2003 Seattle Gift Show, Gordon Godfred stated that Arctic Circle would do everything it could to keep any new or further competition out of the Alaskan market, which Arctic Circle considered to be it's alone.

39.   Arctic Circle continues to threaten Roth, Tandem, and their suppliers (including Keystar, which is its own supplier and the owner of Tandem, Inc.) with intentional destruction of those entities' businesses.

40.   Arctic Circle has made similar threats to other wholesalers or importers in the souvenir business in Alaska; Roth and Tandem believe that these entities will come forward in support of her countersuit against Arctic Circle for unfair business practices and restraint of trade.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

J.  ARCTIC CIRCLE'S ALLEGATIONS REGARDING ROTH'S AND TANDEM'S BUSINESS PRACTICES.

41. Arctic Circle alleges that Roth and Tandem have (a) "knocked off" Arctic Circle's product line, (b) communicated with Arctic Circle's suppliers and business contacts in a manner which constitutes unfair business practices, (c) infringed on Arctic Circle's trademark by deliberately confusing the public with Tandem's logo to make them believe that Tandem's products are connected with or the same as Arctic Circle's products, and (d) that Tandem's products are inferior to Arctic Circle's products.

a.  "Knock Offs."

42. Neither Roth nor Tandem have never copied or "knocked off" any design originally produced by Arctic Circle.

43. Many of the items Arctic Circle alleges to be "knock offs" are from the identical suppliers that Arctic Circle acquired through Roth; suppliers whom Roth knew prior to her employment with Arctic Circle.

44. Many other designs that Arctic Circle alleges Roth and Tandem have "knocked off" are available in the open market.

45. Still other designs that Arctic Circle alleges Roth and Tandem have "knocked off" are designs that Roth developed during her employment with Indian Arts and Crafts.

46. An example of a design that Roth originated is the Asian-produced native dolls currently on the market.

47. There were no Asian-produced native dolls until she developed them.

48. Roth owns the rights to purchase the Indian Arts and Crafts products and designs (many of which were designed by her) from suppliers.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

49. It is Arctic Circle that has been copying or "knocking off" the old Indian Arts and Crafts designs since the late 1980s and continues to do so.

**b.   Communication with Arctic Circle's Suppliers and Business Contacts.**

50. It is incorrect that Roth and Tandem have been communicating with Arctic Circle's business contacts with the idea of taking business from Arctic Circle.

51. Roth and Tandem have been communicating only with entities that Roth knew prior to her employment at Arctic Circle.

52. The above referenced people were and are long-term friends and business contacts of Roth.

53. For example, Dave and Laurie Coates have been close friends of Roth since 1986 when they purchased Schallerer's Photo in Ketchikan, Alaska.

54. Craig Carlson was hired by Mr. Coates as a store manager when Coates acquired Great Alaskan Clothing Company in 1988.

55. Kathy Fleenor was the owner of Sockeye Sam's in Ketchikan in 1992 and Roth has had a very good business relationship with her over the years.

56. Ms. Fleenor eventually joined Dave Coates' establishment and she now manages Dockside Trading Company.

57. Toni and Neal Murphy were introduced to Roth by Mr. Coates at the January 2003 Seattle Gift Show.

58. Roth first met Dennis and Nancy Corrington of Corrington Enterprises in 1985 when she joined Indian Arts and Crafts.

59. Roth traveled three to four times each year to Southeast Alaska to visit accounts, develop new accounts, check store inventories and place new orders.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

60. The Corringtons are close personal friends of Roth, in addition to business associates.

61. The few new (to her) overseas suppliers Roth met when she traveled to Asia with Mitchell Godfred were of no interest to her, and she never contacted them after leaving Arctic Circle.

62. Neither Roth nor Tandem have bought from any of the suppliers Roth first met during her employment with Arctic Circle.

63. The main purpose of Roth's trip to Asia with Mr. Godfred was to introduce him to the suppliers Roth knew from her work with Indian Arts and Crafts.

64. The suppliers referenced above are the suppliers Roth worked with prior to her employment with Arctic Circle and continues to work with today, e.g., Keystar (with which she has worked since 1993 in her employment with Indian Arts and Crafts) and Hvar International (with which she had worked since 1984, also in the course of her employment with Indian Arts and Crafts).

