# Exhibit 19

FILED

OCT 2 5 2004

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>SANDY ROTH, TANDEM IMPORTS, INC., )<br>a Washington corporation, and )<br>KEYSTAR INTERNATIONAL, LTD., )<br><br> Defendants. )<br>_____ )<br> )<br>SANDY ROTH and TANDEM IMPORTS, INC.,)<br>a Washington corporation, )<br><br>Counterclaim Plaintiffs, )<br><br>vs. )<br><br>ARCTIC CIRCLE ENTERPRISES, INC., )<br><br>Counterclaim Defendant. )<br>_____ ) | A03-139 CV (JWS )<br><br>ORDER FROM CHAMBERS<br><br>[Re: Motion at Docket 114] |

## I.  MOTION PRESENTED

At docket 114, defendants Roth and Tandem move to amend their answer to assert new affirmative defenses and counterclaims.  The motion has been opposed and fully briefed.  Oral argument would not assist the court.

-1-

Ex. 19 - 2

143

## II.  BACKGROUND

This case was filed in June of 2003.  Based on information provided by the parties, the court issued a Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[1] which established numerous pre-trial deadlines.  One deadline required that amendments to the pleadings be filed on or before December 31, 2003.  Thereafter, the parties entered several stipulations approved by the court which extended several of the deadlines in the Scheduling Order.  None of them extended the deadline for filing motions to amend the pleadings.[2]  The latest stipulation extended the deadline for completing discovery until September 30, 2004.[3]  Meanwhile, Roth had filed an answer followed by a timely amended answer which set out numerous affirmative defenses and six counterclaims.[4]  One week prior to close of discovery Roth and Tandem filed the motion at docket 114 seeking to further amend their answer to assert new affirmative defenses and new counterclaims.  The proposed new complaint includes five affirmative defenses not found in the earlier answer and two counterclaims not found in the earlier answer.[5]

## III.  DISCUSSION

Once a scheduling order has been entered, a party who seeks to act outside the established schedule must show good cause why the order should be modified: "A schedule shall not be modified except upon a showing of good cause and by leave of

---

[1]Doc. 55.

[2]*See* docs. 83, 94, 96, and 105.

[3]Doc. 105.

[4]Doc. 30.  The counterclaims are not only numerous but voluminous–they are at pages 5 through 17 of the amended answer.

[5]*Compare* the existing amended complaint at docket 30 with the proposed new complaint, a copy of which was lodged when the motion at docket 114 was filed.  There are some affirmative defenses in the former which have been omitted from the latter, and one counterclaim in the former which has been omitted from the latter.

-2-

[court]."[6] Defendants' briefing focuses entirely on the propriety of allowing amendment under Rule 15; it does not even mention Rule 16. The relationship between Rule 15 and Rule 16 has been explained by the Ninth Circuit:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.[7]

Of course, that is precisely the situation here.

In the briefing, defendants suggest that a portion of the proposed amended answer involves "newly discovered" claims based on Roth's "newly discovered" copyright interests. However, defendants' briefing and the supporting materials, including Sandy Roth's affidavit filed with the reply memo, are inadequate to allow the court to evaluate whether good cause exists. It may, or may not, be true that Sandy Roth paid so little attention to her business interests that she did not even know that she owned the twenty-five percent stake in numerous copyrights she now says she owns until some time in or about August of 2004.

Even if Roth has an interest in the copyrights, it is not clear whether she had it at times material to plaintiff's claims that Roth violated the non-competition clause of her employment contract. Moreover, the court cannot infer from what defendants have presented that an interest Roth now views as critical to the pending lawsuit–litigation which was commenced in June of 2003–could have been overlooked for so long had she been diligent. There is certainly no showing that persistent ignorance of something Roth now regards as an important consideration in the lawsuit amounts to good cause for amending her pleadings.

The burden is on defendants to show good cause in order obtain leave of court to file an untimely motion to amend. They have not carried that burden. As the Ninth

---

[6]FED. R. CIV. P. 16(b).

[7]*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (internal citations omitted).

-3-

Circuit has said, "Because [movants] have failed to show diligence, 'the inquiry should end.'"[8]

By seeking to amend at a time when discovery has closed,[9] defendants create a situation in which success would require the court to reopen discovery. That, of course, would be prejudicial to plaintiff,[10] a factor which, although not necessary for the denial of an untimely request to amend, is properly considered in connection with Rule 16(b).[11] Defendants' contention that because no trial date has been set there is no prejudice is vacuous. This court's practice is to set a trial date some weeks after completion of discovery and resolution of any dispositive motions.[12] Granting the motion to amend and the concomitant re-opening of discovery would necessarily postpone the trial.

---

[8]*Coleman* at 232 F.3d 1295 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

[9]The motion was filed a week before discovery closed, but the motion could not become ripe for decision until well after discovery had closed. *See* D.AK.LR 7.1(e).

[10]*Lockeed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

[11]*Coleman* at 232 F.3d 1295.

[12]It takes about eight weeks for the orderly completion of final pre-trial tasks which include marking and submitting exhibits, filing objections to exhibits, filing arguments in support of exhibits, making deposition designations and counter designations, agreeing on a joint statement of undisputed issues, preparing trial briefs, preparing proposed *voir dire* questions and proposed jury instructions, and the court's disposition of objections. Of course, there are occasions when the court's calendar requires setting the trial somewhat further out. On occasion, the court will set a trial date while a dispositive motion remains pending, but provides a longer period of time for the final pre-trial tasks, thereby allowing time to decide the dispositve motion before the parties incur the costs of final pre-trial preparations.

-4-

## IV.  CONCLUSION

For the preceding reasons, the motion at docket 114 is **DENIED**.

DATED at Anchorage, Alaska, this 22nd day of October 2004.

_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A03-0132--CV (JWS)     10-25-04
--------------------------------------------------------------
B. BOOKMAN
S. CURRALL
E. MARSTON

-5-