# Exhibit 26

Geoffrey G. Currall, Esquire
Alaska Bar No: 7011053
KEENE & CURRALL
A Professional Corporation
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: 907/225-4131
Fax: 907/225-0540
E-mail: info@keenecurrall.com
Attorneys for David L. Coates



RECEIVED
OCT 1 8 2004
PERKINS COIE

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SANDY ROTH, TANDEM IMPORTS, INC.,<br>a WASHINGTON CORPORATION,<br>LAWRENCE H. PRESS d/b/a PIERCE<br>DISTRIBUTORS, and KEYSTAR<br>INTERNATIONAL LTD.,<br><br>    Defendants.<br>_____<br><br>SANDY ROTH and TANDEM IMPORTS, INC.,<br>a Washington Corporation,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>ARCTIC CIRCLE ENTERPRISES, INC.,<br><br>    Counterclaim Defendant.<br>_____ | Case No. A03-139 CV (JWS) |

**Motion by Non-Party David Coates for Relief From Order,
Pursuant to F.R.C.P.60(b)** - Page 1 of 8 Pages
*Arctic Circle v. Sandy Roth*- Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

**Ex. 26 - 2**

# MOTION BY NON-PARTY DAVID COATES FOR RELIEF FROM ORDER, PURSUANT TO F.R.C.P. 60(b)

## I. Introduction

NOW COMES Non-Party David Coates ("Coates"), by and through his counsel, and hereby moves, pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure, for relief from this Court's July 31, 2004 Order that Coates appear before the Court to show cause why he should not be held in civil contempt.

Coates respectfully requests this relief, because the leading case on contempt, which in all relevant respects is based on facts identical to those at bar, holds that this Court does not possess jurisdiction over Coates. In short, the relief sought by Arctic Circle Enterprises, Inc. ("ACE") is not allowable unless and until ACE makes Coates a party to this action.

Because of the jurisdictional issues at play in this motion, Coates hereby expressly reserves his right to contest the jurisdiction of this Court over him, and expressly states that this motion for relief should not be construed as an appearance.

## II. Facts

On June 18, 2004, ACE moved this Court for an order "directing defendant Roth and her customers, David Coates and Sallie Reeder to show cause why they should not be held in contempt of court for violating the court's preliminary injunction...." Motion, p. 2.

The only basis stated in ACE's motion for finding Coates in contempt is Coates' alleged sales of items that were the subject of an injunction against the *party defendants*: Sandy Roth ("Roth"); Tandem Imports, Inc; Lawrence H. Press; and Keystar International, Ltd. ACE did

Motion by Non-Party David Coates for Relief From Order,
Pursuant to F.R.C.P.60(b) - Page 2 of 8 Pages
*Arctic Circle v. Sandy Roth* - Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

Ex. 26 - 3

not even plead the issue whether Coates had "aided or abetted" any violation of the injunction by Roth or any of the other party defendants. All ACE claimed was that, "Mr. Coates . . . as [a customer] of Ms. Roth provided assistance to Ms. Roth in this suit." Motion, p. 6. ACE described the "assistance" complained of as consisting solely of "prohibited items being offered for sale at Mr. Coates' stores." Motion, p. 5. Thus, even if ACE's allegations are taken as true, they amount to Coates selling "prohibited items."

Likewise, in this Court's July 31, 2004, Order, this Court instructed Coates to appear before this Court to show cause why he should not be held in civil contempt for allegedly "violating the Court's preliminary injunction by selling plush toys with "Alaska Frontier Friends" tags, for selling caps with a circle design on the brim similar to those sold by plaintiff, and for selling Alaska mug boxes with UPC #8-01283-061470." July 31 Order, pp. 8-9. There is no finding in the Court's July 31 Order that Coates is alleged to have done anything to aid or abet any party defendant.

In effect, therefore, ACE seeks to find the non-party Coates in contempt for his own actions, independent of those of any party. As a matter of law, Coates cannot be held in contempt for such actions, and this Court should grant Coates relief from its July 31 Order.

