# Exhibit 28



___ Priority
_✓_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3
___ Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY MARK BROD,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL PUBLISHING GROUP, INC.; RR DONNELLEY & SONS COMPANY; PHILLIP COLLINS,<br><br>    Defendants. | Case No. CV 98-9520 DDP (CWx)<br><br>**ORDER DENYING DEFENDANT PHILLIP COLLINS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS** |

Defendant Phillip Collins' motion for an award of attorney's fees and costs was taken under submission without oral argument. After reviewing and considering the materials submitted by the parties, the Court denies the motion.

**I. Background**

This is a copyright infringement action. The plaintiff, Garry Mark Brod ("Brod"), is a professional photographer. Defendant Phillip Collins ("Collins") has developed several books and calendars featuring photographs of memorabilia. Prior to this



Ex. 28 - 2

dispute, the parties had successfully collaborated on several such photography projects.

On November 25, 1998, Brod filed a complaint in this Court against Collins and several other defendants, alleging a single cause of action for copyright infringement. Brod alleged that, in 1991, he collaborated with Collins on a book project involving photographs of vintage televisions. Collins ultimately designed and published a book incorporating eighty-eight of these photographs. Brod subsequently registered a copyright for the photograph compilation.

On January 31, 2000, the Court entered summary judgment in favor of Collins. Collins argued, among other grounds, that he was a co-author of the photographic works at issue. In light of the extent of Collins' undisputed original contributions to the photographs, the Court found that Brod had failed to raise a triable issue as to Collins' co-authorship. The Court declined to reach the other issues raised by the parties.

Subsequently, Brod informed the Court that he did not intend to proceed against the remaining defendants. Accordingly, on June 22, 2000, the Court dismissed the remaining defendants with prejudice and entered final judgment in this action.

Collins now moves the Court for an award of attorney's fees and costs. Collins requests attorney's fees in the amount of $27,474, costs in the amount of $1,822.74, plus attorney's fees incurred in connection with this motion.

///
///
///

## II. Discussion

### A. Award of Costs

Collins requests an award of $1,822.74 in costs. Under the Local Rules, Collins is entitled to costs as the prevailing party in this action. See C.D. Cal. Local R. 16.1, 16.2.2. However, the record shows that on July 31, 2000, Collins' application for costs was adjudicated by the Court clerk. Collins has not sought timely review of the clerk's determination. See C.D. Cal. Local R. 16.7. Accordingly, Collins' request for an award of costs is denied as moot.

### B. Award of Attorney's Fees

Collins also requests an award of $27,474 in attorney's fees, plus additional fees incurred in connection with this motion.

#### 1. Copyright Act

Collins first argues that he is entitled to attorney's fees under the Copyright Act. Under Section 505 of the Copyright Act, the Court has discretion to award reasonable attorney's fees to the prevailing party in a copyright action. See 17 U.S.C. § 505. Prevailing plaintiffs and defendants are treated alike under this provision. See Maljack Productions, Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 889 (9th Cir. 1996). In determining whether to award attorney's fees, the Court should consider, among other factors: "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." Maljack Productions, Inc. v. Goodtimes Home Video Corp., 81 F.3d 881, 889 (9th Cir. 1996).

Here, Collins obtained complete success on the copyright infringement claim, because summary judgment was entered in his favor. However, the other relevant factors weigh against an award of attorney's fees. Although Brod was unable to raise a triable issue to prevent summary judgment, the dispositive issue of co-authorship was legally complex. The other issues raised by the parties, such as the validity of Brod's copyright and the availability of damages, were not decided by the Court. The Court thus finds that Brod's position was neither frivolous nor objectively unreasonable. The Court also finds no evidence that this action was prosecuted in bad faith. Finally, the Court finds that, although Collins ultimately prevailed on the issue of co-authorship, considerations of compensation and deterrence do not necessitate an award of attorney's fees in this action.

Accordingly, the Court denies Collins' request for an award of attorney's fees under the Copyright Act.

