James N. Leik
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
Tel: (907) 279-8561/Fax: (907) 276-3108
jleik@perkinscoie.com

Ryan J. McBrayer (*Pro Hac Vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101
Tel: (206) 359-8000/Fax: (206) 39-9000
rmcbrayer@perkinscoie.com

Attorneys for Plaintiff Arctic Circle
Enterprises, LLC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC.,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA JUNEAU MINING COMPANY LLC,<br><br>Defendant. | Case No. 3:06-cv-170- (TMB) |

**MOTION TO COMPEL ALASKA JUNEAU MINING COMPANY TO ANSWER ARCTIC CIRCLE ENTERPRISES' FIRST INTERROGATORIES**

Arctic Circle Enterprises, by and through its counsel, hereby moves

pursuant to Federal Rule of Civil Procedure 37(a)(2)(B) for an order compelling

Alaska Juneau Mining Company to answer Interrogatories No. 8 – 11, and 13 and to

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 1 -

59840-0003/LEGAL13243891.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

supplement its answer to Interrogatory No. 7 in plaintiff's first interrogatories; and/or (2) ordering other appropriate sanctions (including defendant's costs and attorneys' fees in filing this motion) based upon Alaska Juneau Mining Company's failure to fulfill its discovery obligations.  For the following reasons, plaintiff's motion should be granted.

## BACKGROUND

This is an action for copyright infringement.  Plaintiff Arctic Circle Enterprises, LLC ("ACE") has several copyright registrations related to its embossed Alaska map photo albums.  *See* Complaint, ¶¶ 7-9.  Defendant Alaska Juneau Mining Company, LLC ("AJMC") infringed ACE's copyrights when it started in 2006 to manufacture and sell copies of ACE's photo album.  *Id*.  ¶¶16-21.

The litigation has proceeded through discovery during which ACE directed interrogatories to AJMC designed to determine AJMC's factual contentions.  For instance, AJMC appears to contend that ACE's copyrights are invalid because certain photo albums, designs, or other artwork allegedly existed in the public domain before ACE created its original embossed Alaska map photo albums.  ACE accordingly requested that AJMC identify the complete factual basis for any contention that elements of ACE's design were not original, including "the identify of any products, designs, and artwork that AJMC contends exhibited, displayed or contained that element before July 1, 1998."  AJMC provided conclusory answers without identifying a single product, design or piece of artwork.  Similarly, ACE asked AJMC to explain the complete factual basis for any claim that AJMC's

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERROGATORIES
- 2 -

59840-0003/LEGAL13243891.1

design is not substantially similar to the corresponding element in ACE's original design (AJMC's noninfringement contention).  AJMC declined to answer at all based on its peculiar method of counting discrete subparts to other interrogatories.  As a consequence, ACE and AJMC are proceeding toward trial with no exchange or identification of factual contentions that were clearly sought in timely interrogatories.

This Court's deadline for discovery motions in this action is May 18, 2007.  ACE conferred with AJMC regarding these and other interrogatories to which AJMC gave no substantive response.  AJMC refuses to supplement its interrogatory responses.  *See* Decl. of Kyan Olanna in Support of Motion to Compel ("Olanna Decl.").  ACE now reluctantly seeks this Court's intervention to compel responses Interrogatories Nos. 8-11 and 13.

**THE INTERROGATORIES AT ISSUE**

ACE propounded eighteen interrogatories to AJMC and received a limited response to the first seven.  *See* Ex. 1 (Interrogatories and Responses).  The last of the interrogatories to which ACE received a response, Interrogatory No. 7, sought AJMC's response regarding its complete factual basis for any claim that the design elements of ACE original photo album were pre-dated or otherwise not original.  ACE requested that AJMC organize its answer in order of the eighteen design elements at issue for the ACE photo album (i.e. the color, size, map image, texture, etc).  *See Id.*  AJMC refused to answer all interrogatories after No. 7 because it (inappropriately) counted Interrogatory No. 7 as having eighteen discrete subparts.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES

- 3 -

59840-0003/LEGAL13243891.1

# ARGUMENT

**A.  ACE's Requests Do Not Exceeded The Twenty-Five Interrogatory Limit of Fed. R. Civ. P. Rule 33(a).**

AJMC's refusal to respond to any interrogatories after Interrogatory No. 7 is improper, because it incorrectly assumes that ACE exceeded its twenty-five interrogatory limit.  In counting ACE's interrogatories, AJMC apparently counted a number of ACE's interrogatories as being multiple interrogatories for purposes of Fed. R. Civ. P. 33(a):

- AJMC treated Interrogatory No. 3 as three separate interrogatories;

- Although AJMC did not state this objection in its Answer, AJMC stated during the meet and confer that Interrogatory Nos. 4, 5 and 6, were each counted as two interrogatories. Olanna Decl. ¶ 6.

- AJMC counted Interrogatory No. 7 as eighteen interrogatories.

