James N. Leik, Alaska Bar No. 8111109
Kyan Olanna, Alaska Bar No. 0405024
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108
JLeik@perkinscoie.com
KOlanna@perkinscoie.com

Ryan J. McBrayer (*Pro Hac Vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359-8000
Facsimile: 206.359.9000
rmcbrayer@perkinscoie.com

Attorneys for Plaintiff
Arctic Circle Enterprises, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALASKA JUNEAU MINING COMPANY LLC,<br><br>　　　　Defendant. | Case No. 3:-06-CV-170 (TMB) |

**PLAINTIFF ARCTIC CIRCLE ENTERPRISES, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.    STATEMENT OF FACTS...................................................................................1

    A.    AJMC's Attorney in This Case Represented Ms. Roth and Received the Bookman/Kagan Emails.......................................................1

    B.    Arctic Circle Produced the Bookman/Kagan Emails and Offered to Cooperate With Any Necessary Discovery ...........................2

III.    AJMC'S MULTI-ISSUE MOTION TO STRIKE IS CONTRARY TO LAW AND SHOULD BE DENIED ......................................................................3

    A.    The Parol Evidence Rule Does Not Apply to Evidence of Intent................................................................................................................3

    B.    The Bookman/Kagan Emails Are Authentic Under Fed. R. Evid. 901(b)(4) ..............................................................................................4

    C.    The Bookman/Kagan Emails Are Not Hearsay Because They Are Not Being Offered for the Truth of the Matter Asserted .................6

    D.    AJMC Suffered No Prejudice From the Timing of the Production ........................................................................................................7

IV.    THE COURT SHOULD GRANT ARCTIC CIRCLE LEAVE TO FILE THE SUPPLEMENTARY BOOKMAN DECLARATION ....................8

V.    CONCLUSION ....................................................................................................8

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

## I. INTRODUCTION

Defendant Alaska Juneau Mining Company LLC's ("AJMC") Motion to Strike is unsupported and contrary to the rules of evidence. The Court should deny AJMC's motion for the reasons set forth below. In the alternative, the Court should grant Arctic Circle permission under Local Rule 7.1(h)(2) to file the attached Declaration of Bruce Bookman[1] which further authenticates the disputed electronic mail documents.

## II. STATEMENT OF FACTS

### A. AJMC's Attorney in This Case Represented Ms. Roth and Received the Bookman/Kagan Emails

Arctic Circle filed suit in *Arctic Circle Enterprises, LLC v. Sandy Roth, et al.*, Case No. A03-139CV (JWS) on June 24, 2003. Arctic Circle was represented by Mr. Bruce Bookman of Bookman & Helm LLP and by Ryan McBrayer of Perkins Coie LLP. Ms. Roth was represented by several attorneys, including Mr. Ken Kagan of Carney Badley Spellman P.S. and Mr. Gregory Wesner of Christensen O'Connor Johnson Kindness PLLC. *See* Declaration of Ryan McBrayer in Support of Arctic Circle's Opposition to Strike, Exs. 1-2. Mr. Wesner has since left Christensen O'Connor Johnson Kindness and now practices at Kirkpatrick & Lockhart Preston

---

[1] The Declaration of Bruce Bookman contains two parts. Part I provides supporting factual detail for this motion and its filing does not require leave of Court. Part II provides further authentication of the Bookman/Kagan emails and, in that regard, supports Arctic Circle's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment filed at Docket No. 47. The Court should grant Arctic Circle leave under Local Rule 7.1(h)(2) regarding Part II of the Supplemental Bookman Declaration and should consider the Bookman/Kagan emails in support of Arctic Circle's Opposition and Cross-Motion for Summary Judgment.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining        -1-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

Gates Ellis LLP.  *See* Docket; Bookman Decl. ¶ 4..  Mr. Wesner now represents AJMC in this lawsuit.

After the parties in *Arctic Circle v. Roth* mediated and settled their dispute in 2005, Mr. Bookman and Mr. Kagan negotiated a final settlement agreement, in part, through email.  The participants in those email negotiations included the following attorneys and their email accounts:

- Mr. Bookman corresponded from the email address BBookman@Bookman-Helm.com.  Bookman Decl. ¶ 5;

- Mr. Kagan corresponded from the email address Kagan@CarneyLaw.com.  *Id.*;

- Mr. Wesner corresponded from the email address WesnerG@cojk.com.  *Id.*.

