James N. Leik, Alaska Bar No. 8111109
Kyan Olanna, Alaska Bar No. 0405024
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108
JLeik@perkinscoie.com
KOlanna@perkinscoie.com

Ryan J. McBrayer (*Pro Hac Vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone: 206.359-8000
Facsimile:  206.359.9000
rmcbrayer@perkinscoie.com

Attorneys for Plaintiff
Arctic Circle Enterprises, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>ALASKA JUNEAU MINING COMPANY LLC,<br><br>               Defendant. | Case No. 3:-06-CV-170 (TMB) |

**PLAINTIFF ARCTIC CIRCLE ENTERPRISES, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Arctic Circle v. Alaska Juneau Mining Co.
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1

II. THE RELEVANT FACTS ARE UNDISPUTED .............................................. 2

III. THE RELEASE AT ISSUE COVERS SPECIFIC CLAIMS............................ 2

IV. THE 2004 ROTH SETTLEMENT AGREEMENT DOES NOT COVER THE 2006 AJMC PHOTO ALBUM...................................................... 4

    A. AJMC Cannot Meet Its Burden as a Potential Third-Party Beneficiary ............................................................................................... 4

    B. AJMC Ignores the Release ................................................................... 4

    C. The Recitals Do Not Supplement or Change the Actual Terms in the Agreement ........................................................................ 6

    D. The Extrinsic Evidence Is Undisputed and Confirms Arctic Circle's Position.................................................................................. 8

        1. The parol evidence rule does not preclude the extrinsic evidence ............................................................... 8

        2. Arctic Circle and Ms. Roth did not intend to release future use of the IAAC designs ................................... 9

    E. Augustine Medical Does Not Apply in the Third-Party Beneficiary Context .............................................................................. 10

    F. Alaska Law Confirms That Post-Settlement Conduct Is Not Covered by the Roth Settlement Agreement .......................................... 13

V. THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT BASED ON UNDISPUTED FACTS ...................................... 14

VI. CONCLUSION ............................................................................................... 15

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Alaska Diversified Contractors, Inc. v. Lower Kuskokwim Sch. Dist.*, 778 P.2d 581 (Alaska 1989) ..........................................................................9

*Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367 (Fed. Cir. 1999) ............................................................................10, 11, 12

*Blackman v. Hustler Magazine, Inc.*, 620 F. Supp. 792 (D.D.C. 1985)..................................................................................................................13, 14

*Fairbanks Northstar Borough v. Tundra Tours, Inc.*, 719 P.2d 1020 (Alaska 1986) ..............................................................................................9

*Gov't Employees Ins. Co. v. Dunst*, 2005 WL 856819 (D. Alaska 2005)...........................................................................................................................5

*Kodiak Elec. Assoc., Inc. v. Delaval Turbine, Inc.*, 694 P.2d 150 (Alaska 1984) ........................................................................................................4, 11

*Miles v. Am. Seafoods Co.*, 197 F.3d 1032 (9th Cir. 1999)..........................................13

*Miree v. DeKalb County, Georgia*, 433 U.S. 25 (1977) ..............................................12

*Petroleum Sales, Ltd. v. Mapco Alaska, Inc.*, 687 P.2d 923 (Alaska 1984)...........................................................................................................................13

*Rathke v. Corr. Corp. of Amer.*, 153 P.3d 303 (Alaska 2007) .......................................9

*Smallwood v. Century Peninsula General Hospital*, 151 P.3d 319 (Alaska 2006) ..........................................................................................................4, 9

*Tatum v. Barnhart*, 359 F. Supp. 2d 866 (D. Alaska 2004) ..........................................5

*Unova, Inc. v. Acer, Inc.*, 363 F.3d 1278 (Fed. Cir. 2004).....................................11, 12

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

ARCTIC CIRCLE'S OPPOSITION TO   -ii-
ALASKA JUNEAU MINING COMPANY'S
MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Regulations and Rules**

Fed. R. Civ. P. 7 ................................................................................................................5

**Other Authorities**

Restatement (Second) of Contracts § 218 ....................................................................7

Restatement (Second) of Contracts § 302 ....................................................................9

