# Exhibit 1

Exhibit 1- 1

```
                                                              FILED
                                                         U.S. DISTRICT COURT
                                                          DISTRICT OF ALASKA
```

1  Kenneth S. Kagan                          The Honorable J. W. Sedwick
2  Carney Badley Spellman, P.S.              2004 OCT 12 PM 3: 45
   700 Fifth Avenue, #5800
3  Seattle, WA 98104-5017
   Telephone: (206) 622-8020
4  Facsimile: (206) 622-8983

5  Attorneys for Sandy Roth; Tandem Imports, Inc.;
   and Keystar International, Ltd.

6

7              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF ALASKA
8

9  ARCTIC CIRCLE ENTERPRISES, INC.,

10              Plaintiff,

11       vs.

12 SANDY ROTH and TANDEM
   IMPORTS, INC., a Washington
13 Corporation, and KEYSTAR
   INTERNATIONAL, LTD.,
14
                Defendants.
15
                                    Case No. A03-139 CV (JWS)

16  **REPLY TO PLAINTIFF'S OPPOSITION TO ROTH & TANDEM'S MOTION
17   TO DISMISS TRADE DRESS CLAIMS ON THE PLEADINGS**

18                    I. **INTRODUCTION**

19       ACE accuses Roth of misstating the law by not addressing the distinction between

20 "product design" and "product packaging" under trade dress law. Roth may be excused

21 for thinking that packaging was not at issue in this case, since none of the items are sold

REPLY TO PLAINTIFF'S
OPPOSITION TO ROTH &           CARNEY         LAW OFFICES
TANDEM'S MOTION TO DISMISS     BADLEY         A PROFESSIONAL SERVICE CORPORATION
TRADE DRESS CLAIMS ON THE      SPELLMAN       700 FIFTH AVENUE, #5800
PLEADINGS – 1                                 SEATTLE, WA 98104-5017
A03-139 CV (JWS)                              FAX (206) 467-8215
rot004 0001 fj123304 10/12/04                 TEL (206) 622-8020

**Exhibit 1- 2**

in any packaging. If ACE's argument is that words on a hang tag constitute "packaging," however, then ACE is simply mistaken. As a matter of fundamental trademark law, words cannot constitute "packaging."

In any event, ACE now admits that its claims are limited to hang tags bearing the mark "ALASKAN FRIENDS" or the mark "ALASKA FRIENDS." In other words, *ACE admits it has no trade dress rights in any of the product designs at issue in this case.* As pointed out in Roth's opening brief in support of this Motion, with trade dress claims gone, the state claims *necessarily* wither and die as a matter of law. ACE admits as much in its Opposition, stating that "In the absence of any precedent in trade dress cases, the federal cases interpreting section 1125 of the Lanham Act, cited above, should be appropriate persuasive precedent to interpret the Alaska statute." Opposition, p. 9.

With ACE conceding it has no trade dress rights in the designs of its products, and with ACE admitting that it therefore has no rights under the Alaska unfair competition statute, it is proper for this Court to grant Roth's motion to dismiss *all* of ACE's claims against the enjoined Roth products that ACE admits were sold without packaging.

Dismissing all of ACE's claims against these items will necessitate a modification of the preliminary injunction. It may also be proper for this Court to consider whether to permit Roth to recover from ACE, at a minimum, her lost profits on these items which ACE succeeded in enjoining on a legal theory it has now disclaimed.

REPLY TO PLAINTIFF'S
OPPOSITION TO ROTH &
TANDEM'S MOTION TO DISMISS
TRADE DRESS CLAIMS ON THE
PLEADINGS – 2
A03-139 CV (JWS)
rot004 0001 fj123304 10/12/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

**Exhibit 1- 3**

## II. DISCUSSION

### A. Roth did not misrepresent the holding in *Wal-Mart*.

Roth readily concedes that *Wal-Mart* treats product *packaging* and product *configuration* differently. With respect to trade dress rights in product configuration, *Wal-Mart* does create a "bright-line" test requiring a showing of secondary meaning. With respect to trade dress rights in product packaging, however, *Wal-Mart* does **not** disturb the common law principle that rights may exist either upon a showing of secondary meaning, or upon a showing that the product packaging is inherently distinctive. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 120 S. Ct. 1339 (2000).

