**Paul L. Davis**
Email: paul.davis@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1971
Phone: 907-276-1969
Fax: 907-276-1365

**Gregory F. Wesner**
Email: gregory.wesner@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Phone: 206-623-7580
Fax: 206-623-7022

**J. Michael Keyes**
**Brooke Castle Kuhl**
Email: mike.keyes@klgates.com
Email: brooke.kuhl@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
618 West Riverside Avenue, Suite 300
Spokane, WA 99201
Phone: 509-624-2100
Fax: 509-456-0146

Attorneys for Defendant
Alaska-Juneau Mining Company, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>ALASKA-JUNEAU MINING COMPANY LLC.,<br><br>　　　　　　　　Defendant. | Case No. 3:06-cv-00170-TMB<br><br>**AJMC'S REPLY MEMORANDUM IN SUPPORT OF AJMC'S MOTION TO STRIKE** |

## I. INTRODUCTION

AJMC's motion to strike should be granted. Contrary to ACE's claim, there is no "state of mind" or "intent" exception to the parol evidence rule; rather, it is a substantive rule of Alaska contract law that prohibits the admission of extrinsic evidence that either conflicts or supplements a fully-integrated agreement. ACE's proffered testimony does both and cannot be used to create an issue of material fact regarding the interpretation of the Roth Settlement Agreement. On this basis alone, the proffered extrinsic evidence should be stricken.

In addition to these substantive deficiencies, there are procedural ones as well. ACE's belated production of the "Bookman/Kagen" emails violates Fed. R. Civ. P. 26(a) and is further compounded by ACE's introduction of a heretofore unidentified witness to authenticate and provide personal knowledge regarding this post-discovery and post-summary-judgment-filing production. ACE has failed to establish that its production in violation of the discovery rules was substantially justified or otherwise harmless to AJMC. Further, ACE's submission of the "Bookman/Kagen" emails constitutes inadmissible hearsay because they are being offered to prove the truth of what is allegedly asserted within them.

For all of these reasons, AJMC's motion to strike should be granted.

## II. LAW AND ARGUMENT

**A. The so-called Bookman/Kagen email exchange and the self-serving testimony of Mr. Godfred violate the parol evidence rule because ACE offers this extrinsic evidence to contradict and supplement the terms of the fully-integrated Roth Settlement Agreement.**

ACE incorrectly claims that the parol evidence rule does not apply to bar the admission of the Bookman/Kagen emails and the testimony of Mr. Godfred because they are supposedly "being offered to prove the intent and state of mind of Artic Circle and Ms. Roth when they entered the

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -2-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK,P21JI

Roth Settlement Agreement." *See* ACE's Opposition to Motion to Strike, p. 4. This is an inaccurate as well as incomplete statement of the parol evidence rule.

There is no such thing as a "state of mind" or an "intent" exception to the parol evidence rule and nothing in either case cited by ACE remotely suggests that any such exception exists. "The parol evidence rule is a rule of substantive law which holds that an integrated written contract may not be varied or contradicted by prior negotiations or agreements." *Alaska Diversified Contractors, Inc. v. Lower Kuskokwim School Dist.*, 778 P.2d 581, 583-84 (Alaska 1989). Although "extrinsic evidence may always be received on the question of meaning", *see id.* at 584, the ultimate inquiry is whether that proffered extrinsic evidence "conflicts with the integrated agreement." *Still v. Cunningham*, 94 P.3d 1104, 1109 (Alaska 2004). If it does, the parol evidence rule precludes that extrinsic evidence from being admitted into evidence. *Id.* As noted by *Alaska Diversified Contractors*:

> There is an obvious tension between using extrinsic evidence of a prior agreement for the purpose of determining the meaning of an integrated contract, and barring the use of a prior agreement to change an integrated contract once its meaning is determined. <u>*The evidence which is consulted to determine meaning may be the same evidence which is later excluded, or rendered irrelevant, by the parol evidence rule*</u>. However, this apparent conflict is made manageable in most cases by various practical rules. For example, while extrinsic evidence should be consulted in determining the meaning of a written contract, nonetheless "after the transaction has been shown in all its length and breadth, the words of an integrated agreement remain the most important evidence of intention."

