**Paul L. Davis**
Email: paul.davis@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L Street, Suite 400
Anchorage, AK  99501-1971
Phone: 907-276-1969
Fax: 907-276-1365

**Gregory F. Wesner**
Email: gregory.wesner@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
Phone: 206-623-7580
Fax: 206-623-7022

**J. Michael Keyes**
**Brooke Castle Kuhl**
Email: mike.keyes@klgates.com
Email: brooke.kuhl@klgates.com
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
618 West Riverside Avenue, Suite 300
Spokane, WA  99201
Phone: 509-624-2100
Fax: 509-456-0146

Attorneys for Defendant
Alaska-Juneau Mining Company, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>ALASKA-JUNEAU MINING COMPANY LLC,<br><br>                    Defendant. | Case No. 3:06-cv-00170-TMB<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |

## I. INTRODUCTION

Months after the close of discovery, Arctic Circle Enterprises ("ACE") complains that Alaska-Juneau Mining Company ("AJMC") failed to completely respond to its First Set of Interrogatories based on AJMC's insistence that ACE comply with the numerical interrogatory limitation set by Fed. R. Civ. Pro. 33(a). ACE urges this court to adopt a new rule that would turn a blind eye to ACE's compound questions and extensive use of claimed "subparts" to eviscerate the limitation set by court rule. Although federal courts have applied different standards as to when claimed "subparts" of interrogatories count towards the limit of Fed. R. Civ. Pro. 33(a), here even a cursory review of the interrogatories propounded by ACE reveals that in this case under any standard it is not a close question. AJMC respectfully requests an award of its attorney fees and costs incurred in defending this motion pursuant to Fed. R. Civ. Pro. 37(a)(4)(B).

## II. STATEMENT OF FACTS

On or about August 23, 2006, ACE served its First Set of Requests for Production of Documents. Affidavit of Brooke Kuhl ("Kuhl Aff."), ¶ 3, Ex. A. On September 22, 2006, AJMC responded to these requests. *Id.* On January 29, 2007, ACE served its First Set of Interrogatories, First Set of Requests for Admission and Second Set of Requests for Production on AJMC. *See* Exhibit 1 to ACE's Motion to Compel; Kuhl Aff. Ex. B, Ex. C. AJMC responded to the First Set of Requests for Admission on February 28, 2007. Kuhl Aff., ¶ 3, Ex. B. Pursuant to an agreed extension, AJMC responded to ACE's Second Set of Requests for Production and First Set of Interrogatories on March 7, 2007. Kuhl Aff., ¶ 3; *see also,* Ex. 1 to ACE's Motion to Compel. On March 12, 2007, and March 20, 2007, AJMC supplemented its previous production with additional documents.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC        -2-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K  6/4/07 2:28 PM

On May 10, 2007, counsel for AJMC received a letter from ACE challenging AJMC's calculation of the number of Interrogatories served by ACE as being in excess of the limit allowed by Fed. R. Civ. Pro. 33(a). A true and correct copy of that letter is attached to the Declaration of Kyan Olanna as Ex. 1. AJMC's counsel responded and the parties conferred electronically and telephonically on May 15 and 16. Kuhl Aff., ¶ 4. During those discussions, the parties disagreed as to how ACE's compound questions containing multiple subparts should be counted. *Id.* The parties also disagreed regarding ACE's request at Interrogatory No. 7 directing AJMC to produce any prior art that contained elements similar to the design elements claimed by ACE. *Id.* ACE filed this motion to compel on May 17, 2007.

In its motion, ACE raised for the first time a contention that AJMC's objection to Interrogatory No. 13 as overly broad and unduly burdensome was not well taken. *Id.* AJMC has voluntarily withdrawn that objection to No. 13, but continues to object to ACE's interrogatories exceeding the limit set by court rule and ACE's inquiries duplicating prior discovery requests.

The central issue for this court is how the compound, multipart questions asked by ACE should be counted. Specifically, AJMC directs this court's attention to Interrogatories No. 3, 4, 5, 6, 7, 8, 12, 15, and 16.

