# EXHIBIT A

PAUL L. DAVIS
PRESTON GATES & ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1971
T: (907) 276-1969
F: (907) 276-1365
E: davisp@prestongates.com

GREGORY WESNER
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
T: (206) 623-7580
F: (206) 623-7022
E: gwesner@prestongates.com

J. MICHAEL KEYES
PRESTON GATES & ELLIS LLP
601 West Riverside Avenue, Suite 1400
Spokane, WA 99201
T: (509) 624-2100
F: (509) 456-0146
E: jmkeyes@prestongates,com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA-JUNEAU MINING COMPANY LLC,<br><br>Defendant. | Case No. 3:06-CV-00170 (TMB)<br><br>**DEFENDANT ALASKA-JUNEAU MINING COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant Alaska-Juneau Mining Company LLC (Alaska-Juneau), by and through

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 1 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB

Exhibit A Page 2

its attorneys Preston Gates & Ellis LLP, responds to Plaintiff's First Set of Requests for Production of Documents as follows:

## I. INSTRUCTIONS

1. In accordance with Rule 34(b) of the Federal Rules of Civil Procedure, any documents you produce in response to these requests shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request.

2. Where documents in your possession, custody or control are requested, the request extends to documents in the possession, custody or control of your predecessors and/or successors, as well as to documents in the possession of your officers, directors, agents, employees, servants, representatives, and, unless privileged, attorneys.

3. If you object to one of the requests set forth below, you must, in accordance with Rule 34(b) of the Federal Rules of Civil Procedure, state the reasons for your objection and respond to the extent the request is not objectionable. All grounds for your objections must be stated with specificity, including all factual and legal justifications that you believe support your objection or refusal to produce documents.

4. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any objection is made to any request herein based on the attorney-client privilege or the work product rule, and such privilege is asserted to avoid disclosing the requested information or materials, you must describe the information or materials withheld and the privilege relied on in sufficient detail to enable Arctic Circle to assess the applicability of the privilege. Such details shall include:

   a. A description of the allegedly privileged communication withheld;

   b. A list of the persons present during or participating in the allegedly

PRESTON GATES & ELLIS LLP
L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 2 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB

Exhibit A Page 3

       privileged communication, or author(s) and recipient(s) of the information or materials withheld;

  c.    The date of the allegedly privileged communication withheld;

  d.    The subject matter of the allegedly privileged communication withheld;

  e.    The type of privileged communication withheld (e.g., letter, memorandum or computer database);

  f.    The nature of the privilege(s) claimed; and

  g.    The paragraph(s) of these discovery requests to which the allegedly privileged communication relates.

The detail provided must be sufficient for Arctic Circle to appropriately identify the information as would be required for Arctic Circle to test the claim of privilege on a motion to compel.

  5.    Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

  6.    These requests shall be considered continuing, and you are to supplement your responses and production of documents in a timely manner in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## II. DEFINITIONS

As used in the following requests for production, the following terms have the meanings set forth below:

  1.    "Arctic Circle" and plaintiff shall mean plaintiff Arctic Circle Enterprises, LLC, and each of its successor, predecessor, and related entities, including, without limitation, its subsidiaries, parent corporations, divisions, assigns, officers, directors,

**DEFENDANT'S RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION**
**OF DOCUMENTS** - Page 3 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB                         Exhibit A Page 4

employees, agents, representatives, attorneys, and anyone acting on its behalf.

2. "AJMC," "you," "your," and "defendant" shall mean defendant Alaska Juneau Mining Company and each of its successor, predecessor, and related entities, including, without limitation, its subsidiaries, parent corporations, divisions, assigns, officers, members, directors, employees, agents, representatives, attorneys and anyone acting on its behalf.

3. The term "AJMC Photo Album" means AJMC's 100-pocket and 200-ocket Alaska Map Photo Albums and all versions of a different size, as well as accessories and packaging supplied or made available to AJMC customers.

4. The terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

5. "Person" means any natural person, marital community, partnership, corporation, joint venture, business entity or governmental entity.

6. "Document" means any kind of handwritten, typewritten, printed or recorded material whatsoever, including, without limitation: (1) all written, printed, recorded, graphic, or sound reproductions, however produced, including but not limited to correspondence, memoranda, notes, telegrams, notebooks, diaries, desk calendars, charts, photographs, and records of any kind; (2) all computer-readable data compilations, including but not limited to tapes, diskettes, card, cassettes, electronic mail, and all other electronic or mechanical devices which contain information; (3) all originals, drafts, and copies that differ in any respect from the original; all marginal comments that appear on such documents; and all transcripts or recordings of such documents; and (4) all attachments, enclosures, or documents affixed or referred to in such documents.

