James N. Leik, Alaska Bar No. 8111109
Kyan Olanna, Alaska Bar No. 0405024
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
Facsimile:  907.276.3108
JLeik@perkinscoie.com
KOlanna@perkinscoie.com

Ryan J. McBrayer (*Pro Hac Vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone: 206.359-8000
Facsimile:  206.359.9000
rmcbrayer@perkinscoie.com

Attorneys for Plaintiff
Arctic Circle Enterprises, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARCTIC CIRCLE ENTERPRISES, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>ALASKA JUNEAU MINING COMPANY LLC,<br><br>        Defendant. | Case No. 3:-06-CV-170 (TMB) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES**

Arctic Circle v. Alaska Juneau Mining
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

## I. INTRODUCTION

Arctic Circle Enterprises seeks an order compelling Alaska Juneau Mining Company ("AJMC") to further supplement its answer to Interrogatory No. 7 and to provide answers to Interrogatories Nos. 8-11. In response to Arctic Circle's motion to compel, AJMC provided a satisfactory supplemental response to Interrogatory No. 13, but AJMC's response to Interrogatory No. 7 was inadequate and no information was provided for Interrogatory Nos. 8-11. *See* Declaration of Kyan Olanna, Ex. 1. The basis for AJMC's refusal to provide the information sought in Interrogatories Nos. 7-11 is its denial that Nos. 7 and 8 should be counted as one interrogatory each.[1]

## II. INTERROGATORY NO. 7 COUNTS AS ONE INTERROGATORY

### A. Later Interrogatories Are Not at Issue

As a preliminary matter, Arctic Circle assumed *arguendo* in its Motion to Compel that Interrogatory Nos. 3-6 contain multiple subparts and voluntarily withdrew Interrogatories No. 12, 14, 15, and 16. Motion to Compel p. 4. Despite these concessions, AJMC dedicates several sections of its Opposition to explaining how to count Interrogatory Nos. 3-6, 15, and 16.[2] Opposition pp. 5-7, 16-17. The Court need not decide how to count Nos. 1-6. Arctic Circle agreed in its Motion that Nos. 1-6 count as multiple interrogatories. AJMC now claims differently than in the meet and confer session that Nos. 1-6 count as sixteen questions. Even with this

---

[1] If Interrogatory Nos. 7 and 8 count as one interrogatory each as Arctic Circle suggests, the 25-interrogatory limit will not have been reached after AJMC responds. For reasons explained below, the limit will not be met even if the Court agrees with AJMC's middle-of-the-road counting argument. Under either interpretation, AJMC should be compelled to respond to Nos. 9-11.

[2] AJMC also argues later interrogatories that are not at issue in the Motion. Arctic Circle does not seek an order compelling a response to Nos. 12 or 15 yet AJMC argued that no response is needed for those.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining         -1-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

assumption, Arctic Circle is nine subparts under the limit of 25. For the reasons stated below, the difference is irrelevant to the outcome of this motion.

**B.   Reference to Multiple Design Elements Does Not Transform The Question into Multiple Interrogatories.**

Interrogatory No. 7 seeks the factual basis for any contention by AJMC that Arctic Circle's design is not original. This interrogatory should be counted as one, and at most three subparts. First, its reference to multiple design elements does not convert one interrogatory into many. *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619-20 (D. Kan. 2005). There, the Court directly addressed whether an interrogatory seeking contentions regarding a product with multiple relevant "design elements" is one interrogatory or one with multiple "discreet" subparts.. Id. ("identify each and every element of the design that plaintiffs contend is defective and to identify how the design was defective and the manner in which plaintiff's injuries were cause[d] by each defect"). Such a question counts as one interrogatory. *Id.*

AJMC misquotes *Cardenas* in its attempt to have Arctic Circle's question counted several times. Defendant's Opposition p. 10 (*citing Cardenas*, 231 F.R.D. at 620). Contrary to AJMC's argument, *Cardenas* held:

> The Court does not find that this one interrogatory should be counted as multiple interrogatories that exceed the limit. While this interrogatory could be construed as having three discrete subparts (i.e., (1) identify the element of each alleged design defect, (2) state how such element of design was defective, and (3) identify the manner in which each defect caused any alleged injuries), the fact that it seeks this information about multiple alleged design defects does not turn it into multiple interrogatories. This interrogatory does not contain multiple subparts that discuss various, unrelated topics. Rather, it is one interrogatory directed at eliciting details concerning a *common*

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining                -2-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

>   *theme.* <u>The Court therefore finds that it should not be counted as multiple interrogatories</u>.

*Id.* (emphasis in underline added).

Second, a question asking for several types of information all relevant to a common and distinct theme is not multiple questions:

> [A]n interrogatory containing subparts directed at eliciting details concerning a "common theme" should generally be considered a single question. On the other hand, an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory.