65. Hvar was Roth's major Taiwan-based supplier of souvenir items during her tenure at Indian Arts and Crafts.

66. Hvar's subsidiary is Keystar.

67. Keystar owns 100% of Tandem's stock.

68. Tandem is Roth's employer.

69. This stock ownership information is readily available to anyone with access to public records on the Internet.

70. Contrary to Arctic Circle's allegations, Roth did not make the acquaintance of or work initially with Hvar and Keystar during her employment with Arctic Circle.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

12

Ex. 17 - 13

71. Roth had worked with Hvar and Keystar at Indian Arts and Crafts.

72. Arctic Circle used Roth's Chinese language skills and connections to buy from former Indian Arts and Crafts suppliers.

73. Roth's and/or Tandem's contacts, which Arctic Circle alleges to be improper or in violation of Roth's non-compete agreement, or to be somehow stolen by Roth from Arctic Circle during her eleven months there, are, in fact, contacts that long pre-existed her 11-month employment with Arctic Circle.

c. **Trademark Infringement.**

74. Arctic Circle alleges that it has registered a trademark, "Alaskan Friends".

75. Tandem's line of plush toys, whether called Frontier Friends or Frontier Alaska Friends, is not sufficiently similar to cause confusion in the marketplace.

76. Tandem's label, in both color and design, is entirely different.

77. Not one retailer, wholesaler, supplier, importer or customer has ever indicated confusion that Tandem products were Arctic Circle products.

d. **Inferior Products.**

78. Arctic Circle alleges that Roth and/or Tandem are selling inferior products to the public under circumstances that would connect such products to Arctic Circle.

79. Many of the items that Arctic Circle accuses Roth and Tandem of "knocking off" in an inferior manner come from the very same suppliers from which "open" items or "stock" items come; i.e., both Arctic Circle and Tandem use the same suppliers to buy open or "stock" items.

80. Many suppliers sell identical items to Arctic Circle and to Tandem, as well as others.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

13

Ex. 17 - 14

81. Since the same suppliers are making the goods that both Tandem and Arctic Circle are purchasing, they are essentially identical goods.

82. Because Tandem and Arctic Circle are offering identical open market products; Tandem's products are not inferior to Arctic Circle's products; in addition, Roth's distinctive and proprietary designs are superior to Arctic Circle's products.

83. Arctic Circle's name, use of "Alaska" or Alaskan" Friends, use of Alaskan motifs, labeling its dolls as "Eskimo" or Alaskan tribal names, labeling its picture frame as "Alaskan Picture Frames" or "Alaskan Photo Frames," and labeling its gold flake keychains as "Alaska Gold Rush, " are examples, and without limitation, of Arctic Circle's intentional attempts to mislead the public as to the products' origins.

84. Mr. Mitchell Godfred's Declaration in Support of Preliminary Injunction contains intentional misrepresentations under oath, including, without limitation, that Roth and/or Tandem sells a totem box or totem poles "made with our product mold" when, in fact, the products illustrated as "original" and "copy" are in fact both Arctic Circle products.

85. Neither Roth nor tandem imports the polyresin totem poles or totem boxes illustrated in the attachments to Godfred's Declaration.

86. The allegations by Mr. Godfred regarding exclusive rights to the embossed photo album cover are false; in fact, the photo album cover has been an open item of Marble Rich Trading Company for over 20 years, and the Arctic Circle album cover is also a copy of that produced by Pioneer Photo Albums, Inc.

87. Marble Rich Trading Company also sells as an open item (#6757) the "Big Dipper Playing Cards" that are alleged to be a distinctive and proprietary design at Arctic Circle. Indian Arts and Crafts, among others, began purchasing this open item from Marble Rich

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

14

Ex. 17 - 15

in February 1992.

88. Hvar International developed the gold vial keychain and it has been an open item available to any U.S. customer for years.

89. The "Mined Exclusively for [state name]" label for Indian Arts and Crafts' gold vial was developed by a California company and has sold in half-a-dozen western states with the state name inserted on the label.

90. The misrepresentations above, without limitation, were known by Mr. Godfred to be false when he attested to their accuracy under oath.