### III. Law and Argument

**A. Only those who "abet" a party can be held in contempt.**

Coates cannot be enjoined for actions which fail to abet alleged violations of the injunction by Roth or the other enjoined party defendants (collectively herein, "Roth").

Motion by Non-Party David Coates for Relief From Order,
Pursuant to F.R.C.P.60(b) - Page 3 of 8 Pages
*Arctic Circle v. Sandy Roth*- Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

Ex. 26 - 4

"A non-party may properly be held in contempt if he is given notice of the court's order and either abets the defendant in violating the order or is legally identified with him." *Irwin, et al. v. Mascott, et al.*, 370 F.3d 924, 931 (9th Cir. June 4, 2004). ACE does not allege that Coates is "legally identified" with Roth, so the Ninth Circuit's ruling in *Irwin* narrows the inquiry in the instant case to the question whether Coates abetted the defendants in violating this Court's order.

On the injunction power of the courts, Judge Learned Hand wrote:

> No court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is *pro tanto brutum fulmen*, and the persons enjoined are free to ignore it.

*Alemite Mfg. Co. v. Staff*, 42 F. 2d 832, 832-33 (2nd Cir. 1930). The United States Supreme Court is solidly in agreement with Judge Hand, and has ruled that no court may make an injunction "so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 65 S. Ct. 478 (1945).

Therefore, Coates' independent actions cannot violate this Court's injunction. Coates can only be liable for violating the injunction if he "abetted" Roth or the other party defendants.

**B.   As a matter of law, Coates did not "abet" any party.**

ACE's only allegation is that, subsequent to the entry of the injunction against Roth, Coates sold "prohibited items" that he originally obtained from Roth. Even if ACE's allegation were true, as a matter of law, Coates' mere sales of goods he obtained from Roth cannot constitute "abetting."

**Motion by Non-Party David Coates for Relief From Order,
Pursuant to F.R.C.P.60(b)** - Page 4 of 8 Pages
*Arctic Circle v. Sandy Roth*- Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

Ex. 26 - 5

The Court of Appeals for the Federal Circuit has examined what constitutes "abetting" in the injunction context. *See Additive Controls v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996), *citing Scott v. Donald*, 165 U.S. 107, 17 S. Ct. 262 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit"), and *Chase National Bank v. City of Norwalk*, 291 U.S. 431, 54 S. Ct. 475 (injunction held "clearly erroneous" because it was directed at "all persons to whom notice of the order of injunction should come.").

The *Additive Controls* decision is highly persuasive in the instant case, because the relevant facts are identical. In *Additive Controls*, the Federal Circuit reviewed whether it was the proper exercise of a district court's authority to prohibit four non-parties from selling items in their possession (TruGear flow meters) that they had obtained from the enjoined defendants (Adcon and Cotton). The four non-parties were named in the district court's injunction order, but they were not parties to the suit. In all relevant respects, therefore, the facts of *Additive Controls* are identical to the facts of the case at bar.

The Federal Circuit held that a non-party's disposition of goods, the disposition of which has been enjoined as to a party, does not constitute an "abetting" of a party's violation of the injunction. *Additive Controls*, 96 F.3d at 1397. The court explained that:

> Although an injunctive order prohibiting non-parties from disposing of TruGear meters may be more efficient than a separate lawsuit against those parties, the All Writs Act does not authorize that kind of adjudicative shortcut. With regard to their independent activities (i.e., activities independent of Adcon or Cotton), the corporate appellants are entitled to contest their liability and the appropriateness of equitable relief in a lawsuit in which they are named as parties.
>
> The order directing the appellants not to dispose of the TruGear meters is in effect an open-ended injunction against the sale of

**Motion by Non-Party David Coates for Relief From Order,**
**Pursuant to F.R.C.P.60(b) -** Page 5 of 8 Pages
*Arctic Circle v. Sandy Roth-* Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