2. <u>Rule 37 Sanctions</u>

Finally, Collins argues that an award of attorney's fees is an appropriate sanction under Rule 37. Brod does not address this argument.

Under the Federal Rules of Civil Procedure, upon service of requests for admission, a party must admit so much of each request as is true. <u>See</u> Fed. R. Civ. P. 36(a). Rule 37 allows a court to award reasonable expenses and attorney's fees incurred in making proof, caused by a party's failure to admit matters that are later proven to be true. <u>See</u> Fed. R. Civ. P. 37(c)(2); <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 937 (9th Cir. 1994). Expenses incurred prior to the request are not recoverable. <u>See Holmgren v. State</u>

4

Farm Mut. Auto. Ins. Co., 976 F.2d 573, 581 (9th Cir. 1992). The Court must make such an award unless it finds that: (1) the request was objectionable; (2) the admission sought was of no substantial importance; (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter; or (4) other good reason exists for the failure to admit. See Fed. R. Civ. P. 37(c)(2).

Collins contends that Brod failed to admit matters relating to the validity of Brod's copyright and the viability of Brod's claim for statutory damages and attorney's fees. The Court rejects this argument. These legal issues were not decided by the Court and were thus not proven to be true.

Collins also contends that Brod failed to admit facts relating to the parties' collaboration on the photographs. The Court agrees. For example, Brod denied that Collins paid for all photography expenses, that Collins selected and arranged the photographic subjects, and that Collins arranged the camera angles. (Anderson Decl. Ex. 1, Request Nos. 7-10, 12-15.) On motion for summary judgment, Collins later proved some of these matters to be true. Specifically, Brod admitted in deposition that he received reimbursement for photography costs and most travel expenses. (1/31/00 Order at 2, citing Brod Depo. at 43-44, 67.) Brod also admitted or failed to dispute Collins' collaboration with respect to photographic subjects, composition, and camera angles. (1/31/00 Order at 5, citing Brod Depo. at 46-48.)

The Court finds, however, that Collins' request for Rule 37(c) sanctions was untimely filed. Rule 37(c) sanctions are generally deemed waived unless they are timely sought before entry of final

judgment. See Mercy v. County of Suffolk, 748 F.2d 52, 55-56 (2d Cir. 1984); Popeil Bros. v. Schick Elec., Inc., 516 F.2d 772, 778 (7th Cir. 1975); Schwarzer et al., Federal Civil Procedure Before Trial ¶ 11:829 at 11-149 (1999); but see Kasuri v. St. Elizabeth Hosp. Med. Ctr., 897 F.2d 845, 855-56 (6th Cir. 1990) (finding postjudgment request timely). In addition, it is not clear whether a district court has jurisdiction to award Rule 37(c) sanctions where, as here, a proper notice of appeal has been timely filed. Compare G & M, Inc. v. Newbern, 488 F.2d 742, 746 (9th Cir. 1973) (district court lacks jurisdiction to entertain Rule 37(c) motion after appeal filed) with Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983) (district court retains jurisdiction to award statutory attorney's fees after appeal filed).

Here, the instant motion was filed on July 7, 2000, more than five months after summary judgment was entered in favor of Collins and two weeks after final judgment was entered. Cf. Chemical Engineering Corp. v. Essef Inds. Inc., 795 F.2d 1565, 1574 (Fed. Cir. 1986) (finding postjudgment request timely where summary judgment granted and final judgment entered on the same day). The Court finds that Collins' delay in seeking Rule 37(c) sanctions was unreasonable. In addition, the Court notes that Brod's failure to admit certain matters relating to photographic collaboration would not support the requested award of all attorney's fees incurred in

///
///
///

1 this action. Accordingly, the Court denies Collins' request for
2 attorney's fees under Rule 37(c).
3     C.   <u>Conclusion</u>
4     For the reasons set forth above, the Court denies Collins'
5 motion for attorney's fees.
6 IT IS SO ORDERED.

Dated: 8-15-00

DEAN D. PREGERSON
United States District Judge