- AJMC counted Interrogatory No. 8 as twenty-four interrogatories.

- AJMC counted Interrogatories No. 12, No. 15, and No. 16 as having multiple subparts.  AJMC did not provide a response to these interrogatories and in the interest of time, ACE is willing to withdraw these interrogatories, as well as Interrogatory No. 14.

**B.  Interrogatories No. 7 and No. 8 Do Not Contain Discrete Subparts For Purposes Of The Limit.**

AJMC asserted that ACE's copyrighted design lacks sufficient originality as an affirmative defense to the infringement claim.  *See* Answer and Affirmative

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 4 -

59840-0003/LEGAL13243891.1

Defenses, p.5.  In Interrogatory No. 7, ACE requested an explanation of the factual basis of this claim, and breaks out this request by the eighteen different design elements.[1]  However, because these elements are all part of the same copyrighted design and the interrogatory only sets out one primary question, Interrogatory No. 7's "subparts" are not "discrete" and should be counted as a single interrogatory for purposes of Fed. R. Civ. P. 33(a).

Interrogatories aimed at components of a claim or assertion are not discrete subparts.  *Cardenas v. Dorel Juvenile Group, Inc.*, 213 F.R.D. 616 (D. Kan. 2005).  There, the responding party alleged that an interrogatory seeking information about different design elements was actually multiple interrogatories, which would have pushed the count over the twenty-five interrogatory limit.  *Id.* at 619-20.  That interrogatory asked "Plaintiff to identify 'each and every element of the design' that Plaintiffs' contend is defective and to identify how the design was defective and the manner in which Plaintiffs' injuries were cause[d] by each defect".  *Id.* at 619.  The district court held that "[w]hile this interrogatory could be construed as having three discrete subparts . . . the fact that it seeks this information about multiple design

---

[1] Interrogatory 7 reads:
"For each of the elements of the Alaska Map Photo Album design that Arctic Circle identified as original in its responses to AJMC's Interrogatory No. 5, please explain the complete factual basis of your claim, if any, that the element is

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 5 -

59840-0003/LEGAL13243891.1

defects does not turn it into multiple interrogatories." *Id.* at 619-20. In holding that this interrogatory was to be counted as a single interrogatory, the court noted that a question with multiple subparts regarding different design elements "is one interrogatory directed at eliciting details concerning a *common theme*." *Id.* at 619.

The twenty-five interrogatory limit, which includes discrete subparts, is not intended to transform all interrogatories with subparts into multiple interrogatories or to apply to subparts that are necessarily related to a primary question. *Id.* at 620 ("[T]he fact that it seeks this information about multiple alleged design defects does not turn it into multiple interrogatories."); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question."); *Benas v. Baca*, 2003 WL 21697750 at * 2 (C.D. Cal. 2003) ("Interrogatories which include subparts are treated as one interrogatory if the subparts . . . are logically or factually subsumed within and necessarily related to the primary question") (internal quotations and citations omitted). A single interrogatory may contain multiple parts that are logically or factually subsumed within and necessarily related to the primary question. *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D.Cal. 2006) *cited by United States ex rel. Pogue v.*

---

not original, including the identity of any products, designs, and artwork that AJMC

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 6 -

59840-0003/LEGAL13243891.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

*Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 527 (D.D.C. 2006); *see also Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Likewise, Interrogatory No. 8 requests that AJMC explain its factual basis for its noninfringement contention that its photo album is not substantially similar to ACE's copyrighted design. Interrogatory No. 8 incorporates ACE's response to AJMC's Interrogatory No. 6, in which ACE had identified twenty-four aspects of its design, which it believes AJMC's design copied. Although this interrogatory is broken out by elements, each element refers to one primary question - the factual basis for AJMC's assertion that its design is not substantially similar to ACE's. Asking that AJMC organize its response by design element does not turn a single question into discrete subparts.

Interrogatories No. 7 and No. 8 should each be counted as a single interrogatory for Rule 33 purposes in light of their subparts relation to a single primary question. Thus, even assuming that Interrogatories No. 3 – No. 5 may be counted multiple times and discounting the withdrawn interrogatories, the total number of interrogatories is sixteen – well under the twenty-five interrogatory limit.

---

contends exhibited, displayed, or contained that element before July 1, 1998."

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 7 -

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

59840-0003/LEGAL13243891.1

### C. AJMC's Other Objections To Interrogatories No. 7 and No. 13 Are Inadequately Supported And Should Be Rejected Under Rule 33(b)(4).

AJMC's objections to Interrogatories No. 7 and 13 as overly broad, burdensome, and duplicative do not satisfy Federal Rule of Civil Procedure 33(b)(4). Under the Rule 33(b)(4) standard, conclusory ojections that are not supported with any detail or explanation are deficient. *AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 457 (2007) ("[M]ost federal courts have required that a party objecting to an interrogatory on the grounds of undue burden specifically show how the interrogatory is overly broad, burdensome or oppressive; a mere statement that the interrogatory is overly broad, burdensome or oppressive has been held inadequate.") (citations omitted).