These email addresses are identical to those used and shown in the Bookman/Kagan email exhibits.

**B.    Arctic Circle Produced the Bookman/Kagan Emails and Offered to Cooperate With Any Necessary Discovery**

Arctic Circle's attorneys in this matter investigated and discovered the Bookman/Kagan emails after AJMC filed its motion for summary judgment in which it alleged that the parties in *Arctic Circle v. Roth* intended to release the claims at issue in this matter.  McBrayer Decl. in Support of Opposition to Motion to Strike at ¶ 4.  Arctic Circle reviewed and produced the material to AJMC the same day Arctic Circle's counsel received them.  *Id.* at ¶ 4, Ex. 3.  When the documents were produced, Arctic Circle invited AJMC to discuss the production and its effect on the Motion for Summary Judgment.  *Id.*  Arctic Circle received no response and seven days later again invited AJMC to discuss any concern about the documents.  *Id.* at Ex. 4.  AJMC responded on April 18, 2007 and did not discuss any prejudice from

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining                -2-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

the April 10th disclosure by Arctic Circle or a need to follow-up with any additional discovery. *Id.* at Ex. 5. Following this letter, counsel for Arctic Circle, Mr. McBrayer, discussed the production with AJMC's counsel, Mr. Keyes, to again invite a discussion about any prejudice or desired discovery. *Id.* at ¶ 9. Mr. Keyes did not mention that AJMC suffered any prejudice and expressed uncertainty regarding whether AJMC would resort to a motion to strike. *Id.* Mr. Keyes did not request discovery on behalf of AJMC regarding the Bookman/Kagan emails. *Id.*

### III. AJMC'S MULTI-ISSUE MOTION TO STRIKE IS CONTRARY TO LAW AND SHOULD BE DENIED

AJMC's motion makes conclusory objections that are contrary to Alaska contract law and the rules of evidence. AJMC first objects to segments of Mr. Godfred's deposition testimony and all Bookman/Kagan emails based on its misinterpretation of the parol evidence rule. AJMC also objects to the Bookman/Kagan emails as not authentic and containing supposed hearsay. None of these theories are supported by law.

### A. The Parol Evidence Rule Does Not Apply to Evidence of Intent

AJMC's invocation of the parol evidence rule is misplaced for the reasons cited in § III.D.1 of Arctic Circle's Reply Brief (filed herewith). In short, the Alaska parol evidence rule distinguishes between extrinsic evidence received to determine the intent of the parties and extrinsic evidence offered to add or contradict terms of a contract. *See Alaska Diversified Contractors, Inc. v. Lower Kuskowim Sch. Dist.*, 778 P.2d 581, 583-84 (Alaska 1989). Specific to cases where a putative third-party beneficiary asserts rights under a release, extrinsic evidence is relevant and admissible to determine the intent of the parties of the contract to confer such a benefit. Restatement (Second) of Contracts § 302 comment a; *see also Fairbanks*

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining                -3-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

*North Star Borough v. Tundra Tours Inc.*, 719 P.2d 1020, 1024 (Alaska 1986). The sections of Mr. Godfred's deposition testimony to which AJMC objects and the Bookman/Kagan emails are being offered to prove the intent and state of mind of Arctic Circle and Ms. Roth when they entered the Roth Settlement Agreement. As such, they are not parol evidence and are admissible in accordance with Alaska contract law. *Id.*

**B.     The Bookman/Kagan Emails Are Authentic Under Fed. R. Evid. 901(b)(4)**

The Bookman/Kagan emails are sufficiently authenticated under Fed. R. Evid. 901 because they display distinctive characteristics, contents, and internal patterns sufficient to authenticate email. *See United States v. Safavian*, 435 F.Supp2d 36, 39-40 (D.D.C. 2006).

As a starting point, the threshold for a determination of authenticity under Fed. R. Evid. 901 is not high. Courts have called this burden "low" and "slight." *Id.* at 38-39. The minimal proof required to admit documents need only amount to a prima facie showing of authenticity "so that a reasonable juror could find in favor of authenticity or identification." *United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir. 1991) (citations omitted). The internal characteristics and contents of the Bookman/Kagan emails are more than sufficient for a reasonable juror to conclude that they are authentic.