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

ARCTIC CIRCLE'S OPPOSITION TO                -iii-
ALASKA JUNEAU MINING COMPANY'S
MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The parties have both moved for summary judgment on the issue as to whether defendant AJMC, through one of its members Mr. David Coates, is a third-party beneficiary of a release between plaintiff ("Arctic Circle") and a another party – Ms. Sandy Roth. For at least two independently sufficient reasons, the release in the Roth Settlement Agreement does not extend to defendant: (1) the release was expressly limited to claims Arctic Circle had at the time, and it had no claims against Mr. Coates; and (2) the release was limited to facts "alleged in any pleading" in the Roth Litigation, and there were no facts pled concerning the product at issue in the instant case. Either of these bases is sufficient for the grant of summary judgment as to the scope of the release. Further, to the extent there were any ambiguities as to the parties' intent (and there is not), the ambiguity is resolved by the undisputed fact that a release that would have covered Mr. Coates for the precise conduct at issue here was expressly proposed *and rejected* by Arctic Circle. There is no basis, in law or fact, to read a rejected term into the agreement.

Nevertheless, defendant, referring to recitals in the Settlement Agreement, has asserted that the claims in the Roth Litigation were "related to" Mr. Coates' claims of ownership of the IAAC Design. Even if that were true, it does not affect the scope of the release. Summary judgment should be granted to Arctic Circle.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.        -1-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

## II.   THE RELEVANT FACTS ARE UNDISPUTED

Alaska Juneau Mining Company's ("AJMC") Opposition Brief does not dispute the core facts that support summary judgment in favor of Arctic Circle, including the following:

- Arctic Circle's Alaska Map Photo Album design pre-dated any other design or photo album at issue;
- The IAAC design was created after Arctic Circle's design. Any right by Mr. Coates or AJMC to make a product bearing the IAAC design is subordinate to Arctic Circle's earlier and copyrighted Alaska Map Photo Album design;
- The IAAC design was not identified, accused, or otherwise the subject of any pleading in the Roth Litigation; and
- The 2006 AJMC Photo Album did not exist when Arctic Circle and Ms. Roth reached their Settlement Agreement – the AJMC album did not exist until 2006.

These undisputed facts compel summary judgment that the release in the Roth settlement agreement does not extend to the 2006 AJMC photo album. Arctic Circle's current claim did not exist and could not have been brought at the time of the Roth Settlement Agreement if the album now at issue did not exist. The IAAC Design was also not, for the same reasons, raised in any pleading in the prior litigation. Summary judgment should thus be granted to Arctic Circle.

## III.   THE RELEASE AT ISSUE COVERS SPECIFIC CLAIMS

As a preliminary matter, the Release found in the Roth Litigation Settlement Agreement covers then-existing claims "arising out of any facts alleged

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.           -2-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

in any pleading in the Litigation." Those claims – and only those claims described in the operative clause of the Settlement Agreement – were released forever. The word "forever" defines the duration of the release and covenant, not the scope of the released claims.



McBrayer Decl. Ex. 23, pp. 4-5. The Duration Clause, which is directed at the length of time the release is enforceable, is irrelevant to the *scope* of the claims released.

The subject matter released is limited in two respects: (1) in time and (2) in subject matter. The temporal element limits the release to claims Arctic Circle had or claimed to have had *at the time of the Release*. The temporal element does not reach claims based on post-settlement conduct like those in the instance case. The Scope Clause also has a subject matter element that limits the scope of the release to claims that "aris[e] out of any facts alleged in any pleading in the Litigation." This scope does not encompass the claims in the instant case. Accordingly, there are two independently sufficient reasons to find the release does not apply.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.              -3-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

## IV. THE 2004 ROTH SETTLEMENT AGREEMENT DOES NOT COVER THE 2006 AJMC PHOTO ALBUM

AJMC argues for the first time in its Reply that Arctic Circle released a different and previously unmentioned claim against Mr. Coates related to his "ownership" of the IAAC designs. In doing so, AJMC apparently abandons its earlier assertion that Arctic Circle somehow released an "inducement" claim at the time of the settlement. The new argument, though, has the same fatal flaws. It relies on case law that does not apply because the burden here rests with the putative third-party beneficiary. It requires ignoring the express limitations of the release to existing claims and to those based on facts alleged in *pleadings*. And, it ignores the intent of the parties to the contract.