Roth should be forgiven, however, for focusing the inquiry in her Motion to Dismiss upon the issue of product *configuration*, because none of the items at issue in this case are sold in any packaging. Moreover, even assuming, for the sake of argument, that the wording on ACE's hang tags could constitute "packaging," Roth's Motion dealt with the "hang tag" items separately and cannot in any way be regarded as misleading. This is evident from Roth's argument that:

> It necessarily follows that if the scope of the injunction includes items sold or distributed by Roth that are *not* sold in conjunction with the mark 'FRONTIER ALASKA FRIENDS,' and *not* the subject of ACE's 'mislabeling' claims, then that part of the injunction *cannot* be based upon ACE's allegations of trademark infringement. All that is left is trade dress infringement.

REPLY TO PLAINTIFF'S
OPPOSITION TO ROTH &
TANDEM'S MOTION TO DISMISS
TRADE DRESS CLAIMS ON THE
PLEADINGS – 3
A03-139 CV (JWS)
rot004 0001 fj123304 10/12/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

**Exhibit 1- 4**

Roth's Motion to Dismiss, p. 4 (emphasis in original)[1].

Therefore, even if this Court were to accept ACE's argument that words on a hang tag constitute "trade dress," there was nothing misleading about Roth's argument, which clearly excluded the "hang tag" items from her discussion of product configuration.

That Roth could not have predicted ACE's argument that words on a hang tag constitute "packaging" should not be surprising, because there is no authority for such an outlandish claim.

B.    Words are not "packaging."

There is a fundamental distinction in trademark law between "word marks" and "design marks." *See, e.g.* Trademark Manual of Examining Procedure (TMEP) § 1207.01(b)(i) (stating the test for similarity of word marks); TMEP § 1207.01(c) (stating the separate test for similarity of design marks); *see also Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F. 3d 455, 467 fn. 16 (4th Cir. 1996) ("Sara Lee has suggested that the use of an infringing mark on product packaging, standing alone, also constitutes a trade dress violation. We have scrutinized Professor McCarthy's treatise as it pertains to trade dress, see note 2, supra, and can find no support for this argument.")

It is apparent that ACE does not appreciate this distinction, or the applicable law. For example, ACE cites the well-known *Abercrombie* decision in ACE's Opposition

---

[1] For the sake of argument, Roth adopted ACE's interpretation of the proper way to read the mark on Roth's hang tag. It is Roth's position, though, that it should be read "ALASKA FRONTIER FRIENDS."

REPLY TO PLAINTIFF'S
OPPOSITION TO ROTH &
TANDEM'S MOTION TO DISMISS
TRADE DRESS CLAIMS ON THE
PLEADINGS – 4
A03-139 CV (JWS)
rot004 0001 fj123304 10/12/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 1- 5

section entitled "Words Used in Packaging Trade Dress Can Be Inherently Distinctive." Opposition, p. 8. *Abercrombie* does set up the classic spectrum ranging from generic/descriptive to fanciful/arbitrary. But this is the spectrum that applies to *word marks*. *Abercrombie* itself has *nothing* at all to do with trade dress. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4 (2nd Cir. 1976). ACE's citation to *Abercrombie* does not, therefore, support its contention that words alone can constitute trade dress. Roth (and the Fourth Circuit Court of Appeals) are unaware of any authority for such a proposition. *Sara Lee*, 81 F.3d at 455, 467 fn. 16.

C.  **Examples of what constitutes product-packaging "trade dress."**

Trade dress has historically referred to the packaging of goods, or in other words to the way the product is "dressed up" for market.[2] Product-packaging trade dress includes:

- the Coca-Cola bottle[3];
- Tiffany's blue jewelry box;[4]
- candy bar wrappers;[5]

---

[2] J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, vol. 1, § 8:1 (4th ed. 2002).