*Alaska Diversified Contractors, Inc.*, 778 P.2d at 584 (emphasis supplied).

Here, ACE offers the Bookman/Kagen extrinsic evidence to supposedly prove that ACE did not release Roth, Coates, or AJMC from any claims with respect to the IAAC Alaska Map Photo

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC        -3-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK.P21J1

Album Design.[1]  This proffered submission (at least with respect to the meaning attached to it by ACE) directly contradicts the express terms of the Roth Settlement Agreement under which ACE **forever** released and **forever** covenanted not to sue the Roth Releasees for any causes of action, known or unknown, of any nature whatsoever, "arising out of any facts alleged in ***any*** pleading in the Litigation."  *See* Keyes Aff., Ex. 12, ¶ 2(b) (filed March 29, 2007) (emphasis supplied).  It was alleged by Roth in her Proposed Second Amended Answer[2] that Coates (along with others) owned the entire "right, title, and interest" in the "IAAC Designs" and "all intellectual property therein."  Keyes Aff., Exhibit 6, p. 23, ¶ 18.  Thus, ACE's proffered email exchange (supposedly showing that the IAAC Designs were excluded from the Settlement Agreement) directly conflicts with the language of the fully-integrated Settlement Agreement.  Accordingly, the Bookman/Kagen email exchange should be stricken and ACE should not be allowed to use this as evidence of what the Settlement Agreement supposedly "means."

The self-serving testimony of Mr. Godfred also violates the parol evidence rule and is of no probative evidentiary value in any event.  Godfred's testimony is being offered to supposedly show that the parties "intended" the release to apply to "existing stock" and that it simply allowed Roth and her customers to sell "existing inventory."  ACE Brief in Opposition to AJMC's Motion for Summary Judgment, pp. 12-13.  A fully-integrated contract can neither be contradicted nor

---

[1] As noted by AJMC in its Summary Judgment reply memorandum, the "Bookman/Kagen" email exchange can actually be read consistently with the express terms of the Roth Settlement Agreement.  *See* AJMC Reply Memorandum filed May 15, 2007, pp. 11-12.

[2] A proposed pleading that is attached to a motion for leave is exactly that, a proposed **pleading**.  The Release and Covenant Not To Sue does not distinguish between pleadings, be they original, amended, or proposed.  Quite the contrary, the Settlement Agreement unambiguously refers to ***any*** pleading in the Roth Litigation.  Roth's Proposed Second Amended Answer (that was filed along with a motion for leave to file same) certainly constitutes ***any*** pleading in the Roth Litigation.

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC        -4-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK,P21JI

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

supplemented by extrinsic evidence. *Still*, 94 P.3d at 1109. Godfred's testimony does both. It purports to add a limitation into the scope of the release, i.e., that the release only allowed Roth and the Roth Releasees to sell existing inventory and not produce new products. No such limitation exists and Godfred was unable to pinpoint any language that would support this supposed limitation. *See* Mitchell Godfred 30(b)(6) deposition testimony, attached to the Declaration of Ryan McBrayer, Ex. 6, at p. 9-10 (Godfred Dep., p. 128, lns. 18-24; p. 129, lns. 23-25; p. 130, lns. 1-9).

Further, Godfred's subjective statement as to the intent of the parties does not "establish an issue of fact regarding the parties' reasonable expectations at the time they entered into the contract, since such self-serving statements are not considered to be probative." *Still*, 94 P.3d at 1110. For these reasons, the Court should strike Godfred's testimony as well.

In sum, ACE ignores the parol evidence rule and invites this Court to do the same. The Court should reject ACE's invitation and should instead find that ACE's proffered extrinsic evidence would conflict with—or otherwise supplement—the terms of the fully-integrated Roth Settlement Agreement. Accordingly, this Court should order this proffered evidence to be stricken. *See Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 886 (9th Cir. 1996) (upholding summary judgment based on exclusion of evidence that would violate the parol evidence rule).

B.  **The "Bookman/Kagen" email exchange is inadmissible because Mr. McBrayer has no personal knowledge regarding these documents.**

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC         -5-
Case No.  3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK.P21JI

ACE's submission of the "Bookman/Kagen" email exchange—i.e., documents not disclosed until nearly 45 days after the discovery cutoff, and then only in response to AJMC's motion for summary judgment—violates Fed. R. Civ. P. 56(e).

Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Here, Mr. McBrayer was not involved in the email exchange and provides no basis as to how he is competent to testify as to the matters set forth in emails between two non-parties to this suit. These emails are not "self-authenticating", *see Petroleum Sales, Inc. v. Valero Refining Co.*, Slip Copy, 2006 WL 3708062, *12 (N.D. Cal. 2006) (sustaining objection to emails attached to declaration on authenticity grounds where declarant fails to establish personal knowledge regarding accuracy or genuineness of the same); *Fogg v. Wart,* Slip Copy, 2006 WL 3716745, *9 (D. Or. 2006) (individual who was neither an author nor recipient of an email exchange lacked personal knowledge to satisfy the authentication requirement of FRE 901 or otherwise provide a foundation for admission of the email), and most certainly are not based on Mr. McBrayer's personal knowledge as required under Fed. R. Civ. P. 56(e). These documents should be stricken.[3]

C. **This Court should reject ACE's belated attempt to comply with Fed. R. Civ. P. 56(e) because in the process ACE has, once again, violated Fed. R. Civ. P. 26(a) and has failed to prove that its non-compliance was substantially justified or harmless.**

ACE has now produced the testimony of Mr. Bookman in support of ACE's claim that the Settlement Agreement does not bar the present claim for copyright infringement. In order for Mr.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC   -6-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK.P21JI

Bookman to provide testimony in support of ACE's claims, though, ACE was required to have identified him in its initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) (ordering that a party must provide to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . ."). Thus, not only did ACE produce the "Bookman/Kagen" emails in violation Fed. R. Civ. P. 26(a), but ACE's proffered testimony of a heretofore unidentified witness to authenticate and provide personal knowledge regarding the belatedly-disclosed documents also violates Fed. R. Civ. P. 26(a).

This Court should not allow ACE to use the Bookman/Kagen emails and the testimony of Mr. Bruce Bookman as both were required to be disclosed under Fed. R. Civ. P. 26(a). Fed. R. Civ. P. 37(c) provides that:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

This is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision 37(a)(2)(A)." *Mealing v. City of Ridgefield, Washington*, 2007 WL 1367603, *2 (W.D.Wash. 2007). "Two express exceptions ameliorate the harshness of Rule 37(c)(1): the information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *City of Grass Valley v. Newmont Min. Corp.*,

---

[3] ACE relies on two criminal cases to support its claim that the Bookman/Kagen emails alone are sufficiently authenticated for purposes of admissibility. *See* ACE Opposition to AJMC's Motion to Strike at pp. 4, 6. Even if that were true, though, ACE still must comply with Fed. R. Civ. P. 56(e).

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -7-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK.P21JI

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

2007 WL 210516, *2 (E.D.Cal. 2007). The burden is on the party producing the documents to prove that one of the two exceptions have been met. *Id.*

Here, ACE failed to meet its burden. ACE's only reason for the belatedly-produced emails is that it was "prompted by remarks in AJMC's Motion for Summary Judgment, filed March 29, 2007, to investigate certain facts. We discovered the emails and attachments between Mr. Bookman and Mr. Kagen . . . on April 10, 2007." *See* Declaration of Ryan McBrayer, ¶ 4 (filed May 21, 2007). This does not show any justification (let alone <u>substantial</u> justification), particularly in light of the fact that ACE has known that AJMC asserted as far back as August 2006 that the Settlement Agreement precluded the present claim for copyright infringement, *see* March 28, 2007 Affidavit of J. Michael Keyes, ¶ 12, Ex. 16, and that AJMC specifically pled in its Answer that "[t]o the extent the accused album is infringing, Alaska-Juneau operated under an express or implied license, sublicense, and/or release from Arctic Circle." AJMC's Answer and Affirmative Defenses, p. 5 at ¶ 8. ACE has not and cannot establish that its post-discovery identification and production was substantially justified.