### III. LAW AND ARGUMENT

Federal Rule of Civil Procedure 33(a) limits a party serving interrogatories to twenty five, including all discrete subparts, unless leave of the court is granted or the parties otherwise stipulate. It is undisputed here that ACE did not seek leave of the court to serve additional interrogatories and further agreed that the parties have not stipulated. The question left for this court is whether

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC    -3-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_0214K  6/4/07 2:28 PM

compound questions and subparts contained in ACE's First Set of Interrogatories exceed the numerical limitation set by Fed. R. Civ. Pro. 33(a).

Federal courts have recognized the tension inherent in this rule limiting the number of interrogatories and struggled with the issue of subparts.

> Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a), or in a scheduling order, by rendering it meaningless unless each subpart counts as a separate interrogatory. On the other hand, if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic.

*Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 664 (D.Kan. 2004).

Although some courts have concluded that an interrogatory containing subparts directed at eliciting details concerning a "common theme" may be considered a single question, even those court's agree that an interrogatory which contains subparts that inquire into discrete areas even if related should, in most cases, be counted as more than one interrogatory, *Swackhammer,* 225 F.R.D. at 664-65, other courts considering the language of Fed. R. Civ. Pro. 33(a) have interpreted "discrete" to be any "part that seeks information not sought by another part." *Board of Regents of the University of Nebraska v. BASF Corp.,* Slip Copy, 2007 WL 1321723 (D. Neb. 2007). Still others consider whether the first question is primary and subsequent questions are secondary *i.e.* whether the second question can stand alone. *Safeco of America v. Rawstron,* 181 F.R.D. 441, 445 (C.D. Cal. 1998). Under each of these standards, the multiple subsets of numerous Interrogatories propounded by ACE should be counted as independent interrogatories.

ACE's motion, in part, relies on an erroneous conclusion that AJMC had a duty to object to each multipart question. *See* ACE's Motion to Compel at p. 4. ACE cites no authority for

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -4-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_0214K  6/4/07 2:28 PM

imposing such a duty and indeed the rule specifically limits the interrogatories a party may propound to another absent *"written stipulation"* or *"leave of court"*. Fed. R. Civ. Pro. 33(a) (emphasis added). The duty was on ACE to comply with the limit, stipulate with AJMC to exceed the limit, or request leave of the court to exceed the limit. AJMC cannot be blamed for ACE's inartful drafting and its attempt to circumvent both the meaning and the spirit of Fed. R. Civ. Pro. 33(a).

The Interrogatory limit set in Fed. R. Civ. Pro. 33(a) cannot be defeated by disguising multiple questions under one Interrogatory heading. *See Safeco of America v. Rawstron,* 181 F.R.D. 441, 444 (C.D. Cal. 1998). Although ACE numbered its Interrogatories as 1 through 16, many of these Interrogatories asked several discrete questions and each independent question must be counted regardless of the label attached by ACE. Interrogatories 3, 4, 5, 6, 7, 8, 12, 15, and 16 all contain multiple questions accounting for more than the one Interrogatory ACE credits them for. Each of these Interrogatories is discussed more fully below.

### A. Interrogatory No. 3 has multiple subparts inquiring into discrete areas and thus constitutes more than one interrogatory.

> INTERROGATORY NO. 3: Please explain the complete factual basis of your claim, if any, that any express or implied license, sublicense, and/or release from Arctic Circle to AJMC to manufacture, sell, copy, distribute, or display the AJMC Photo Album extended to photo albums that were not ordered or manufactured at the time the Roth litigation settled, including without limitation the identity of all communications between AJMC and Sandy Roth or Arctic Circle relating to the asserted license or release, the identity of all communications between AJMC and any actual or manufacturer regarding photo albums with a map on the cover within 12 months of May 12, 2005, and the identity of all other documents and communications related to whether AJMC's manufacture, sale, copying, distribution, and display of the AJMC Photo Album was foreseeable to Arctic Circle.

ACE Motion to Compel, Ex. 1, p. 3.