7. The terms "relate to," "relating to," and regarding means directly or indirectly

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 4 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB                          Exhibit A Page 5

mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

8. Singular terms should be interpreted to include the plural.

### III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all documents relating to the design, development, manufacture or sale of the AJMC Photo Album.

**RESPONSE:**

See attached documents AJMC 1st RFP 0001-0063.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents relating to advertising or marketing of the AJMC Photo Album, including without limitation, advertisements, other promotional materials, marketing or sales plans, financial statements or budgets, and other documents relating to advertising or marketing.

**RESPONSE:**

See attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents relating to any communication regarding the design, manufacture, import, or sale of the AJMC Photo Album, including without limitation, communications to or from any supplier, manufacturer, customer, sales representative, distributor, freight forwarding or customs agent, or other person involved in design, manufacture, import, or sale of the AJMC Photo Album.

**RESPONSE:**

**Objection:** This request is overly broad and not calculated to lead to discoverable

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 5 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB

Exhibit A Page 6

information. Without waiving said objection, see attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents relating to any use, demonstration, offer to demonstrate, display, or description of the AJMC Photo Album.

**RESPONSE**:

**Objection**: This request is overly broad and not calculated to lead to discoverable information. Without waiving said objection, see attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 5**: Please produce all documents related to Arctic Circle.

**RESPONSE**:

**Objection**: This request is overly broad, vague, overly burdensome, and not calculated to lead to discoverable information. Without waiving said objection, see attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 6**: Please produce all documents relating to the identity of the person, company, or other entity which manufactured the AJMC Photo Album, including without limitation the person's full name, the company's full name, last known address and telephone number, as well as the name, last known address, email address, and telephone number of any agent or liaison who may have facilitated contact, negotiations, or any other business dealings, for any proposed or actual product, between

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 6 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB                                    Exhibit A Page 7

AJMC and the manufacturer of the AJMC Photo Album.

**RESPONSE:** See attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 7:** Please produce documents sufficient to determine the costs, expenses, expenditures, and monies spent associated with developing, designing, engineering, producing, manufacturing, fabricating, marketing, offering for sale, and selling of AJMC Photo Album including, but not limited to, documents relating to delivery costs, costs of returns, warranty costs, overhead costs, costs of acquiring underlying technologies, research and development costs, engineering costs, production costs, testing costs, quality control costs, employee costs (including, but not limited to, technical and non-technical employees, and including, but not limited to, salary, overtime, and benefits costs), and costs of facilities (including, but not limited to, land purchase costs, facility construction costs, facility leasing costs, and employee and facility relocation costs), and sales costs.

**RESPONSE:** This request is overly broad, vague, and not calculated to lead to discoverable information. Without waiving said objection, see attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents relating to actual or projected net profits (or losses) on sales, licenses, distribution, or other transfers of the AJMC Photo Album.

**RESPONSE:**

**Objection:** See attached documents AJMC 1st RFP 0001-0065.

---

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 7 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB

Exhibit A Page 8

**REQUEST FOR PRODUCTION NO. 9**: Please produce documents sufficient to determine unit sales of the AJMC Photo Album from January 2005 to present.

**RESPONSE**:

See attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 10**: Please produce documents sufficient to determine actual and projected gross profits (or losses) on sales, licenses, distribution, or other transfers of the AJMC Photo Album from January 2005 to present.

**RESPONSE**:

**Objection:** This request is vague as it does not specifically define what is meant by "actual" profits. AJMC hereby reserves the right to supplement this production as discovery continues. Specifically, AJMC reserves the right to supplement this discovery answer through the use of expert testimony that will be able to establish the amount of true "profits" attributable to any alleged infringement, if infringement is ever proven by Plaintiff.

Without waiving said objection, see attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 11**: Please produce all documents related to Sandy Roth, including without limitation any documents related to the design of the AJMC Photo Album, prior art designs, financial contributions to AJMC, licenses to use any design relevant to the AJMC Photo Album, and the statues of any member of AJMC as a customer or licensee of Sandy Roth for any photo album.

**RESPONSE**:

**Objection:** This request is overly broad, vague, burdensome, and not calculated to

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 8 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB                                    Exhibit A Page 9

lead to discoverable information. Without waiving said objection, see attached documents AJMC 1st RFP 0001-0065.

**REQUEST FOR PRODUCTION NO. 12**: Please produce documents relating to AJMC's document retention or destruction policies.