*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664-65 (D. Kan. 2004); *see also* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedures* § 2168.1, at 261 (2nd ed. 1994).

Unlike in *Cardenas,* the *Swackhammer* court did not evaluate a contention interrogatory. Instead, *Swackhammer* evaluated an interrogatory about all executives who had been terminated for reasons that fell into one of five categories. *Id*. at 663. The court understandably held that these categories were distinct.[3] Here the interrogatory at issue is like the one in *Cardenas.* It seeks information regarding the factual basis for a legal contention.

AJMC does not address the other cases Arctic Circle cited in this regard. For instance, the Court in *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal. 1998) extensively discussed how to determine whether subparts are "discreet."

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the

---

[3] Even if counted as AJMC suggests with its citation to *Swackhammer*, Arctic Circle's interrogatory only counts as two questions – one for the factual information and one for the list of products that support it.

Arctic Circle v. Alaska Juneau Mining                -3-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

> primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories.

*Id.*, citing *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684 (D.Nev.1997). *See also Trevino v. ACB American, Inc.* 232 F.R.D. 612, 614 (N.D. Cal. 2006). The different design elements here would not count as "discreet" under this approach because any contention that the *design* was not original would subsume questions about whether the *design elements* were original.

AJMC also urges the Court in this regard to adopt a counting method that has been described as "unfair and draconian" by other district courts. *See* Opposition at 10-11, citing *Bd. of Regents of the Univ. of Nebraska v. BASF Corp.*, Slip Copy 2007 WL 1321723 (D. Neb. 2007). This approach has been discredited, including in other cases AJMC cites:

> [Lawyers] may ask their opponent to state whether a particular product was tested and then demand to know when the tests occurred, who performed them, how and where they were conducted and the result. In such a situation, all the questions relate to a single topic, testing, and it would [be] unfair and draconian to view each of the demands as a separate interrogatory.

*Banks v. Office of the Senate Sergeant-At-Arms*, 22 F.R.D. 7, 10 (D.D.C. 2004); *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 701 (D. Kan. 2000) ("[A] question asking about communications of a particular type should be treated as a single interrogatory event though it requests that the time, plan, persons present, and contents be stated separately for each such communication.") (internal quotation omitted). Moreover, the interrogatory in *BASF* was not a contention interrogatory organized around a "discreet" issue. *Safeco of America*, 181 F.R.D. at 445. *BASF* is

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining                -4-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

not applicable here for both reasons. Interrogatory No. 7 should be counted as one interrogatory.

**C.   AJMC Must Further Supplement Its Response to Interrogatory No. 7**

AJMC supplemented its response to No. 7, but the response still is incomplete.

Arctic Circle asked AJMC to explain its complete factual contention that Arctic Circle's copyrights are invalid, such as any contention that Arctic Circle's 1998 and 1999 designs were not original. AJMC responded only by listing pages of product websites that AJMC printed in 2007. AJMC has yet to provide any information regarding its contentions for, among other *prima facie* elements of an invalidity case, whether and when the allegedly prior art products were publicly available. AJMC also listed four *entire depositions* as providing AJMC's response without any indication of the pages or line numbers involved, or as Arctic Circle requested in the interrogatory, the identity of the products that AJMC alleges are prior art. AJMC bears the burden for any invalidity case at trial and is trying mightily to conceal its invalidity contention before then.

As is, AJMC's contention is legally deficient because it does not contend that the website printouts named in the response existed before Arctic Circle's 1998 copyrighted design. *See* Olanna Decl. Ex. 1-2. Later designs are irrelevant to the originality of an earlier design. The supplemental response also is deficient because it fails to link any particular product in several depositions and catalogs with the design element AJMC alleges is at issue. *Id*. In short, Arctic Circle asked AJMC to support a particular, defined contention and AJMC has responded by noting the current existence of some internet sites and catalogs. This is insufficient.

To the extent that full factual basis of AJMC's contention consists of a generalized statement supported by unexplained and undated photographs, then its

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining         -5-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

answers may be complete. However, if AJMC's claim that Arctic Circle's copyrighted design is not original is based on more particular facts that will appear for the first time at trial, then AJMC should be required to provide a complete response to Interrogatory No. 7.

### D. AJMC's Explanation for Objection to Interrogatory No. 7 As Being Overbroad and Unduly Burdensome Is Inadequate.

AJMC's overbroad objection is insufficient. AJMC bears the burden on its objection. *Microsoft Corp. v. Hertz*, Slip Copy, 2006 WL 1515602, *2 (W.D. Wash. 2006) ("[A] responding party bears the burden of showing that an interrogatory is unduly burdensome or harassing."). First, AJMC attempts to characterize the request as one for the identity of *any* products that existed before July 1, 1998 such that AJMC has to "search" all prior art. Opposition p. 12. The same argument was rejected in *Cardenas*:

> The Court finds that this interrogatory is sufficiently narrow so as to not be unduly burdensome or overly broad on its face. DJG is entitled to know the elements of the design of the Touriva that Plaintiffs claim are defective and how those elements allegedly caused Leeyiceth Reyna's injuries. The Court therefore overrules Plaintiffs' overbreadth and unduly burdensome objections.