## COUNT I.
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

91. Roth and Tandem incorporate Paragraphs 1 through 90 above, including all subparts, as if fully set forth herein.

92. Roth and Tandem have and have had prospective business relationships with its retailers, customers, suppliers and manufacturers; Arctic Circle has intentionally interfered with those relationships by threats, intimidation, and price-cutting.

93. Arctic Circle's conduct was unprivileged and unlawful and has resulted in damages to Roth and Tandem in an amount to be determined at trial.

## COUNT II.
## TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS

94. Roth and Tandem incorporate Paragraphs 1 through 90 above, including all subparts, as if fully set forth herein.

95. Arctic Circle's threats, intimidation, and copying of Roth/Tandem's designs are an intentional and unlawful attempt to interfere with relationships developed by Roth over 18 years in the souvenir business.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

## COUNT III.
## ALASKA UNFAIR COMPETITION

96. Roth and Tandem incorporate Paragraphs 1 through 90 above, including all subparts, as if fully set forth herein.

97. Arctic Circle's conduct both in the state of Alaska and elsewhere constitute unfair methods of competition and unfair and deceptive acts in the conduct of trade or commerce in violation of Alaska's Unfair Business Practices Consumer Protection Act, *AS 45.50.471(3)(11) and (2)*, as well as at common law.

## COUNT IV.
## FEDERAL UNFAIR COMPETITION

98. Roth and Tandem incorporate Paragraphs 1 through 90 above, including all subparts, as if fully set forth herein.

99. Arctic Circle's conduct constitutes unfair competition, false advertising, false designation of origin, false or misleading description of fact, have the intent and effect to unfairly compete in violation of Federal Trademark and Copyright law.

## COUNT V.
## DEFAMATION

100. Roth and Tandem incorporate Paragraphs 1 through 90 above, including all subparts, as if fully set forth herein.

101. Arctic Circle and Mitchell Godfred have made false and defamatory accusations against Roth, Tandem and others.

102. The false and defamatory statements were specifically intended to damage Defendant Roth in her personal and business capacities and Tandem in its business capacity.

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

Ex. 17 - 17

103. The false and defamatory statements were published to third persons both orally, in writing, and in the Declaration of Mitchell Godfred.

104. Defendants Roth and Tandem have suffered and continue suffering damage to their reputations, with resulting damage to Defendants' business and business relationships in an amount to be determined at trial.

105. Arctic Circle's malicious and false statements are the direct and proximate cause of the damages to Defendant Roth and to Defendant Tandem.

### COUNT VI.
### OUTRAGE

106. Roth and Tandem incorporate Paragraphs 1 through 90 above, including all subparts, as if fully set forth herein.

107. Arctic Circle's actions and continuing actions and statements against Defendants Roth and Tandem amount to extreme and outrageous conduct.

108. Arctic Circle acted with the intent that its extreme and outrageous conduct cause Roth and/or Tandem to suffer severe emotional distress, as well as pecuniary damage to their business and business relationships.

109. Roth and Tandem has suffered damages arising from Arctic Circle's conduct in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Defendants Roth and Tandem pray for relief on their counterclaims as follows:

1. For damages arising from interference with their prospective business relationships;

2. For damages arising from Arctic Circle's intentional interference with Roth's and/or Tandem's existing business relationships;

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

17

Ex. 17 - 18

3. For damages arising from Arctic Circle's conduct in violation of the Alaska Unfair Business Practices and Consumer Protection Act;

4. For damages arising from Arctic Circle's violation of federal copyright and trademark law;

5. For damages arising from defamatory statements made by Arctic Circle against Defendant Roth;

6. For damages arising from defamatory statements made by Arctic Circle against Defendant Tandem;

7. For damages resulting to Roth as an individual from the outrageous and continuing conduct of Arctic Circle; and

8. For such other and further relief as the court deems just or equitable in the circumstances.

Dated this 24 day of September 2003.

_____
Herbert A. Viergutz, Alaska Bar No. 8506088

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a true copy of the foregoing was mailed on the 24 day of September, 2003, to:

Bruce A. Bookman, Esq.
Bookman & Helm, LLP
810 N Street, Suite 200
Anchorage, AK 99501

_____
Herbert A. Viergutz

BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, Alaska 99501
Phone: (907) 276-8010
Fax: (907) 276-5334

18

Ex. 17 - 19