> those meters directed to entities that have not had an opportunity to contest Flowdata's assertion that those meters infringe a valid patent. It is true that the district court has made a determination that the '318 patent is valid (in the suit between Flowdata and Adcon) and that the TruGear meters infringe that patent (in the contempt proceeding to which Flowdata and Adcon were the only parties). But, absent collateral estoppel (which Flowdata does not advocate here), those rulings do not apply to entities such as the appellants, which have not had an opportunity to litigate those issues in a case in which they were named as parties. If Flowdata wishes to obtain permanent injunctive relief against the appellants based on their independent activities, it cannot do so by seeking an injunction against them in a case to which they are not parties; it must, instead, validly serve them and obtain an adjudication of infringement against them.

*Additive Controls*, 96 F.3d at 1397. In other words, if the plaintiff in *Additive Controls* wanted to enjoin the non-parties, it should have named them in its lawsuit. As a matter of law, plaintiff's failure to include them in the suit prevents the enjoinder of their independent actions.

These facts are on all fours with the instant case. Roth sold goods to Coates. Roth's ability to make further dispositions of those goods is now enjoined. Under *Additive Controls* and the United States Supreme Court precedent it follows, Coates is free to make dispositions of the goods he possesses, even if he originally obtained those goods from Roth. His independent actions cannot be enjoined, because Coates is not a party to the action against Roth. He can be brought into the pending case against Roth, or he can be sued separately, but in either event, Coates is entitled to his own defenses against ACE's allegations of intellectual property infringement.

Motion by Non-Party David Coates for Relief From Order,
Pursuant to F.R.C.P.60(b) - Page 6 of 8 Pages
*Arctic Circle v. Sandy Roth*- Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

Ex. 26 - 7

## IV. Conclusion

This Court has ordered non-party David Coates to appear and show cause why he should not be held in civil contempt for alleged violations of an injunction entered against the party defendants in this case. With all due respect, Mr. Coates requests that this Court grant him relief from the show cause order, because, as a matter of law, this Court lacks jurisdiction over Coates for any of Coates' actions that ACE has complained of. The relief sought by ACE is improper, and is not allowable unless and until ACE makes Mr. Coates a party to this action.

Dated this ___ day of October, 2004.

KEENE & CURRALL
A Professional Corporation
Attorneys for David L. Coates

By _____
Geoffrey G. Currall
Alaska Bar No: 7011053

### Certificate of Service

This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the 5 day of **October, 2004**, I caused a true and correct copy of the foregoing to be:

☑ **Faxed**
☐ Hand Delivered
☑ **Mailed**
☐ Delivered via court receptacle

to the following:

FAX NO: 907/279-4851
Bruce A. Bookman, Esquire
Bookman & Helm, LLP
810 N Street, Suite 200
Anchorage, Alaska 99501

Motion by Non-Party David Coates for Relief From Order,
Pursuant to F.R.C.P.60(b) - Page 7 of 8 Pages
*Arctic Circle v. Sandy Roth* - Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

Sidebar: A PROFESSIONAL CORPORATION / ATTORNEYS AT LAW / 540 WATER STREET, SUITE 302 / KETCHIKAN, ALASKA 99901 / TELEPHONE (907) 225-4131

FAX NO: 206/467-8215
Kenneth S. Kagan, Esquire
Carney Badley Spellman, P.S.
700 Fifth Avenue, Suite 5800
Seattle, Washington 98104-5017

FAX NO: 907/277-8002
Erin B. Marston, Esquire
Marston & Cole, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136

FAX NO: 206/359-9000
Ryan J. McBrayer, Esquire
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099

By _____
Keene & Currall

Motion by Non-Party David Coates for Relief From Order,
Pursuant to F.R.C.P.60(b) - Page 8 of 8 Pages
*Arctic Circle v. Sandy Roth*- Case No. A03-139 CV (JWS)
fdl/c:Dockside/13.079.D/Motion by Non-Party Coates for Relief From Order

Ex. 26 - 9