Despite this standard, AJMC's objections to Interrogatory No. 7 simply stated that it was "overly broad and unduly burdensome in that it requests identification of all prior art." *See* Interrogatory No. 7. In fact, ACE did not ask AJMC to identify "all prior art." The request was limited to art which had been produced within the relevant time period (before July 1, 1998) and was further limited to those works of art or design on which AJMC bases its claim that ACE's copyrighted design is not original. *See Cardenas*, 231 F.R.D. at 620-21 (rejecting over broad and burdensome objection to interrogatory which read "If you contend the Child Restraint System was defectively designed, identify all documents which

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 8 -

59840-0003/LEGAL13243891.1

support your contention."); *Swackhammer*, 225 F.R.D. at 665 (holding that an interrogatory requesting identification of all employees of a certain grade during a specified period of years was reasonable).

The objection to Interrogatory No. 13 is even more conclusory.  AJMC merely states that it "objects to this Request as overly broad and unduly burdensome.  In addition, this request is duplicative of other discovery inquiries."  Interrogatory No. 13, p. 13.  AJMC made no attempt to explain the basis of this objection or to identify the other inquiries which AJMC believes the interrogatory duplicates.

In light of the Rule 33(b)(4) standard, AJMC's objections should be rejected as being inadequately explained and unsupported.

### I. AJMC Did Not Fully Respond To Interrogatory No. 7.

Interrogatory No. 7 asked AJMC to identify "any products, designs, and artwork that AJMC contends exhibited, displayed, or contained that element before July 1, 1998."  AJMC provided short and conclusory responses for each design element addressed in Interrogatory No. 7.  AJMC did not identify a single product, design, or piece of artwork even though the interrogatory specifically sought that information.  Instead AJMC responded that the elements listed as 4 – 7 and 12 – 17 were not original, because they "commonly appear" or are a "common element" on maps or gift and souvenir items.  *See* Interrogatory No. 7.  Similarly, the responses

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 9 -

59840-0003/LEGAL13243891.1

to elements 9 and 10 state that there are "numerous depictions of maps on a tan background" and "pre-existing depictions of the State of Alaska that illustrate a substantially similar selection of cities", but do not indicate the identity of these depictions. *Id.* at p. 7.

These responses are not sufficient. These conclusory, one sentence answers do not identify AJMC's factual basis for its contentions and are not helpful to ACE's preparation for trial. ACE requests that the Court compel AJMC to supplement its responses to Interrogatory No. 7 - including the "identity of any products, designs, and artwork that AJMC contends exhibited, displayed, or contained [a listed design element] before July 1, 1998" – or in the alternative order AJMC to confine its relevant factual contentions at trial to the facts and specificity provided in the current response.

## CONCLUSION

For the foregoing reasons, ACE's motion to compel should be granted and an order should be issued compelling AJMC to supplement its interrogatory responses to fully respond to Interrogatory No. 7 and to provide full and complete responses to Interrogatories No. 8 – No. 11, and No. 13, and ordering AJMC to bear ACE's costs for pursuing this motion.

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 10 -

59840-0003/LEGAL13243891.1


DATED: May 17, 2007.

**PERKINS COIE LLP**

By */s/ Ryan McBrayer*
  James N. Leik
  Ryan McBrayer (*Pro Hac Vice*)
  Attorneys for Plaintiff Arctic Circle
  Enterprises, LLC

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES

- 11 -

59840-0003/LEGAL13243891.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 17, 2007, I electronically filed the foregoing Arctic Circle Enterprises, LLC's Motion to Compel with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Gregory F. Wesner<br>gwesner@klgates.com<br>K&L Gates LLP<br>925 4th Ave Suite 2900<br>Seattle WA 98104<br>Ph: (206) 370-6746<br>Fax: (206) 370-6319 | J. Michael Keyes, Esq.<br>jmkeyes@klgates.com<br>Brook C. Kuhl<br>brooke.kuhl@klgates.com<br>K&L Gates LLP<br>W. 601 Riverside, Suite 1400<br>Spokane, WA 99201<br>Ph: (509) 241-1527<br>Fax: (509) 444-7863 |
| Paul L. Davis, Esq.<br>davisp@klgates.com<br>K&L Gates LLP<br>420 L Street, Suite 400<br>Anchorage, AK 99501-1937<br>Ph: (907) 777-7609<br>Fax: (907) 777-7009 | |

Dated: May 17, 2007.

                                                    */s/ Ryan J. McBrayer*
                                                    Ryan J. McBrayer

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO COMPEL ALASKA JUNEAU MINING
COMPANY TO ANSWER PLAINTIFF ARCTIC
CIRCLE ENTERPRISES' FIRST
INTERRAGATORIES
- 12 -

59840-0003/LEGAL13243891.1