The District Court in *Safavian* addressed in detail the authenticity and admissibility of emails between Mr. Safavian and Mr. Jack Abramoff. The Court held the emails were admissible without the testimony of Mr. Abramoff or Mr. Safavian based on three characteristics of the email alone:

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining                    -4-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

- Mr. Safavian and Mr. Abramoff corresponded from email addresses such as "AbramoffJ@gtlaw.com," "david.safavian@mail.house.gov," and "david.safavian@gsa.gov." *Id.*

- The emails also contained the name of the sender or recipient in the salutation, body of the email and/or signature block at the end of the email. *Id.*

- The contents of the emails included discussions of various identifiable matters including Mr. Safavian's work for the government, Mr. Abramoff's work as a lobbyist, and his work at his restaurant, "Signatures" to other admissible evidence. *Id.* The court noted, in part, that some of the personal matters could be corroborated at trial by a person with personal knowledge of their work or Mr. Abramoff's ownership of "Signatures." *Id.* Such evidence regarding the content of the email helps authenticate it to the extent the email addresses, names, and signatures of the sender and recipient do not already authenticate it. *Id.*

This case is no different.

The Bookman/Kagan emails all contain the same authenticating detail as the emails in *Safavian*. For instance, each email contains an identifiable email address of a sender and recipient. *See* McBrayer Decl. in Support of Arctic Circle's Opposition to Summary Judgment (Docket No. 50), Ex. 21 (Bookman/Kagan emails), pp. 2, 12, 14, 15, 17 & 26. As in *Safavian*, the emails also contain the names of counsel in the salutation, body, and signature. *See id.*[2] Finally, as in *Safavian*, the contents of the emails also authenticate them as being from Mr. Bookman and Mr. Kagan. Here, the email is consistent with the public record, such as that the parties mediated the dispute with Judge Branson in March 2005 and that a Final Settlement Notice was filed in May 2005. *See* Keyes Affidavit, Ex. 1, Docket Nos. 164, 166, 168. Also, the

---

[2] The Bookman/Kagan emails also contain authenticating details that were not present in *Safavian*. For instance, several emails contain a signature block that corresponds to the public record in *Arctic Circle v. Roth*. *See* McBrayer Decl. in Support of Opposition to Motion to Strike, Exs. 1-2.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining   -5-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

contents of the Bookman/Kagan emails contain references to facts and positions taken during the litigation in *Arctic Circle v. Roth*. Lastly, the attachments to the email contain content, a font and a document number in the footer ("RT004.0001") that are consistent with the indisputably authentic Settlement Agreement. *See Safavian*, 435 F. Supp. 2d 41-42 (authenticating emails by comparing the content to other already-authenticated documents). Put together, these factors are sufficient to authenticate the Bookman/Kagan emails under Fed. R. Evid. 901(b)(4). *See Safavian*, 435 F. Supp. 2d at 39-40; *see also United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000).

**C.    The Bookman/Kagan Emails Are Not Hearsay Because They Are Not Being Offered for the Truth of the Matter Asserted**

Alaska Juneau Mining Company's hearsay objection to the Bookman/Kagan emails fundamentally ignores the reasons the emails are relevant. The emails and settlement agreements are not hearsay because they are not being offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). For instance, the first draft settlement agreement contains the Future IAAC Covenant and is being offered to show that it was proposed by Ms. Roth, not for its internal assertions that Ms. Roth had any such rights or that Arctic Circle released them. A comparison of this draft to the later drafts, in which Ms. Roth omitted the Future IAAC Covenant, is proof of Ms. Roth's intent. *See United States v. CNA Financial Corp.*, 168 F. Supp. 2d 1125, 1133 (D. Alaska 2001) (out-of-court statements reflecting "the parties' objective manifestations of intent at the time of contract formation" are not hearsay); *see also Metro-Goldwyn-Mayer Studios, Inc. v. Consumer Empowerment BV*, 454 F. Supp. 2d 966, 974 (C.D. Cal. 2006) (nonparty emails are not hearsay when are offered to establish state of mind instead of the truth of the matter asserted).

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining            -6-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

The emails between Mr. Bookman and Mr. Kagan are likewise not offered for the truth of the matter asserted. For instance, Mr. Bookman stated on April 18, "We cannot fight battles over IAAC that might never happen." Arctic Circle does not offer this statement to show that Ms. Roth and Arctic Circle in fact could not have fought any such battles. Rather, the email and the statement are offered because the assertion was made. The fact that the assertion was made, regardless of its truth, is evidence that Arctic Circle did not intend to release claims over future products based on IAAC designs. The Bookman/Kagan emails are not hearsay.