### A. AJMC Cannot Meet Its Burden as a Potential Third-Party Beneficiary

AJMC has the burden to prove that the parties to the contract (Arctic Circle and Ms. Roth) intended to confer the benefit now sought by the third party (AJMC). *See Smallwood v. Century Peninsula General Hospital*, 151 P.3d 319, 324 (Alaska 2006); *Kodiak Elec. Assoc., Inc. v. Delaval Turbine, Inc*., 694 P.2d 150, 154 (Alaska 1984). As discussed below, AJMC cannot meet its burden.

### B. AJMC Ignores the Release

Whereas AJMC previously argued that Mr. Coates' involvement with Ms. Roth gave rise to an "inducement" claim that was (supposedly) released, AJMC now argues that Arctic Circle released all claims regarding Mr. Coates' "ownership" of the IAAC designs. AJMC Brief at p. 15 (Mr. Coates' "claimed ownership" of the IAAC designs was known at the time and the current claim "necessarily challenges" his rights). AJMC's new "ownership" theory, like its

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

prior inducement claim, finds no support in the language of the Settlement Agreement. First, the Scope Clause is limited to claims that arise from facts alleged in the pleadings. Mr. Coates' ownership was not alleged as a fact in the Roth Litigation pleadings.[1] *See* McBrayer Decl. Exs. 14-17. Arctic Circle's Complaint and Amended Complaint did not mention Mr. Coates at all. *Id.* Roth's Answer and Amended Answer mentioned Mr. Coates in another capacity, but did not allege that the IAAC designs were owned by or even connected to Mr. Coates. *See id*. Ex. 16, ¶¶ 53, 56; Ex. 17, ¶¶ 53, 56.

AJMC attempts to overcome this fact by ignoring the definition of the term "pleadings." AJMC argues only that Mr. Coates' "ownership" was alleged in Ms. Roth's *Proposed* [Second] Amended Answer. *See* AJMC Opposition Brief at p. 6, citing McBrayer Decl. Ex. 18, p. 13, ¶ 18. Ms. Roth's Proposed [Second] Answer was never filed in the Roth Litigation. Rather, Ms. Roth moved for leave from the Court to file it. *See* McBrayer Decl. Ex. 18. This Court denied her request. *See id*., Ex. 19; Keyes Aff. Ex. 1 (Dkt. No. 142 Order denying permission to file Amended Answer). The attachment to the Motion was never a pleading. *See Tatum v. Barnhart*, 359 F. Supp. 2d 866, 871 (D. Alaska 2004) (affidavits are not pleadings); *Gov't Employees Ins. Co. v. Dunst*, 2005 WL 856819, *1 (D. Alaska 2005) (motions are not pleadings). AJMC's new argument fails because it requires reading the clause "alleged in the pleadings" entirely out of the Release.

AJMC's new "ownership" theory also fails because Arctic Circle did not have, or claim to have, a claim against Mr. Coates at the time of the Roth Settlement Agreement arising from his mere "ownership" of the IAAC design.

---

[1] "Pleadings," as defined by Rule 7 of the Federal Rule of Civil Procedure, are limited to complaints, answers, counterclaims, cross-claims, third party complaints and replies.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.     -5-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

AJMC does not provide, and Arctic Circle does not know of, any contract or other instrument with which Arctic Circle might have disputed Mr. Coates' "ownership" of the IAAC design.  Likewise, Mr. Coates and AJMC have not provided a copyright registration or evidence that such a registration was asserted against Arctic Circle in a manner that might have given rise to a Declaratory Judgment action arising from or relating to his "ownership."  Finally, the fact that Ms. Roth referred to Mr. Coates' design portfolio in the process of conceiving her new photo albums did not create a claim by Arctic Circle against Mr. Coates' "ownership" of his design portfolio.  Arctic Circle did not release any claim arising from "ownership" because no such claim existed.