[3] *See, e.g. Rose Art Industries Inc., v. Swanson*, 235 F.3d 165, 174 fn. 10 (3rd Cir. 2000) (the Coca-Cola bottle is "certainly" recognizable trade dress); *see generally* www.cokebuddy.com.au/about_contour.asp (Official Coca-Cola history site - The Coca-Cola "hobble skirt" contour bottle debuted in 1915, but was not recognized by the Trademark Office as having acquired trade dress rights until April 12, 1960.)

[4] *Eco Mfg. LLC v. Honeywell Int'l*, 357 F.3d 649 (7th Cir. 2003).

[5] *In re World's Finest Chocolate, Inc.*, 474 F.2d 1012 (C.C.P.A. 1973).

REPLY TO PLAINTIFF'S
OPPOSITION TOROTH &
TANDEM'S MOTION TO DISMISS
TRADE DRESS CLAIMS ON THE
PLEADINGS – 5
A03-139 CV (JWS)
rot04 0001 fj123304 10/12/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 1- 6

- the "pinched decanter" of a brand of whiskey;[6]
- a cosmetic bottle with concave indentations;[7]
- a flashlight-shape container for a tire repair kit;[8]
- the interior appearance and decor of a restaurant.[9]

Thus, the distinctive packaging of a beverage may be protectable trade dress. The distinctive packaging for jewelry may be protectable trade dress. Even the distinctive interior decor of a Mexican restaurant may be protectable trade dress. But, ACE has no packaging for its products, and therefore no protectable trade dress in "packaging."

D.  **ACE is really talking about trademark rights in words.**

What ACE really means, when it claims "trade dress" rights in the words on its hang tag, is that ACE claims the exclusive right to use: (1) the registered word mark "ALASKAN FRIENDS" in association with the goods and services identified in its trademark registration; and (2) the unregistered common law word mark "ALASKA FRIENDS" in association with the goods and services with which ACE has consistently used that unregistered mark.

---

[6]  *Ex parte Haig & Haig Ltd.*, 118 U.S.P.Q. 229 (Comm'r Pats. 1958).

[7]  *In re Creative Beauty Innovations, Inc.*, 56 U.S.P.Q.2d 1203 (TTAB 2000).

[8]  *In re Fre-Mar Industries, Inc.*, 158 U.S.P.Q. 364 (TTAB 1968).

[9]  *Two Pesos v. Taco Cabana*, 505 U.S. 763, 112 S. Ct. 2753 (1992); *T.G.I. Friday's v. International Restaurant Group*, 405 F. Supp. 698 (M.D. La. 1975), *aff'd*, 569 F.2d 895 (5th Cir. 1978) (interior motif of restaurant-bar could be trade dress, but no secondary meaning proven).

REPLY TO PLAINTIFF'S
OPPOSITION TO ROTH &
TANDEM'S MOTION TO DISMISS
TRADE DRESS CLAIMS ON THE
PLEADINGS – 6
A03-139 CV (JWS)
rot004 0001 fj123304 10/12/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICES CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 1- 7

ACE's alleged rights in these word marks are an issue for a different day. Roth's instant Motion to Dismiss only dealt with product *configuration*, and ACE's failure to plead secondary meaning in any product configuration.

Helpfully, however, ACE has now obviated any secondary meaning issues by expressly disclaiming *any* and *all* trade dress rights under federal or state law in any of its products sold without a hang tag. No product configuration claims remain, and this has significant implications for the preliminary injunction entered in this case.