ACE self-servingly and incorrectly concludes that AJMC "will suffer no prejudice from Mr. Bookman's authentication of the emails." *See* ACE's Opposition to Motion to Strike, p. 7. If ACE is allowed to use the testimony of Mr. Bookman and the supporting documents attached thereto as evidence that Roth and ACE did not intend to release any claims regarding the IAAC Designs, AJMC will need to undertake additional discovery of Mr. Bookman, Mr. Godfred, and potentially Mr. McBrayer to ascertain additional information regarding these alleged conversations and the intent of the parties during the settlement discussions. A disruption of this Court's scheduling order and the schedule of AJMC "is not harmless." *See Laser Design Intern., LLC v.*

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC     -8-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK.P21JI

*BJ Crystal, Inc.*, Slip Copy, 2007 WL 735763, *5 (N.D.Cal. 2007). The cost and burden of reopening discovery can hardly be considered "harmless." *Id.*[4]

### D. The Bookman/Kagen email exchange proffered by ACE constituted hearsay-within-hearsay that would only partially be cured if Mr. Bookman's testimony was admitted.

ACE's original submission of "negotiation history" through the Declaration of Ryan McBrayer constituted hearsay-within-hearsay and ACE did not establish an exception for each layer of hearsay. *See REP MCR Realty, L.L.C. v. Lynch*, 363 F.Supp.2d 984 (N.D.Ill. 2005) (one individual's attempt to offer another's prior statements was inadmissible hearsay). ACE's submission of Mr. Bookman's testimony only removes one layer of hearsay.

The hearsay inherent in ACE's proffered submission (even along with Mr. Bookman's testimony) is demonstrated by *U.S. v. CNA Financial Corp.*, 168 F.Supp.2d 1125, 1133 (D. Alaska 2001)—a case relied upon by ACE in opposition to the present motion. There, in determining the scope of insurance coverage and whether the government was an implied additional insured, the district court concluded that the proffered testimony from an insurance brokerage firm handling the insured's account was ***"largely hearsay"*** when offered to establish intent of the insured. *Id.* at 1133 (emphasis added). The court concluded that the declarant related the out-of-court statements "apparently for the purpose of establishing the truth of the matter asserted; specifically, that [the insured] did not intend to buy insurance for risks covered by the FTCA." *Id.* at 1133. Likewise here, ACE is offering out-of-court statements to establish what it claims are the "true" terms of the

---

[4] ACE also claims that its late production is harmless because Gregory Wesner, counsel for AJMC, was at one time counsel for Roth in the previous litigation and a recipient of two of the emails offered by ACE. However, ACE neglects to mention that the emails received by Mr. Wesner do not contain either the language or the draft agreements relied upon by ACE in opposing AJMC's motion for summary judgment. *See* McBrayer Decl., Ex. 21, pp. 17, p. 26 (emails courtesy copied

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -9-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK,P21JI

Roth Settlement Agreement. This proffered submission is hearsay and is inadmissible in opposition to AJMC's motion for summary judgment. The motion to strike should be granted.

### III. CONCLUSION

For all of these reasons, this Court should grant AJMC's motion to strike.

DATED this 29th day of May, 2007.

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By /s/ J. Michael Keyes
J. Michael Keyes, *Pro Hac Vice*
Email: mike.keyes@klgates.com
Gregory F. Wesner, *Pro Hac Vice*
Email: gregory.wesner@klgates.com
Attorneys for Defendant
Alaska-Juneau Mining Company LLC
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
618 West Riverside Avenue, Suite 300
Spokane, WA 99201
Telephone No.: 509-624-2100

Paul L. Davis
Email: paul.davis@klgates.com
Attorneys for Defendant
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1971
Telephone No.: 907-276-1969
Fax: 907-276-1365

---

to Mr. Wesner attach revised settlement agreement with changes to paragraph 4(e) "No Assignment of Claims").

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

James N. Leik, jleik@perkinscoie.com

Ramsey M. Al-Salam, RalSalam@perkinscoie.com

Ryan McBrayer, RMcBrayer@perkinscoie.com

By /s/ J. Michael Keyes
J. Michael Keyes, *Pro Hac Vice*
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
618 W. Riverside Ave. #300
Spokane, WA 99201
Telephone: 509-624-2100
Facsimile: 509-456-0146
Email: mike.keyes@klgates.com
Attorneys for Defendant
Alaska-Juneau Mining Company LLC

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -11-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK,P21JI