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC     -5-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K  6/4/07 2:28 PM

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

Interrogatory No. 3 asks four discrete questions: first, it demands the factual basis of AJMC's claim of release; second, it demands identification of a specific category of documents; third, it demands identification of a second category of documents; and fourth, it demands identification of a third category of documents. *See Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004) ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.") Beyond the division of the request for (1) identification of facts and (2) identification of documents, the subsequent document requests are readily severable from the first inquiry seeking communications regarding any license or release. The second seeks communications between AJMC and any manufacturer regarding photo albums with a map on the cover and the third seeks documents related to the issue of forseeability. This question cannot withstand the test discussed in *Swackhammer* as the discrete inquires identified above (although related) lack a "common theme", 225 F.R.D. at 664-65, each part seeks information not sought by the other parts, *BASF Corp.*, 2007 WL 1321723, * 1, and the secondary questions can each stand alone. *Rawstron*, 181 F.R.D. at 445. Interrogatory No. three contains four independent questions and should be counted as such.

### B. Interrogatories 4, 5, 6, and 16 improperly seek to combine questions regarding separate copyright registrations into one compound interrogatory.

> INTERROGATORY NO. 4: Please explain the complete factual basis of your claim, if any, that Arctic Circle's U.S. Copyright Nos. VAu 567-176 and VAu 567-176[1] are invalid.

ACE Motion to Compel, Ex. 1, p. 4.

---

[1] Although the same registration number is repeated twice throughout ACE's Interrogatories, we presume that it intended to ask about the two registrations at issue in this lawsuit: VAu 567-176 and VAu 567-178.

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC    -6-
Case No. 3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_0214K  6/4/07 2:28 PM

Asking the same question about two separately filed copyright registrations in one Interrogatory does not convert these discrete inquiries into one Interrogatory for purposes of the limitation set by Fed. R. Civ. Pro. 33(a). *See In re ULLICO Inc. Litigation,* Slip Copy, 2006 WL 2398742, *4 (D.D.C. 2006) (Interrogatory requesting information about actions taken by party in connection with the design, creation, approval or implementation of the 1998 and 1999 Stock Offer Programs was separable by Stock Offer Program and therefore treated as two interrogatories).

AJMC objects to Interrogatories No. 5, 6 and 16 for this same reason. Each of these questions asks two distinct questions regarding each copyright registrations. Further, Interrogatory No. 6 asks the same question regarding each registration: (1) the complete factual basis of AJMC's claim that ACE does not own the copyright to the map depicted in Registration No VAu 567-176 and VAu 567-178; and (2) the complete factual basis of AJMC's claim that ACE lacks standing to sue for infringement of Registration No. VAu 567-176 and VAu 567-178. Interrogatory 6 contains four independent questions (two discrete questions as to the two registrations).

### C. Interrogatory No. 7 cannot be counted as one interrogatory as it asks two questions, identification of facts and identification of documents, for 18 specific and independent claims asserted by ACE.

1. Interrogatory No. 7 has multiple subparts that cannot be combined in one question.

> INTERROGATORY NO. 7: For each of the elements of the Alaska Map Photo Album design that Arctic Circle identified as original in its responses to AJMC's Interrogatory No. 5, please explain the complete factual basis of your claim, if any, that the element is not original, including the identity of any products, designs, and artwork that AJMC contends exhibited, displayed, or contained that element before July 1, 1998.

ACE Motion to Compel, Ex. 1, p. 5-8.

The elements set forth by ACE in response to AJMC's Interrogatory No. 5 are listed as follows:

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

1. cover color, texture, and material on a photo album;
2. cover stitching and the placement, color, visibility, contrast, and style thereof;
3. depiction of a relief map on a photo album;
4. depiction of a relief map with a compass rose on a photo album;
5. depiction of a relief map with a compass rose and the Arctic Circle on a photo album;
6. depiction of a relief map with a compass rose and the Arctic Circle with symbols of Alaska on a photo album;
7. the script used in the compass rose on a photo album;
8. arrangement of a relief map and symbols of Alaska;
9. color of the relief map, compass rose, and the Arctic Circle;
10. choice of geographic names included on the photo album;
11. layout, configuration, relative size, and placement of the relief map on the photo album;
12. the drawing of the float plane;
13. the drawing of the eagle;
14. the drawing of the cruise ship;
15. the drawing of the whale tail;
16. the drawing of the compass rose;
17. the drawing of the map, including the shape, topography, lines, color and geographic specificity; and
18. the arrangement and decoration on the spine on the photo album.