**RESPONSE**:

**Objection**: This request is vague in that it is unclear what Plaintiff means by "document retention or destruction policies." Without waiving said objection, there are no such documents.

**REQUEST FOR PRODUCTION NO. 13**: Please produce all documents relating to any report that relates to this lawsuit and that was generated by, or on behalf of, any person whom you expect to call as an expert witness at any hearing or at trial.

**RESPONSE**:

**Objection**: This interrogatory seeks documents that will be disclosed at the time set forth in the Scheduling Order. Defendant will make the appropriate disclosures at the time set forth in the discovery schedule entered by the Court.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all documents relied upon or considered by any person whom you expect to call as an expert witness at any hearing or at trial, and all documents constituting or relating to communications regarding such documents.

**RESPONSE**:

**Objection**: This interrogatory seeks documents that will be disclosed at the time set

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 9 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB                    Exhibit A Page 10

forth in the Scheduling Order. Defendant will make the appropriate disclosures at the time set forth in the discovery schedule entered by the Court.

**REQUEST FOR PRODUCTION NO. 15:** If there is any document of which you know that would be responsive to the above Requests and was once in your control, but which is not now produced because such document is out of your control, or has been lost or destroyed, please produce all documents related to such loss, ceding of control, or destruction.

**RESPONSE:**

N/A

DATED: August 23, 2006.

                                            **PERKINS COIE**

                                            By _____
                                                  James N. Leik
                                                  Ryan McBrayer (*Pro Hac Vice Pending*)
                                                  Attorneys for Plaintiff Arctic Circle Enterprises, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Arctic Circle Enterprises, LLC's First Set of Requests for Production of Documents and Things was served on the 23rd day of August, 2006, via messenger on the following:

    Greg Wesner
    Preston Gates & Ellis LLP
    925 4th Ave Suite 2900
    Seattle WA 98104

Dated: August 23, 2006.

                                            _____
                                            Ryan J. McBrayer

PRESTON GATES & ELLIS LLP
L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 10 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB

Exhibit A Page 11

## STATEMENT OF ATTORNEY

The undersigned hereby states that he is the attorney for the party answering the above propounded Requests for Production, and that all objections, if any, set forth in response to said Requests for Production were made by the undersigned as required by F.R.C.P. 26(g).

RESPONSES DATED this 22nd day of September, 2006.

                                      PRESTON GATES & ELLIS LLP
                                      Attorneys for Defendant ALASKA-
                                      JUNEAU MINING COMPANY LLC

                                By: _____
                                      Paul L. Davis, #7406035
                                      Gregory Wesner *(pro hac vice)*
                                      J. Michael Keyes *(pro hac vice)*
                                      Preston Gates & Ellis LLP
                                      420 L Street, Suite 400
                                      Anchorage, AK  99501
                                      (907) 276-1969
                                      (907) 276-1365 (Fax)

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

<u>DEFENDANT'S RESPONSES TO PLAINTIFF'S</u>
<u>FIRST SET OF REQUESTS FOR PRODUCTION</u>
<u>OF DOCUMENTS</u> - Page 11 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB                                      Exhibit A Page 12

## CERTIFICATE OF SERVICE

I hereby declare, under penalty of perjury under the laws of the United States of America and the State of Washington, that on this 22rd day of September, 2006, I caused a true and correct copy of the foregoing Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents to be sent to the following counsel:

James N. Leik
Perkins Coie LLP
1029 W. Third Street, Suite 300
Anchorage, AK 99501
jleik@perkinscoie.com

X via electronic transmission
☐ via overnight courier
X via first-class U.S. mail
☐ via facsimile

Ramsey M. Al-Salam,
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101
RalSalam@perkinscoie.com

X via electronic transmission
☐ via overnight courier
X via first-class U.S. mail
☐ via facsimile

Ryan McBrayer, Esq.
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101
RMcbrayer@perkinscoie.com

X via electronic transmission
☐ via overnight courier
X via first-class U.S. mail
☐ via facsimile

PRESTON GATES & ELLIS LLP

By: _____
Paul L. Davis, #7406035
Gregory Wesner *(pro hac vice)*
J. Michael Keyes *(pro hac vice)*
Attorneys for Defendant ALASKA-JUNEAU MINING COMPANY LLC

---

DEFENDANT'S RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS - Page 12 of 12

ARCTIC CIRCLE ENTERPRISES vs.
ALASKA-JUNEAU MINING COMPANY LLC
Case No. 3:06-cv-00170-TMB

Exhibit A Page 13