*Id*. at 619. Like the defendant in *Cardenas,* AJMC ignores that the request was limited to those products that AJMC *claims* amount to prior art.

AJMC's objections also are not sufficiently explained or supported and should be rejected by the court. *AAB Joint Venture v. U.S.*, 75 Fed. Cl. 448, 457 (2007) (stating that cursory objections are inadequate); *Fletcher v. Union Pacific R.R. Co.,* 194 F.R.D. 666, 675 (S.D. Cal. 2000) (conclusory allegation that a task is "Herculean" does not establish undue burden); *United States v. City of Torrance*, 164

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining          -6-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

F.R.D. 493, 496 (C.D. Cal. 1995) ("Conclusory assertions are insufficient to establish "good cause" [for the issuance of a protective order].)

### III.   INTERROGATORY NO. 8

The same logic applies to Interrogatory No. 8.  Arctic Circle seeks AJMC's factual contention surrounding a single legal contention – namely whether AJMC contends that its infringing album is not substantially similar to the copyrighted design.  AJMC bases its interrogatory count on the 24 elements of the copyrighted design.  Yet, AJMC only *might* contend its product is not substantially similar in one or more of these areas.  This does not convert the interrogatory into 24 questions.  A defendant that has multiple facets to its defense should not argue that a single interrogatory seeking the factual basis for that one defense is somehow multiple interrogatories.  *Cardenas*, 231 F.R.D. at 619.  A response about any of the elements is "subsumed" under the larger question about what facts, if any, make up AJMC's contention. *Safeco of America*, 181 F.R.D. at 445.  Arctic Circle is entitled to know the factual basis for this defense by AJMC.  Interrogatory No. 8 should count as one interrogatory.  At most, it should count as three interrogatories for each of the types of information sought.

### IV.   INTERROGATORY NOS. 9-11

The Court also should compel responses to Interrogatory Nos. 9-11 as well. AJMC argued that Nos. 1-6 count as sixteen questions.  Even if No. 7 is counted as two and No. 8 counted as three, then responses though Nos. 1 through 8 amount to only 21 interrogatories.  AJMC did not dispute that Nos. 9-11 are one question each. Accordingly, the Court should compel responses to Nos. 9-11.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining        -7-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

## V.  CONCLUSION

For the foregoing reasons, Arctic Circle again requests that its motion to compel be granted. The Court should compel AJMC to supplement its response Interrogatory No. 7 and to provide full and complete responses to Interrogatory Nos. 8-11. The Court also should order AJMC to bear Arctic Circle's costs for pursing this motion.

DATED: June 11, 2007.

        s/ *Kyan Olanna*
        Ryan J. McBrayer (*Pro Hac Vice*)
        **Perkins Coie LLP**
        1201 Third Avenue, Suite 4800
        Seattle, WA  98101-3099
        Tel: 206.359.8000/Fax: 206.359.9000
        RMcBrayer@perkinscoie.com

        James N. Leik, Alaska Bar No. 8111109
        JLeik@perkinscoie.com
        Kyan Olanna, Alaska Bar No. 0405024
        KOlanna@perkinscoie.com
        **Perkins Coie LLP**
        1029 West Third Avenue, Suite 300
        Anchorage, AK  99501-1981
        Tel:  907.279.8561/Fax:  907.276.3108

        Attorneys for Plaintiff
        Arctic Circle Enterprises, LLC

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining     -8-
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2007, I electronically filed the foregoing REPLY MEMORANDUM IN MOTION TO COMPEL INTERROGATORY RESPONSES with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Gregory F. Wesner
gwesner@klgates.com
K&L Gates LLP
925 4th Ave Suite 2900
Seattle WA 98104
Ph: (206) 370-6746
Fax: (206) 370-6319

J. Michael Keyes, Esq.
jmkeyes@klgates.com
Brook C. Kuhl
brooke.kuhl@klgates.com
K&L Gates LLP
W. 601 Riverside, Suite 1400
Spokane, WA 99201
Ph: (509) 241-1527
Fax: (509) 444-7863

Paul L. Davis, Esq.
davisp@klgates.com
K&L Gates LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Ph: (907) 777-7609
Fax: (907) 777-7009

Dated: June 11, 2007.

*/s/ Kyan Olanna*
Kyan Olanna

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Arctic Circle v. Alaska Juneau Mining
Case No. 3:06-cv-0170-TMB
59840-0003/LEGAL13311942.2
-9-