**D.     AJMC Suffered No Prejudice From the Timing of the Production**

The Court should not entertain AJMC's footnote suggestion to strike the Bookman/Kagan emails because Arctic Circle produced them after the close of discovery. AJMC does not claim any prejudice from the timing of the disclosure. Indeed, Arctic Circle invited AJMC on three occasions to discuss any prejudice or concern. McBrayer Decl. in Support of Opposition to Motion to Strike, ¶¶ 4-9, Exs. 3-5. Thirty four days passed without AJMC mentioning any prejudice or seeking follow-up discovery. Surely if AJMC felt any prejudice, that 34-day period allowed ample opportunity to cure it.[3] Without so much as an allegation of prejudice from AJMC, this Court should not strike the Bookman/Kagan emails for the timing of their production.

---

[3] AJMC likely suffered no prejudice whatsoever because Mr. Wesner already possessed (at least) half of the Bookman/Kagan emails and attachments. *See* Bookman Decl. ¶ 5 ("WesnerG" email account) and Bookman/Kagan emails, p. 17 (WesnerG@cojk.com is cc'd) and 26 (WesnerG@cojk.com is cc'd).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining          -7-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

### IV. THE COURT SHOULD GRANT ARCTIC CIRCLE LEAVE TO FILE THE SUPPLEMENTARY BOOKMAN DECLARATION

The Court should consider Part II of the Declaration of Bruce Bookman in Support of Arctic Circle's Opposition to the Motion to Strike if the Court decides the Bookman/Kagan emails are insufficiently authenticated. Such supplemental declarations are appropriate, particularly when the opposing side suffers no prejudice. *See* Fed. R. Civ. P. 56(e); *see also Duncan v. Oregon*, 2007 WL 789433, at *13 (D. Or. 2007) (allowing additional time to file authenticating information); *Cormier v. City of Meridian*, 420 F. Supp. 2d 11, 14 (D. Conn. 2006) (relying on reply affidavit to authenticate documents in summary judgment motion); *United States v. Parkhurst*, 2006 WL 291657, at *3 (D. Haw. 2006) (declaration supplemented to provide authentication). Part II of the Bookman Declaration only authenticates the documents. AJMC will suffer no prejudice from Mr. Bookman's authentication of the emails.

### V. CONCLUSION

The Court should decline to strike the sections of Mr. Godfred's deposition testimony and the Bookman/Kagan emails and attachments to which AJMC objects. Should the Court find the Bookman/Kagan emails are inadequately authenticated under Fed. R. Evid. 901, the Court should grant Arctic Circle leave under Local Rule 7.1 and consider Part II of the Bookman declaration.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining        -8-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

Respectfully submitted this 21st day of May, 2007.

          s/ *Ryan J. McBrayer*
          Ryan J. McBrayer (*Pro Hac Vice*)
          **Perkins Coie LLP**
          1201 Third Avenue, Suite 4800
          Seattle, WA  98101-3099
          Tel: 206.359.8000/Fax: 206.359.9000
          RMcBrayer@perkinscoie.com

          James N. Leik, Alaska Bar No. 8111109
          JLeik@perkinscoie.com
          Kyan Olanna, Alaska Bar No. 0405024
          KOlanna@perkinscoie.com
          **Perkins Coie LLP**
          1029 West Third Avenue, Suite 300
          Anchorage, AK  99501-1981
          Tel:  907.279.8561/Fax:  907.276.3108

          Attorneys for Plaintiff
          Arctic Circle Enterprises, LLC

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240388.1

-9-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2007, I electronically filed the foregoing Plaintiff Arctic Circle Enterprises, LLC's Opposition to Defendant's Motion to Strike with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Gregory F. Wesner
gwesner@klgates.com
K&L Gates LLP
925 4th Ave Suite 2900
Seattle WA 98104
Ph: (206) 370-6746
Fax: (206) 370-6319

J. Michael Keyes, Esq.
jmkeyes@klgates.com
Brook C. Kuhl
brooke.kuhl@klgates.com
K&L Gates LLP
W. 601 Riverside, Suite 1400
Spokane, WA 99201
Ph: (509) 241-1527
Fax: (509) 444-7863

Paul L. Davis, Esq.
davisp@klgates.com
K&L Gates LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Ph: (907) 777-7609
Fax: (907) 777-7009

Dated: May 21, 2007.

/s/ Ryan J. McBrayer
Ryan J. McBrayer

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108