AJMC ignores the language of the Release, arguing that the Release covers "*any and all claims of any nature whatsoever* arising out of any facts alleged in any pleading in the Litigation."  AJMC Opp. Brief p. 10; *see also id.* p. 22 ("any and all claims of any nature whatsoever arising out of . . .").  The Release, however, covered only claims that, at the time of the settlement "Arctic Circle now has, owns or holds, or claims to have, own or hold, or which Arctic Circle at any time heretofore had, owned or held, or claimed to have had, owned or held."  Arctic Circle did not release "any and all claims whatsoever," but instead released a specific category of then-existing claims.

### C.    The Recitals Do Not Supplement or Change the Actual Terms in the Agreement

AJMC also refers to two recitals, both of which are irrelevant to the Scope Clause.  Indeed, both recitals are on their face limited to benefits conferred between the parties.  Neither recital mentions third parties.  For instance, the first

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.          -6-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

recital in paragraph D addresses the parties' – that is Arctic Circle's and Roth's – desire to release *each other* from all claims related to the "Roth IP."

McBrayer Decl. Ex. 23. p.3.  This recital is irrelevant here because Mr. Coates and AJMC were not parties to the Roth Litigation.  Thus, the recital does not evidence any intent to confer a benefit on a third party.[2]

The second recital in paragraph E likewise does not reach the claims at issue in this litigation.  In paragraph E, the parties express a desire to release all claims that *the parties* might have against *one-another*.

*Id.*  Mr. Coates was not one of *the parties* to the Roth Litigation.  The recital in paragraph E does not apply to Mr. Coates or the claims at issue in this case.

AJMC argues that the recitals supersede the terms of the release, in particular the Scope Clause, without regard for the language of the recitals or the logical organization of the Scope Clause.  The recitals must be read in context and in light of the undisputed extrinsic evidence regarding the parties' intent.[3]  The

---

[2] The recital in paragraph D also is irrelevant here because the definition of "Roth IP" does not include the IAAC designs, Mr. Coates or his "ownership" of the IAAC designs.  The definition of "Roth IP" is directed, albeit in broad terms, exclusively at Ms. Roth.  *See* McBrayer Decl., Ex. 23, p. 3 (Roth Settlement Agreement, Recital paragraph B).

[3] The recitals are not terms of the contract – they are at best evidence regarding the parties' intent.  *See* Restatement (Second) of Contracts § 218.  As such, they can be disputed or contradicted.  *Id*.  Summary judgment in favor of AJMC is inappropriate even if the Court reads the recitals as AJMC suggests because the recitals only create a factual dispute.  *See* McBrayer Decl., Ex. 6, p. 10 (Godfred decl. at 127:3-10, 128:1-17), Ex. 21.  Such a factual dispute should not be resolved on summary judgment.  *Alyeska Pipeline Serv. Co. v. O'Kelley*, 645 P.2d 767, 771 n.2 (Alaska, 1982).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.          -7-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

recital in paragraph D, for example, makes clear that any release is limited to "the terms set forth below."

AJMC also parses the phrase "might be able" in paragraph E and argues that it supersedes the express temporal limitation in the Scope Clause. The entire clause expresses a desire to settle claims "that *the parties* might be able to bring *against one another*." *Id.* This does not express any intent to benefit a third-party beneficiary. Moreover, even if the recital (drafted in the first draft of the contract) purports to expand the temporal element of the Scope Clause to claims based on future conduct, the parties later (and closer in time to the execution of the contract) expressly declined to extend the Release to future use of the IAAC designs by third parties. *See* McBrayer Decl., Ex. 21. AJMC's argument and parsing of paragraph E is nothing more than an attempt to "interpret" a third-party benefit back into the contract. As Arctic Circle emphasized before, AJMC cannot now litigate what Ms. Roth failed to negotiate. The recitals do not support AJMC's argument.