E. **No product configuration claims remain, and the injunction must be amended.**

ACE frankly stunned Roth when it recently disclaimed any trade dress rights in its products sold without a hang tag. With ACE conceding it has no trade dress rights in the designs of its products, and with ACE admitting that it therefore has no rights under the Alaska unfair competition statute, it is proper for this Court to grant Roth's motion to dismiss *all* of ACE's claims against the following enjoined Roth products which ACE admits are sold without ACE's "hang tag" packaging:

- 200 pocket photo album Alaska map design item #8689
- 100 pocket photo album Alaska map design UPC #8-01283-41235-7
- 100 pocket photo album Alaska map design item #8688
- Panoramic photo album Alaska map design UPC #8-01283-40097-2
- Alaska doll three strands of beads UPC #8-01283-0040032

REPLY TO PLAINTIFF'S
OPPOSITION TO ROTH &
TANDEM'S MOTION TO DISMISS
TRADE DRESS CLAIMS ON THE
PLEADINGS – 7
A03-139 CV (JWS)
rot004 0001 fj123304 10/12/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

**Exhibit 1- 8**

- Floral print doll UPC #8-01283-30019-7
- Braids and strings doll UPC #8-01283-300272
- Alaska mug box UPC #8-01283-061470[10]
- Ketchikan multi-color hat UPC #8-01283-920306
- Polystone totem poles UPC #12831099
- Polystone totem boxes similar to Arctic Circle's
- Gold flake key chain UPC #8-01283-40023-1
- Baseball caps with circle design on brim similar to Arctic Circle's

See, October 27, 2003 Preliminary Injunction; Opposition, p. 3 fn. 4.

### III. CONCLUSION AND RELIEF SOUGHT

ACE has conceded that it has no trade dress rights in the designs of its products. ACE's only remaining "trade dress" claims relate to the words on its hang tag. In fact, these claims are not really trade dress claims at all, and instead should be characterized as "trademark" claims in "word marks." In any event, Roth will leave for another day the issue of ACE's word mark claims, because that issue is irrelevant to all of the items which ACE concedes are sold without the ACE "hang tag."

---

[10] This item is a box for a mug, and Roth concedes that it is probably "packaging" under the trade dress analysis. But, ACE has disclaimed any and all trade dress rights for this box, which does not bear the ACE "hang tag." In light of ACE's disclaimer, it is appropriate to group this item with the others on this list.

REPLY TO PLAINTIFF'S
OPPOSITION TO ROTH &
TANDEM'S MOTION TO DISMISS
TRADE DRESS CLAIMS ON THE
PLEADINGS – 8
A03-139 CV (JWS)
rot004 0001 fj123304 10/12/04

CARNEY
BADLEY
SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

Exhibit 1- 9

With ACE conceding no trade dress rights in designs, and with ACE admitting that it therefore has no rights under the Alaska unfair competition statute, it is proper for this Court to grant Roth's motion to dismiss *all* of ACE's <u>trade dress</u> claims.[11]

WHEREFORE, Roth and Tandem respectfully request that the Court grant Roth and Tandem's Motion to Dismiss Trade Dress Claims on the Pleadings in its entirety.

DATED this 12th day of October, 2004.

CARNEY BADLEY SPELLMAN, P.S.

By _____
Kenneth S. Kagan
Washington State Bar No. 12983

CHRISTENSEN O'CONNOR JOHNSON KINDNESS, PLLC

By _____
Gregory F. Wesner
Washington State Bar No. 30241

---

[11] If the Court grants defendants Roth & Tandem's Motion to Dismiss, defendants will promptly move for an order consistent with the granting of this motion: lifting the injunction on the Roth items that do not bear a "hang tag," and whatever other and further relief is consistent with the interests of justice.

REPLY TO PLAINTIFF'S OPPOSITION TO ROTH & TANDEM'S MOTION TO DISMISS TRADE DRESS CLAIMS ON THE PLEADINGS – 9
A03-139 CV (JWS)
rot004 0001 fj123304 10/12/04

CARNEY BADLEY SPELLMAN

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
700 FIFTH AVENUE, #5800
SEATTLE, WA 98104-5017
FAX (206) 467-8215
TEL (206) 622-8020

**Exhibit 1- 10**