*Id.*

ACE first errs in concluding that this interrogatory "only sets out one primary question". *See* Motion to Compel at p. 5. ACE's question asks first that AJMC explain "the complete factual basis of [its] claim" and second that it identify "any products, designs, and artwork that AJMC contends exhibited, displayed, or contained that element before July 1, 1998." ACE Motion to Compel, Ex. 1, p. 5-8. These are two individual and independent questions. *Banks*, 222 F.R.D. at 10 (D.D.C. 2004) ("[A] demand for information about a certain event and for the documents about it should be counted as two separate interrogatories."); *see also, Pogue v. Diabetes Treatment Centers of America, Inc.*, 235 F.R.D. 521, 524 (D.D.C. 2006) (an "interrogatory may properly seek identification of documents and facts supporting a contention, **but it may not do so in a single interrogatory**") (emphasis added).

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

Next, ACE attempts to circumvent the Interrogatory limitation by referring to eighteen (18) individual claims it made in another document and then asking AJMC to answer the two questions above with respect to the eighteen specific claims. According to ACE, all of these questions are somehow transformed into only one interrogatory. In support of its position, ACE relies on the "common theme" test set forth in *Swakhammer v. Sprint Corp. PCS,* however, ACE confuses a "common theme" with merely related topic areas. *Swakhammer* was an employment discrimination action, the Defendant objected to an interrogatory that asked the Defendant to identify executives who have been disciplined, but not terminated for certain specified actions enumerated in subparts (a) through (e) of the interrogatory. *Id.* at 663. For example,

> subpart (a) asks Defendant to identify executives who have been disciplined but not terminated for failing to act when the executive had knowledge that a subordinate had provided confidential bid information to a vendor. Subpart (b) asks Defendant to identify executives disciplined but not terminated for soliciting and/or encouraging vendor-paid gifts and entertainment.

*Id.*

That interrogatory, the court determined, should be counted as five separate interrogatories—even though all related to the employer's disciplinary history this was not enough to satisfy the "common theme" test. *Id.* at p. 665. Like *Swakhammer*, ACE's combination of related questions in one interrogatory does not convert those questions into only one interrogatory for purposes of the Fed. R. Civ. Pro. 33(a)'s numerical limitation. Next, ACE places much weight on a Kansas case that has a very different question and thus reaches a different result. In *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616 (D. Kan. 2005), a defendant moved to compel a plaintiff's answer to Interrogatories in a products liability case. The Interrogatory at issue provided:

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC          -9-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_0214K  6/4/07 2:28 PM

> If you contend that the Child Restraint System was defectively designed, state with particularity each and every element of the design which you contend was defective, how such design was defective and the manner in which the injuries were caused, contributed to and/or permitted to occur as the result of each alleged design defect.

*Cardenas*, 231 F.R.D. at 617.

While that court ultimately concluded that the interrogatory was not multiple interrogatories "that exceed the limit placed on the number of interrogatories," it was not as decisive as ACE represents. *Id.* at 620. Even that court acknowledged that the question above "could be construed as having three discrete subparts (i.e., (1) identify the element of each alleged design defect, (2) state how such element of design was defective, and (3) identify the manner in which each defect caused any alleged injuries). . . ." *Id.* at 619. Further, this interrogatory is a far cry from ACE's Interrogatory No. 7 asking multiple questions (seeking both the identification of facts and the identification of documents) regarding 18 specified claims. Perhaps the limitation is best illustrated by the Advisory Committee's Note indicating a question asking about a particular type of communication may also inquire as to the time, place, persons present, and contents as an example of subparts not counted against the interrogatory limit. *Swackhammer*, 225 F.R.D. at 664. In that example the question asks about one topic (communication) and then inquires about the surrounding circumstances. Here, ACE asks two questions about 18 topics **it identifies**—this compound and multipart question is readily distinguishable from the permissible use of subparts described above.