**D.   The Extrinsic Evidence Is Undisputed and Confirms Arctic Circle's Position**

**1.   The parol evidence rule does not preclude the extrinsic evidence**

The parol evidence rule does not apply to this Court's consideration of extrinsic evidence of intent regarding the contract at issue. The Alaska parol evidence rule distinguishes between extrinsic evidence that is received to determine the intent of the parties from extrinsic evidence offered to add or contradict terms of a contract. *See Alaska Diversified Contractors, Inc. v. Lower Kuskokwim Sch. Dist.*, 778 P.2d 581, 583-84 (Alaska 1989) ("Extrinsic evidence

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.           -8-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

may always received on the question of meaning."). Moreover, extrinsic evidence is relevant and admissible to determine whether the parties to a contract intended to confer a benefit on a third-party beneficiary. Restatement (Second) of Contracts § 302 cmt. A (1981)[4]; *see also Fairbanks Northstar Borough v. Tundra Tours, Inc*., 719 P.2d 1020, 1024 (Alaska 1986) (intent of the parties should be assessed from relevant extrinsic evidence).

AJMC argues the extrinsic evidence as somehow supporting a new term or contradicting the plain meaning of the Release. *See* AJMC Opposition Brief at p. 10. In particular, AJMC argues that the extrinsic evidence cannot contradict the word "forever" in the Release. This argument misses the point. The issue before the Court is "What claims were released?" not "How long will the covenant not to sue last?" The extrinsic evidence is being offered to illuminate the parties' intent regarding the first question – "What claims were released?" The parol evidence rule does not apply.

### 2. Arctic Circle and Ms. Roth did not intend to release future use of the IAAC designs

The undisputed evidence shows that the parties did not intend the Scope Clause to confer the benefit AJMC now seeks. Arctic Circle specifically rejected that very benefit. *See* McBrayer Decl., Ex. 6 pp. 9-10; Ex. 21 ("We cannot fight battles over IAAC that might never happen."). AJMC offers no evidence to dispute this evidence of intent. Instead, AJMC suggests that Mr. Bookman's clear and repeated rejection of the Future IAAC Covenant can somehow be read as Arctic Circle's approval of that Covenant. *See* AJMC Opposition Brief at p. 12.

---

[4] The Alaska Supreme Court adopted the approach of § 302 of the Restatement in *Smallwood*, 151 P.3d at 323-24. The Court also recently cited § 302 in *Rathke v. Corr. Corp. of Amer.*, 153 P.3d 303, 310 (Alaska 2007).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.   -9-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

This makes no sense. First, Arctic Circle would have left the Future IAAC Covenant in the agreement had it intended to release the conduct described therein. Second, Arctic Circle clearly and repeatedly expressed its intent to not include the Future IAAC Covenant in the contract. *See id.* p. 15 ("Arctic Circle is not interested in negotiating any new terms at this point . . . just send me a settlement document that reflects our actual agreement."); p. 14 ("Please send me an appropriate settlement document. We cannot fight battles over IAAC that may never happen."). Whatever its motivation, Arctic Circle rejected the Future IAAC Covenant. The rejected Covenant is sufficient to establish that Arctic Circle did not intend to release future claims based on acts or products connected to the IAAC designs. *See id.* p. 6 (Future IAAC Covenant at ¶ 2(c)).

The extrinsic evidence thus confirms the plain meaning of the Release. The parties to the contract did not intend Mr. Coates and AJMC to benefit from the contract in the manner AJMC now seeks.

### E. *Augustine Medical* Does Not Apply in the Third-Party Beneficiary Context

AJMC continues to rely on *Augustine Medical* to expand the literal meaning of the Scope Clause. *Augustine Medical* is distinguishable for several reasons. First, *Augustine Medical* involved a release and later lawsuit between the same parties. *Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1373 (Fed. Cir. 1999). The Federal Circuit held that the releasor had not met its burden of establishing that it had reserved the relevant claim. *Id.* at 1373. This case, on the other hand, involves a very different assertion. AJMC is a putative third-party beneficiary. As such, it bears the burden according to Alaska law to prove it was an "intended beneficiary." *Kodiak Elec.*, 694 P.2d at 154.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Augustine Medical* does not apply to the instant case, which is based on a third-party claims.