This creative use of subparts does not remove the question from the limits set by the federal rules. *See Board of Regents of the University of Nebraska v. BASF Corp.*, Slip Copy 2007

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -10-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_0214K  6/4/07 2:28 PM

WL 1321723, *1 (D. Neb. 2007). In *BASF Corp.*, the court considered the following interrogatory:

> Describe in detail the creation, drafting, negotiation, execution of performance of interpretation of or analysis of the Monsanto License or any other license relating to the intellectual property licensed under the Monsanto License and all communications between Monsanto and any other party concerning the tests [sic] licenses, including the date of, participants in, substance of, and form of each such communication, and identify all individuals involved in any creation, drafting, negotiation, execution of, performance, and interpretation of these licenses, and describe in detail their roles in those negotiations.

In this question alone, the Nebraska court found 15 "discrete" questions as each part asked for different information than that asked by the other parts. *Id.*

ACE's use of compound questions and subparts by referring to other documents does not transform these multiple inquires into one—even a summary review of the entirety of the questions posed by ACE reveals its disregard of the limit set by court rule. *See Williams v. Board of County Commissioners,* 192 F.R.D. 698, 702 (D. Kan. 2000) (a cursory review of the seven interrogatories for which Defendant moved to compel revealed approximately 117 subparts and the court concluded that "a summary review of the interrogatories and the myriad of subparts attached thereto leads the Court to believe that defendant . . . has exceeded the maximum number of interrogatories).

> 2. <u>AJMC's overly broad and unduly burdensome objection is valid in light of ACE's demand that ACE identify all pre-1998 art that incorporates ACE's claimed design elements.</u>

AJMC objected to that portion of Interrogatory No. 7 that directed AJMC to identify "any products, designs, and artwork that AJMC contends exhibited, displayed, or contained that element before July 1, 1998" as overly broad and unduly burdensome. ACE Motion to Compel, Ex. 1, p. 6. The sheer breadth of this question is overwhelming when one considers the general claims made by

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC    -11-
Case No.   3:06-cv-00170-TMB

ACE above and then the demand that AJMC identify all art that encompassed an individual element prior to July 1, 1998.  For example, ACE claims as design elements several common Alaska icons such as a float plane, eagle, cruise ship, and whale tail and then directs AJMC to produce pre-1998 art depicting a compass rose and a relief map on a photo album—it is difficult to imagine compiling all pre-1998 art that includes these elements.  Next, ACE complains that the objection by AJMC was insufficient and then cites *AAB Joint Venture v. U.S.,* 75 Fed. Cl. 448, 457 (2007) for the proposition that "a mere statement that the interrogatory is overly broad, burdensome or oppressive has been held inadequate."  Here, AJMC did more than just make a sweeping declaration that the entire interrogatory (with all its subparts) was overly broad and unduly burdensome, it identified the specific area of the question challenged—the identification of "any products, designs, and artwork" that contained any one of the 18 discrete protectable elements claimed by ACE prior to 1998.  Demanding that AJMC search, compile and produce prior art is overly broad and unduly burdensome.  With that said, AJMC previously produced copies of artwork containing some of the elements claimed by ACE.

> 3. <u>AJMC had no duty to respond to interrogatories exceeding the limit set by court rule.</u>

ACE asserts that AJMC did not fully respond to Interrogatory No. 7 because it did not identify "any products, designs, and artwork that AJMC contends exhibited, displayed, or contained that element before July 1, 1998."  However, AJMC objected to ACE's attempt to disguise multiple questions under one interrogatory heading and once it had answered the first twenty-five questions, irrespective of how ACE labeled its Interrogatories, it had no obligation to answer the remaining inquiries improperly propounded by ACE in violation of the express limits of

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC    -12-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K  6/4/07 2:28 PM

Fed. R. Civ. Pro. 33(a). Notwithstanding its objection, AJMC has produced copies of designs exhibiting ACE's claimed protected elements.

### D. Interrogatory No. 8 cannot be counted as one interrogatory as it asks three questions for 24 specific and independent claims asserted by ACE.

> INTERROGATORY NO. 8: For each of the elements of the Alaska Map Photo Album design that Arctic Circle identified in its responses to AJMC's Interrogatory No. 6 as being present in at least substantially similar form in the AJMC Photo Album, please explain the complete factual basis of your claim, if any, that the AJMC Photo Album does not contain the element in at least substantially similar form, including without limitation the complete factual basis for any claim that the named element is not expressive or not objectively similar to the named element of the Alaska Map Photo Album design.

ACE Motion to Compel, Ex. 1, p. 9-10.