The Federal Circuit confirmed this fundamental difference in *Unova, Inc. v. Acer, Inc.*, 363 F.3d 1278, 1280-81 (Fed. Cir. 2004). The *Unova* court examined a putative third party's request to benefit from a prior release and squarely placed the burden on the putative third-party beneficiary. *Unova*, 363 F.3d at 1280-81. Indeed, the *Unova* court did not even refer to *Augustine Medical* or the burden it placed on the releasor (on which AJMC now relies). AJMC argues that *Unova* involved a different release. AJMC Opposition Brief at p. 14. This distinction misses the point. *Unova* is significant because the Federal Circuit recognized after *Augustine Medical* that a different and state-law focused analysis is required when a putative third party beneficiary claim is at issue. AJMC ignores the holding in *Unova* that state law applies, and instead relies on the policy preference expressed in *Augustine Medical* to liberally construe settlement agreements between the same parties. The Federal Circuit did not apply that same preference in *Unova*. *Augustine Medical* does not apply to third-party beneficiary cases.

*Augustine Medical* is also distinguishable because the release at issue was materially different. It covered claims the parties "may have" that were "related to any actions taken by [the defendant] on or before the date of the Settlement Agreement." *Id.* at 1371. Given these terms, the Federal Circuit interpreted the release to include claims that were "related to" the litigated claims. The release in the Roth Settlement Agreement does not extend to any claims that Arctic Circle "may have" had or that were "related to any actions" taken prior to the date of the Settlement Agreement. Instead, it is specifically limited to claims that existed at the time, and arose out of "facts alleged in any pleading."

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Nevertheless, AJMC seeks to extend *Augustine Medical* to a federal common law rule that all releases should include later claims that are merely "related to" earlier claims. Such federal common law does not exist. *Miree v. DeKalb County, Georgia*, 433 U.S. 25, 29-30 (1977) (declining to create federal common law to govern the rights of third party beneficiaries under a contract). Instead, state law and the contract at issue apply here. *Unova*, 363 F.3d at 1280. That contract and its Scope Clause do not contain the terms "may have" or "related to." It is expressly limited to claims "arising out of . . . facts alleged in any pleading."

Lastly, *Augustine Medical* does not apply because the product at issue there was manufactured before and after the date of the settlement agreement. *Id.* at 1373 ("Here, Augustine had a clear knowledge at the time of the Settlement Agreement Progressive was producing and marketing the convective warming blankets at issue . . . and it was likely obvious that the production and marketing were not ceased the instant the Settlement Agreement was signed."). The Federal Circuit relied on this fact when it held the releasor failed to prove it had reserved the claims. *Id.* Even setting aside the different burden applicable here, the same logic does not apply because the 2006 AJMC Photo Album did not exist in 2004. The record here is undisputed that the product at issue, unlike the product in *Augustine Medical*, was not manufactured before the Settlement Agreement. *Augustine Medical* does not apply.

**F.     Alaska Law Confirms That Post-Settlement Conduct Is Not Covered by the Roth Settlement Agreement**

The Alaska Supreme Court decision in *Petroleum Sales, Ltd. v. Mapco Alaska, Inc.* is instructive given the undisputed facts. *See* 687 P.2d 923, 930

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.           -12-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

(Alaska 1984). In *Mapco*, the parties settled an earlier antitrust lawsuit and released claims that existed on or before the settlement date. *Id*. at 928-29. The court dismissed a later action that alleged both pre- and post-settlement conduct because the one alleged post-settlement act did not by itself support a new cause of action. *Id.* at 929. The court noted, however, that the release would not have barred new claims based exclusively on post-settlement conduct. *Id.*; *see also Miles v. Am. Seafoods Co.*, 197 F.3d 1032, 1033 (9th Cir. 1999). Such a claim is at issue here.