The elements identified by ACE in response to AJMC's Interrogatory No. 6 are as follows:

1. the subject matter of the photo album;
2. color, texture, and material of the cover on the photo album;
3. cover stitching and the placement, color, visibility, contrast, and style thereof;
4. depiction of a relief map of Alaska on a photo album;
5. depiction of a relief map of Alaska with a compass rose on a photo album;
6. depiction of a relief map of Alaska with a compass rose and the Arctic Circle on a photo album;
7. depiction of a relief map with a compass rose and the Arctic Circle with symbols of Alaska on a photo album;
8. the script used in the compass rose on a photo album;
9. arrangement of a relief map and symbols of Alaska;
10. coloring of the relief map, compass rose, and the Arctic Circle;
11. choice of geographic names, including the combination of Alaska, Ketchikan, Sitka, Juneau, Skagway, Haines, Valdez, Anchorage, Seward, Kodiak, Homer, Kenai, Naknek, King Salmon, the Gulf of Alaska, Bristol Bay, the Pacific Ocean, Mt. McKinley, Fairbanks, Norton Sound, Nome, Kotebue, Barrow, Prudhoe Bay, and the Arctic Circle on a photo album;
12. layout, configuration, relative size, and placement of the relief map on the photo album;
13. depiction of a float plane as a symbol of Alaska on a photo album; and depiction of an eagle as a symbol of Alaska on a photo album;
14. prominent display of the text "Alaska" on a photo album;
15. the text "Alaska" with a relief map and symbols of Alaska on a photo album;
16. the text "Alaska" with a relief map and symbols of Alaska and a compass rose on a photo album;

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC   -13-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K   6/4/07 2:28 PM

17. the arrangement of elements in a portrait format;
18. the 100-pocket photo album format;
19. the 100-pocket photo album format with a black liner and black photo sleeves;
20. incorporating the cover design on the back cover;
21. the use of 50 double-sided photo sleeves;
22. the use of mesh backing within the photo sleeves;
23. the material used as the clear cover on each photo sleeve; and
24. the location of the opening in each photo sleeve at the top of the album.

*Id.*

Like Interrogatory 7, this Interrogatory is compound containing numerous independent questions. First, the 24 discrete areas it inquires into above and second, the independent inquiry it makes into each of these 24 claims – (1) "explain the complete factual basis of your claim, if any, that the AJMC Photo Album does not contain the element in at least substantially similar form", (2) "the complete factual basis for any claim that the named element is not expressive", and (3) the complete factual bases for any claim that the named element is "not objectively similar to the named element of the Alaska Map Photo Album design." The three independent questions regarding the 24 subparts identified by ACE make this Interrogatory alone 72 independent inquiries. Like Interrogatory No. 7, these multiple questions cannot be rolled into one interrogatory under Fed. R. Civ. Pro. 33(a).

### E. Interrogatory No. 12 cannot be counted as one interrogatory as it asks questions about each Request for Admission for which AJMC did not respond with an "unequivocal admission."

> INTERROGATORY NO. 12: For each instance in which your response to a Request in the Requests for Admission, served herewith, is anything less than an unequivocal admission, please explain the complete factual basis of your denial.

ACE Motion to Compel, Ex. 1, p. 12.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -14-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K  6/4/07 2:28 PM

On or about January 29, 2007, ACE served its First Set of Requests for Admission propounding twenty three requests to AJMC. Kuhl Aff., Ex. B. AJMC's response was an "unequivocal admission" to three of these requests. *Id.* At a minimum, Interrogatory No. 12 should be counted as twenty independent interrogatories. *See Safeco of America v. Rawstron*, 181 F.R.D. 441, 446 (C.D. Cal. 1998) (concluding that an "interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set").

**F. AJMC objected to Interrogatory No. 13 as being in excess of the number of interrogatories permitted absent stipulation or court order and further, the information requested had previously been requested in other written discovery.**

AJMC first objected to Interrogatory No. 13 on the grounds that it had already responded to 25 interrogatories propounded by ACE and ACE had not obtained a court order and the parties had not stipulated to exceeding the limit set by Fed. R. Civ. Pro. 33(a). Notwithstanding its objection regarding the number of Interrogatories, AJMC also objected as this question had been asked and responsive documents were produced.