Like the releases in *Mapco* and *Miles*, the Release here does not cover claims based on future conduct. Unlike the new claim in *Mapco*, however, Arctic Circle's claim is fully supported by conduct that indisputably occurred post-settlement. For instance, AJMC does not dispute that Hayes Specialties, Inc. did not make the albums at issue until 2006. McBrayer Decl., Ex. 7, p. 3. It also does not dispute that Hayes' involved its own designer to "revise" the design to create a new album (*id.*, Ex. 24 p.3) or that Mr. Coates did not approve that new and modified design until January 2006. *Id*. p. 2; *see also* Ex. 7, p. 4 (25:2 through 26:14), Ex. 6 (33:6 through 35:1). Lastly, AJMC did not dispute the legal conclusion that a new printing or distribution of a book starts a new infringement under copyright law. *See Blackman v. Hustler Magazine, Inc.*, 620 F. Supp. 792, 796 (D.D.C. 1985). As discussed in *Mapco* and *Miles*, post-settlement claims that are fully supported by post-settlement conduct are not covered by the Release.

## V. THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT BASED ON UNDISPUTED FACTS

The undisputed facts compel partial summary judgment in favor of Arctic Circle. Foremost, AJMC does not dispute that the 2006 AJMC Photo Album did

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

not exist at the time of the Roth Settlement Agreement. It did not exist as a design, and was not made or sold until 2006. AJMC also did not dispute the legal conclusion that a new printing of a book or other publication gives rise to a new and independent claim under copyright law. *Blackman*, 620 F. Supp. at 796. These compel the conclusion that Arctic Circle did not and could not have brought its current claim against Mr. Coates or AJMC at the time of the Roth Settlement Agreement. Arctic Circle's current claim is based entirely on post-settlement conduct by AJMC. As such, the current claim is not covered by the Release.

Summary judgment is also appropriate in light of AJMC's failure to meet its burden to prove it is an intended beneficiary for the specific benefit it now seeks. AJMC produced no evidence regarding the parties' intent and the language of the contract literally precludes AJMC's argument. Arctic Circle and Roth considered and specifically rejected the Future IAAC Covenant that would have given AJMC the relief it now seeks. Such a Covenant was not negotiated into the contract and should not now be "interpreted" back in.

Even ignoring the Bookman/Kagan e-mails, the only extrinsic evidence of record is the undisputed testimony of Mr. Godfred. He testified that the parties did not intend for Ms. Roth's customers to be able to manufacture new photo albums from the IAAC design. McBrayer Decl., Ex. 6, p. 11. The Bookman/Kagan e-mails, if considered, only confirm Mr. Godfred's testimony. Mr. Bookman rejected the Future IAAC Covenant and expressed – on several occasions – Arctic Circle's refusal to release claims based on future products or future use of the IAAC designs. McBrayer Decl. Ex. 21. This undisputed evidence compels summary judgment for Arctic Circle.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.        -14-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

## VI. CONCLUSION

AJMC did not meet its burden to set forth disputed facts that might justify its defense based on the Release. The Court should accordingly grant summary judgment in favor of Arctic Circle.

Respectfully submitted this 21st day of May, 2007.

s/ Ryan J. McBrayer
Ryan J. McBrayer (*Pro Hac Vice*)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Tel: 206.359.8000/Fax: 206.359.9000
RMcBrayer@perkinscoie.com
James N. Leik, Alaska Bar No. 8111109
JLeik@perkinscoie.com
Kyan Olanna, Alaska Bar No. 0405024
KOlanna@perkinscoie.com
**Perkins Coie LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Tel:  907.279.8561/Fax:  907.276.3108

Attorneys for Plaintiff
Arctic Circle Enterprises, LLC

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining Co.        -15-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13240366.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2007, I electronically filed the foregoing Arctic Circle Enterprises, LLC's Reply Memorandum in Support of Its Cross-Motion for Partial Summary Judgment with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Gregory F. Wesner
gwesner@klgates.com
K&L Gates LLP
925 4th Ave Suite 2900
Seattle WA 98104
Ph: (206) 370-6746
Fax: (206) 370-6319

J. Michael Keyes, Esq.
jmkeyes@klgates.com
Brook C. Kuhl
brooke.kuhl@klgates.com
K&L Gates LLP
W. 601 Riverside, Suite 1400
Spokane, WA 99201
Ph: (509) 241-1527
Fax: (509) 444-7863

Paul L. Davis, Esq.
davisp@klgates.com
K&L Gates LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Ph: (907) 777-7609
Fax: (907) 777-7009

Dated: May 21, 2007.

*/s/ James N. Leik*
James N. Leik

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108