In ACE's first set of Request for Production it asked:

**REQUEST FOR PRODUCTION NO. 3**: Please produce all documents relating to any communication regarding the design, manufacture, import, or sale of the AJMC Photo Album, including without limitation, communications to or from any supplier, manufacturer, customer, sales representative, distributor, freight forwarding or customs agent, or other person involved in design, manufacture, import, or sale of the AJMC Photo Album.

Kuhl Aff., Ex. A.

In ACE's second set of Requests for Production it asked:

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC     -15-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K  6/4/07 2:40 PM

> **REQUEST FOR PRODUCTION NO. 20:** Please produce all documents relating to the production or manufacturing of the AJMC Photo Album, including without limitation all documents related to Hayes Specialties and all documents related to any purchases by Glacier Bear Gifts from Tandem Imports LLC of the AJMC Photo Album.

Kuhl Aff., Ex. C.

ACE has not objected to the adequacy of AJMC's responses to these requests and instead just asks the question again. Although ACE failed to identify this issue in its "meet and confer" instead raising it for the first time in its motion to compel, AJMC withdraws its objection of over breadth and undue burden. Regardless, these documents were previously produced in response to ACE's prior requests. Kuhl Aff., ¶ 5.

### G. Interrogatory No. 15 contains multiple questions disguised under the heading of one interrogatory.

> **INTERROGATORY NO. 15:** Please describe in detail your unit sales and revenue for the AJMC Photo Album, including without limitation, the revenue, profit, and unit sales of AJMC Photo Albums that had been purchased from Tandem Imports LLC, and the number of AJMC Photo Albums sold, and the revenue, profit, and unit sales of AJMC Photo Albums that had been purchased from Hayes Specialties.

ACE Motion to Compel, Ex. 1, p. 13.

Again, ACE disguises multiple questions under the heading of one interrogatory. Here the question seeks information about multiple topics (1) unit sales of albums from two separate manufactures; and (2) revenue and profit derived from sales of albums from two separate manufacturers. This compound question should be divided.

### H. AJMC is entitled to recovery its attorney fees and costs necessitated by defending this action pursuant to Fed. R. Civ. Pro. 37(a)(4)(B).

Pursuant to Fed. R. Civ. Pro. 37(a)(4)(B), if ACE's motion is denied the court shall, after affording ACE an opportunity to be heard, require the moving party or the attorney filing the

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC        -16-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_0214K  6/4/07 2:40 PM

motion or both of them to pay AJMC's reasonable attorney fees and costs incurred in opposing the motion.

## IV.  CONCLUSION

For all of these reasons, this Court should deny ACE's motion to compel and award AJMC its attorney fees and costs incurred in defending this motion.

DATED this 4th day of June, 2007.

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP


By  /s/ J. Michael Keyes
J. Michael Keyes, *Pro Hac Vice*
Email:  mike.keyes@klgates.com
Gregory F. Wesner, *Pro Hac Vice*
Email:  gregory.wesner@klgates.com
Attorneys for Defendant
Alaska-Juneau Mining Company LLC
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
618 West Riverside Avenue, Suite 300
Spokane, WA  99201
Telephone No.:  509-624-2100

Paul L. Davis
Email:  paul.davis@klgates.com
Attorneys for Defendant
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L Street, Suite 400
Anchorage, AK  99501-1971
Telephone No.:  907-276-1969
Fax: 907-276-1365

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC     -17-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K   6/4/07 2:40 PM

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

James N. Leik, jleik@perkinscoie.com

Ramsey M. Al-Salam, RalSalam@perkinscoie.com

Ryan McBrayer, RMcBrayer@perkinscoie.com

By /s/ J. Michael Keyes
J. Michael Keyes, *Pro Hac Vice*
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
618 W. Riverside Ave. #300
Spokane, WA 99201
Telephone: 509-624-2100
Facsimile: 509-456-0146
Email: mike.keyes@klgates.com
Attorneys for Defendant
Alaska-Juneau Mining Company LLC

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC      -18-
Case No.   3:06-cv-00170-TMB
K:\55853\00001\BCK\BCK_O214K  6/4/07 2:40 PM