# Exhibit 12

Westlaw.

238 F.3d 420 (Table) Page 1

238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))

C
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.
Ron Joe COTTER, doing business as House of Cotter, Plaintiff-Appellee,
v.
CHRISTUS GARDENS, INC.,
Defendant-Appellant.
No. 99-5996.

Dec. 12, 2000.

On Appeal from the United States District Court for the Eastern District of Tennessee.

Before SUHRHEINRICH and DAUGHTREY, Circuit Judges; and WEBER, [FN*] District Judge.

> FN* The Honorable Herman J. Weber, United States District Judge, for the Southern District of Ohio, sitting by designation.

SUHRHEINRICH, Circuit Judge.

**1 Defendant-Appellant Christus Gardens, Inc. ("Christus"), appeals from the jury verdict for Plaintiff-Appellee Ron Joe Cotter ("Cotter") in this action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101 et. seq. For the following reasons, we REVERSE and REMAND for further proceedings.

I.
Christus Gardens is a tourist attraction in Gatlinburg, Tennessee, whose focal point is a six-ton marble burial stone depicting, in reverse relief, the face of Christ. (J.A. at 326-29). In 1986, Cotter created a book-end sized, reverse relief sculpture inspired by the Christus stone. (J.A. at 282-83). Cotter then offered his work to Christus for resale to the public. (J.A. at 279). Cotter's work has been sold principally through Christus' gift shop since that time.

During three different periods - before August 1992 (hereinafter "candle sales"), from May to August in 1996 (hereinafter "Wo-Di sales"), and in September 1996 (hereinafter "Leon's Molds sales") - Christus sold items that may have been copied from Cotter's work. During the candle sales before 1992, Christus sold wax candles in its shop with an impression of the face in the Christus stone similar to Cotter's work. (J.A. at 303-04). Cotter asked Christus to stop selling them and Christus complied. (J.A. at 304-05). Following this incident, Cotter registered his work with the Register of Copyrights on August 10, 1992. (J.A. at 302). On August 17, 1992, he was issued Registration No. VA-538-843 for the work he created called "Miracle Face." (J.A. at 363).

During the Wo-Di sales in the summer of 1996, Joe Waggoner ("Waggoner"), the manager of Christus, approached Wo-Di Manufacturing, Inc. about producing a small likeness of the Christus stone. (J.A. at 310). Christus subsequently sold this Wo-Di replica alongside Cotter's in 1996. (J.A. at 354, 357). Cotter complained to Christus and then contacted Wo-Di, who agreed to stop making the replicas. (J.A. at 366). Finally, during the Leon's Molds sales in September 1996, Christus began to sell ceramic pieces made by Leon's Molds that were similar to Cotter's work. Cotter again complained to Christus and contacted Leon's Molds, who also

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

238 F.3d 420 (Table) Page 2
238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

**(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))**

agreed to stop making the replicas. (J.A. at 364).

Following the Leon's Molds sales, Cotter filed this copyright infringement action against Christus on March 10, 1997. [FN1] (J.A. at 13). He sought an injunction and both actual and statutory damages for the infringement, which he originally alleged had begun with the candle sales prior to his copyright registration. (J.A. at 17). Cotter later amended his complaint to omit any reference to the pre-registration candle sales. (J.A. at 26). Cotter made this amendment to preserve his right to elect statutory damages under the Copyright Act, which are only allowed for infringements that commenced after the effective date of the copyright registration. *See* 17 U.S.C. § 412.

> FN1. Cotter settled his claim for willful infringement against Wo-Di for $1,000 and the destruction of Wo-Di's infringing molds. (J.A. at 366). He also settled his claim against Leon's Molds for an apology and destruction of its infringing molds. (J.A. at 364).

Subsequent to this amendment, Christus moved for partial summary judgment on the issue of statutory damages, which was granted in part on May 29, 1998. (J.A. at 52). The district court dismissed the statutory damages with respect to the candle sales, although Cotter's amended complaint had already removed any allegations regarding the candle sales. (J.A. at 60, 65b). Cotter responded by seeking to file a second amended complaint that would allege, for the first time, that the pre-registration candle sales and the post-registration Wo-Di and Leon's Molds sales, were two different works, and thus two separate infringements. (J.A. at 77). The district court denied Cotter's motion because the proposed amendment contradicted Cotter's "certificate of registration, his sworn testimony, his copyright notice on his registered works, and, indeed, his theory of this case since its inception" that there was only one piece of work. (J.A. at 86). The court then reconsidered its grant of partial summary judgment and dismissed all of the statutory damages claims, rather than merely dismissing it with respect to the candles. (J.A. at 86-87). The court observed that Cotter's amended complaint had removed any allegations that the infringement began with the candle sales prior to registration, but also noted that Cotter's testimony in a deposition taken while his motion to amend the original complaint was pending and in a proposed pretrial order both argued that the candle sales were an infringement. (J.A. at 83-84). Accordingly, the court dismissed all statutory claims because the infringement began with the candle sales prior to Cotter's copyright registration in 1992.

**\*\*2** Cotter then requested that Judge Jarvis, the trial judge, recuse himself because his daughter worked for Baker, Donelson, Bearman & Caldwell, who are counsel for Christus. (J.A. at 158). Subsequently, the case was reassigned to Judge Collier. (J.A. at 88). Cotter again moved to file a second amended complaint and moved to vacate Judge Jarvis' previous orders on the grounds of impropriety. (J.A. at 89, 90). Judge Collier reaffirmed the prior denial of Cotter's motion for a second amended complaint to allege multiple works. (J.A. at 168-69). However, he reinstated the claim for statutory damages because the question of when the infringement began, which determines Cotter's eligibility for statutory damages under § 412, was an issue for the jury. (J.A. at 163-67).

This case was tried to the jury during a three-day trial in April 1999. The jury found that the candle sales were not a copyright infringement. (J.A. at 173). The jury also found that the Wo-Di and Leon's Molds sales were willful infringements and awarded Cotter $100,000 in statutory damages. (J.A. at 174-76). Alternatively, the jury awarded Cotter $153,355 in actual damages. *See id.* Under the Copyright Act, a plaintiff may receive actual damages or it may elect to receive statutory damages instead of actual damages prior to final judgment. *See* 17 U.S.C. § 504(a), (c). Cotter made no election of statutory damages, so an award of actual damages in the amount of $153,355 was entered on April 30, 1998. (J.A. at 177). Christus then moved for a new trial, which was denied. (J.A. at 217). Christus timely appeals. (J.A. at 228).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. 12 - 3

238 F.3d 420 (Table) Page 3
238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

**(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))**

Christus raises two issues on appeal: 1) whether the jury's award for actual damages was so excessive as to make it an abuse of discretion not to award Christus a new trial, and 2) whether Cotter may continue to argue for statutory damages after failing to elect statutory damages prior to final judgment below. [FN2]

> FN2. Both issues arise from 17 U.S.C. § 504, entitled "Remedies for infringement: Damages and profits," which reads: (a) In General.--Except as otherwise provided by this title [17 U.S.C. § 101 *et seq.*], an infringer of copyright is liable for either -
> (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
> (2) statutory damages, as provided by subsection (c).
> (b) Actual Damages and Profits. The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the element of profit attributable to factors other than the copyrighted work.
> (c) Statutory Damages. -
> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually ... in a sum of not less than $500 or more than $20,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $100,000.
> 17 U.S.C.A. § 504 (West 1996). The maximum amount of statutory damages was increased to $150,000 in 1999. *See* 17 U.S.C. § 504(c)(2) (West Supp.2000).

II.
A.

Christus argues that the jury's award of $153,355 is excessive, speculative, and unsupported by the proof. The district court denied Christus' motion for a new trial, finding that the jury's verdict was not excessive based upon the evidence. The court rejected Christus' argument that actual damages are limited to Christus' profits from the Wo-Di and Leon's Molds sales plus Cotter's lost profits during the infringement.

We review the trial court's denial of a motion for a new trial for an abuse of discretion. *See Roush v. KFC Nat'l Mgmt. Co.,* 10 F.3d 392, 397 (6th Cir.1993). A verdict is not excessive unless it clearly exceeds "the maximum that a jury could reasonably find to be compensatory for the plaintiff's loss." *Id.* (ADEA case) (quotations omitted); *see also Brewer v. Hustler Magazine, Inc.,* 749 F.2d 527, 529 (9th Cir.1984) ("We will not disturb an award of damages unless it is clearly unsupported by the record" in a copyright infringement case). "Unless the award is (1) beyond the range supportable by proof or (2) so excessive as to shock the conscience, or (3) the result of a mistake, we must let the award stand." *Leila Hosp. & Health Ctr. v. Xonics Med. Sys., Inc.,* 948 F.2d 271, 278 (6th Cir.1991) (breach of contract case) (citations omitted).

**\*3** A plaintiff is entitled to recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 5 of 9

238 F.3d 420 (Table) Page 4

238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

**(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))**

taken into account in computing the actual damages." 17 U.S.C. § 504(b). "Damages are awarded to compensate the copyright owner for losses from the infringement, and profits are awarded to prevent the infringer from unfairly benefitting from a wrongful act." H.R.Rep. No. 94-1476, at 161 (1976), *reprinted in* 17 U.S.C.A. § 504, at 146 (West 1996). However, "[a] plaintiff may not recover its full lost profits plus all of the defendant's profits, for this would constitute a forbidden double recovery." 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.02A, at 14-10 (2000) (hereinafter "Nimmer on Copyright"). "Actual damages are generally calculated with reference to the loss in the fair market value of the copyright, often measured by the profits lost as a result of the infringement." *Data General Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1170 (1st Cir.1994); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 (9th Cir.1985) (" '[a]ctual damages' are the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement" under the Copyright Act of 1909).

Christus contends that, at most, Cotter is entitled to an actual damages award of $9,005.13 based on the lost sales Cotter would have made but for Christus' infringement in 1996, plus all of the profits made by Christus on the sale of the Wo-Di and Leon's Molds infringing products. Christus' profit on the Wo-Di sales (there was no profit on the Leon's Molds sales) was $6,902.37. (J.A. at 339). Christus also contends that Cotter's lost sales due to the infringement were no more than $2,102.76. *See* Brief for Appellant at 21. Christus calculated this $2,102.76 figure by multiplying Cotter's profit per piece, which they estimated to be at most $2.58, times the 813 infringing pieces sold by Christus. *See id.*

Although the jury's verdict does not indicate how they calculated actual damages of $153,355, it is clear that the jury's award is based on more than the mere $9,005.13 from Cotter's lost profits during the Wo-Di and Leon's Molds sales and Christus' profits gained from those infringing sales. Instead, it appears that the jury also considered Cotter's alleged lost future profits due to the infringement. Cotter testified that he earned roughly $30,000 a year in profit from his sales to Christus in 1997 and 1998. (J.A. at 323-24). Cotter could also expect to work for another five years since he was about sixty years old at the time of trial. (J.A. at 336, 363). Further, Cotter's attorney clearly asked the jury to consider lost future sales in his closing argument. (J.A. at 338).

Christus is correct that actual damages do not normally include future losses. *See Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467, 470-71 (2d Cir.1985); *see also* 4 Nimmer on Copyright, *supra* p. 6, § 14.02[A], at 14-8 ("The primary measure of recovery of actual damages is based upon the extent to which the market value of the copyrighted work, at the time of infringement, has been injured or destroyed by such infringement."). Although there is authority suggesting that future losses may be considered when determining actual damages, *see Mary Ellen Enters., Inc. v. Camex. Inc.*, 68 F.3d 1065, 1070 (8th Cir.1995) (suggesting that future losses may be considered when determining actual damages); *Abend v. MCA, Inc.*, 863 F.2d 1465, 1479 (9th Cir.1988), *aff'd on other grounds sub nom. Stewart v. Abend,* 495 U.S. 207 (1990) (same); *Abeshouse,* 754 F.2d at 471 (denying lost future profits because they were speculative based on the evidence at trial, not because they were barred as a matter of law); *see also* Alois Valerian Gross, Annotation, *Measure of Damages and Profits to Which Copyright Owner is Entitled under 17 U.S.C.A. § 504(b),* 100 A.L.R. Fed. 258, at § 19 (1990) (discussing *Abeshouse* and future damages), we need not decide today whether future lost profits are recoverable as a matter of law because Cotter failed to prove that he is entitled to them as a matter of fact. Despite his testimony, Cotter did not demonstrate that he had any legal entitlement to any future contracts with Christus. Thus, it is sheer speculation whether Cotter would have earned anything, let alone $30,000 a year for the next five years. Furthermore, the jury was not specifically instructed to award future lost profits. Thus, on this record, the jury verdict clearly exceeded the maximum a jury could find compensatory for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ex. 12 - 5

http://web2.westlaw.com/print/printstream.aspx?sv=Split&prft=HTMLE&n=1&mt=Westla... 6/5/2007

238 F.3d 420 (Table) Page 5
238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

**(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))**

Cotter's loss. The district court abused its discretion in refusing to grant Christus' motion for a new trial.

**\*\*4** Having concluded that the award of actual damages must be reversed, we must now decide whether Cotter may elect statutory damages on remand.

B.

Christus contends that statutory damages are no longer available to Cotter because he did not elect statutory damages below. It also argues that statutory damages should not be resurrected on appeal or remand because Christus infringing conduct began prior to registration in 1992 as a matter of law. This makes Cotter ineligible for statutory damages under 17 U.S.C. § 412. Thus, Christus contends that Judge Jarvis' prior order dismissing the statutory damages claim was correct, while Judge Collier's order submitting the issue to the jury was incorrect.

Cotter, on the other hand, argues that he may elect statutory damages if there is a remand because such an election may be made any time "before final judgment." 17 U.S.C. § 504(c)(1). He also argues that there was sufficient evidence to support the jury's verdict that the candles sold prior to his copyright registration in 1992 were not an infringement, which qualifies him for statutory damages.

Judge Jarvis dismissed Cotter's statutory claims on summary judgment because he found that the sale of the candles was a pre-registration infringement which disqualified Cotter from receiving statutory damages under § 412. (J.A at 86-87). However, Judge Collier reversed this decision and proceeded to trial on the issue because there was an issue of material fact as to when the infringement began: before Cotter's 1992 registration or afterwards. (J.A. at 166-68). The jury subsequently found that Christus willfully violated Cotter's copyright and awarded Cotter, alternatively, $100,000 in statutory damages. (J.A. at 175-76).

First, we must determine whether Cotter may elect statutory damages on appeal or remand. Under 17 U.S.C. § 504(c)(1), "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages...." This "**election may occur even after a jury has returned a verdict on liability and an award of actual damages.**" *Feltner v. Columbia Pictures Television, Inc.,* **523 U.S. 340, 347 n. 5 (1998)**. In this case, Cotter did not elect statutory damages prior to final judgment below.

Christus relies on *Twin Peaks Prod. v. Publications Int'l, Ltd.,* 996 F.2d 1366 (2d Cir.1993), and *Jordan v. Time, Inc.,* 111 F.3d 102 (11th Cir.1997) (per curiam), which both held that a plaintiff who elects statutory damages below cannot seek actual damages on appeal. In *Twin Peaks,* the plaintiff elected statutory damages below "believing that the statutory award ... was more likely to be sustained on appeal." *Twin Peaks,* 996 F.2d at 1380. Both parties appealed issues relating to actual and statutory damages. *See id.* However, the Second Circuit refused to address actual damages holding that, "[o]nce a plaintiff has elected statutory damages, it has given up the right to seek actual damages and may not renew that right on appeal by cross-appealing to seek an increase in the actual damages." *Id.* The court affirmed the statutory damages on appeal. *See id.* at 1383.

**\*\*5** Similarly, in *Jordan,* the plaintiff elected statutory damages below, but appealed arguing that he was entitled to a new trial because the actual damages were too low. *See Jordan,* 111 F.3d at 104 The Eleventh Circuit rejected the plaintiff's attempt to appeal actual damages and expressly adopted the rule in *Twin Peaks,* holding that "once a timely election is made to receive statutory damages all questions regarding actual and other damages are rendered moot." *Id.*

Unlike this case, both *Twin Peaks* and *Jordan* involved plaintiffs who unsuccessfully tried to "un-elect" statutory damages and return to actual damages on appeal. Rather, this case is akin to *Oboler v. Goldin,* 714 F.2d 211, 212-13 (2d

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

238 F.3d 420 (Table) Page 6
238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

**(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))**

Cir.1983) (per curiam), which held that plaintiffs who fail to elect statutory damages below may do so on remand. In *Oboler,* the court held that after a final verdict awarding actual damages is reopened, such as by granting a new trial or remanding after appeal, the plaintiff may elect statutory damages on remand. *See Oboler,* 714 F.2d at 212-13. The Second Circuit vacated the district court's actual damages award, but held that the plaintiff could elect statutory damages on remand because he had yet to make such an election below. *See id.* The court then remanded for one of two courses of action: either the plaintiff could elect statutory damages, or a new trial limited to the issues of actual damages could be held. *See id.*

Moreover, the Second Circuit in *Twin Peaks* distinguished *Oboler* by noting that in *Oboler,* "the plaintiff had not elected between remedies prior to judgment, ... and we therefore permitted [plaintiff], after remand, to make its choice." *Twin Peaks,* 996 F.2d at 1380. Since Cotter has yet to elect statutory damages, he may do so on remand. This rule is consistent with the "final judgment" language of § 504(c)(1), because a remand reopens the case. In effect, Cotter's subsequent election below will come prior to a final judgment on remand.

Christus nonetheless suggests a narrower reading of *Oboler* that could foreclose Cotter's ability to elect statutory damages on remand. In *Oboler,* the plaintiff failed to elect statutory damages prior to the district court's directed verdict, which Christus argues limits that rule to cases in which the plaintiff was foreclosed from electing statutory damages below. *See* Appellant's Reply Brief at 7-8. Christus cites *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987 (9th Cir.1998), *cert. denied,* 525 U.S. 1141 (1999) (hereinafter "LANS"), wherein the Ninth Circuit allowed a plaintiff who had been foreclosed from making an election below to do so on remand under *Oboler. See* Appellant's Reply Brief at 8-9. The Ninth Circuit found that:

> Because [the plaintiff] was foreclosed by these rulings from seeking actual damages, it had no opportunity to make the statutory election on damages. It is therefore not precluded from appealing the district court's ruling regarding actual damages. *Compare Oboler v. Goldin,* 714 F.2d 211, 212-13 (2d Cir.1983) (per curiam) (damages appealable where copyright holder failed to elect between statutory and actual damages prior to directed verdict) *with Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.,* 996 F.2d 1366, 1380 (2d Cir.1993) ("Once a plaintiff has elected statutory damages, it has given up the right to seek actual damages and may not renew that right on appeal by cross-appealing to seek an increase in actual damages."); *see also Jordan v. Time, Inc.,* 111 F.3d 102, 104 (11th Cir.1997) (per curiam) (same).

**6 *LANS,* 149 F.3d at 995 n. 8.

Although *LANS* applies *Oboler* to a case in which the plaintiff was foreclosed from making an election for statutory damages below, it does not compel us to read *Oboler* so narrowly. *Oboler* itself does not contain such limiting language and merely found that the plaintiff could elect statutory damages below, "which so far as the record indicates they failed to make at the first trial." *Oboler,* 714 F.2d at 213; *see also* 4 Nimmer on Copyright, *supra* p. 6, § 14.04[A], at 14-43 n. 6 (citing *Oboler* for the rule that "even if such an election [for statutory damages] has not been made prior to entry of judgment, if the judgment is thereafter vacated on appeal, upon remand, the plaintiff may then make such election"). Moreover, the Second Circuit did not distinguish *Oboler* as a rule that only applied to cases where the plaintiff was foreclosed from making an election below when it distinguished *Oboler* in *Twin Peaks. See Twin Peaks,* 996 F.2d at 1380. Instead, *Twin Peaks* merely found that the *Oboler* plaintiff "had not elected between remedies prior to judgment" while the plaintiff in *Twin Peaks* had made such an election below and sought actual damages on appeal. *Id.* Accordingly, Cotter may elect statutory damages.

Next, we must determine whether Cotter qualifies for statutory damages as a matter of law. To answer this question, we must first consider whether Judge Collier properly reversed Judge Jarvis' prior dismissal of the statutory claims. Clearly, Judge

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

238 F.3d 420 (Table) Page 7
238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

**(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))**

Collier had the authority to reverse Judge Jarvis' earlier dismissal of the statutory claim because a district court has continuing jurisdiction over its orders prior to final judgment. *See, e.g., Dahl v. UHS, Inc.,* No. 88-CV-74477-DT, 1990 U.S. Dist. LEXIS 8737, at *4 (E .D. Mich. March 7, 1990) (unpublished) (district court vacated and reversed its prior decision).

The next question is whether Judge Collier's decision to submit statutory damages to the jury was correct. We review the district court's legal determination that the statutory damages be submitted to the jury *de novo. See Johnson v. Jones,* 149 F.3d 494, 505 (6th Cir.1998).

The Supreme Court has held that although the Copyright Act does not establish a statutory right to a jury trial to determine statutory damages under § 504(c), the right to a jury trial for that determination is constitutionally required under the Seventh Amendment. *See* **Feltner,** **523 U.S. at 345, 355**; *see also* 4 Nimmer on Copyright, *supra* p. 6, § 14.04[C][2], at 14-67 ("**Feltner** continues in the tradition of Seventh Amendment rulings, and accordingly attaches the right to a jury trial to a statutory scheme that Congress affirmatively established without that right."). Accordingly, Judge Collier was correct in finding that the statutory damages claim, including the amount itself, was a jury issue. *See* **Feltner, 523 U.S. at 355**.

**7 Although Judge Collier was correct to empanel a jury to decide the statutory claims under **Feltner,** we must still determine whether his Rule 50(b) decision was correct. "Denial of judgment as a matter of law is reviewed *de novo,* examining whether there is sufficient evidence to support the jury's verdict when reviewed in the light most favorable to the prevailing party." *Moore v. KUKA Welding Sys. & Robot Corp.,* 171 F.3d 1073, 1078 (6th Cir.1999). "Judgment as a matter of law is appropriate only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party." *Id.*

Under 17 U.S.C. § 412,

no award of statutory damages or of attorney's fees, as provided by sections 504 or 505 [of the Copyright Act] shall be made for -(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

*See also Johnson,* 149 F.3d at 505 ("[Plaintiff] cannot recover statutory damages or attorney's fees under the Copyright Act if [the infringer's] infringement 'commenced' before the copyright was registered."); 4 Nimmer on Copyright, *supra* p. 6, § 14.04[D], at 14-68 ("Section 412 of the Copyright Act provides that registration of a work, prior to any particular infringement, constitutes a condition precedent to the right to recover statutory damages by reason of such infringement."). Since Cotter published his work in 1987, the infringement by Christus must have begun after 1987 and before the effective date of his registration, August 17, 1992, to disqualify him from statutory damages under § 412(2). (J.A. at 363).

In order for the jury to award Cotter statutory damages of $100,000, they were required to find that Christus willfully violated Cotter's copyright, which began after his copyright registration in 1992. *See* 17 U.S.C. §§ 412, 504(c)(2). Here, the jury specifically found that Christus "willfully" violated Cotter's copyright and awarded $100,000 in statutory damages. However, the parties dispute on appeal whether the candle sales prior to Cotter's copyright registration in 1992 were infringements that commenced prior to registration and therefore disqualify Cotter from receiving statutory damages as a matter of law under § 412.

This put Christus in the awkward position of arguing that it had infringed upon Cotter's copyright by selling the candles prior to 1992 as a defense to the statutory damages claim, while simultaneously arguing that it did not infringe upon that copyright in 1996 with the sale of the Wo-Di and Leon's Molds items to avoid actual damages. Nevertheless,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Ex. 12 - 8**

238 F.3d 420 (Table) Page 8
238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207
**Unpublished Disposition**

**(Cite as: 238 F.3d 420, 2000 WL 1871698 (6th Cir.(Tenn.)))**

the jury found that Christus' pre-registration candle sales did not infringe Cotter's copyright, while its post-registration sales of the Wo-Di and Leon's Molds pieces in 1996 were an infringement. (J.A. at 173-74).

**\*8** The jury's finding is supported by the trial record. There was no evidence that the candle sales were an infringement because there was no proof that the candles were copied from Cotter's work. By contrast, there was evidence that the Wo-Di and Leon's Molds pieces were directly copied from Cotter's work, rather than merely being similar to it. (J.A. at 273-74, 293- 94). Thus, the jury's finding that the pre-registration candle sales were not an infringement while the post-registration Wo-Di and Leon's Molds sales were an infringement that qualified for statutory damages is correct for the purposes of deciding a directed verdict.

In order to determine whether the pre-registration candle sales disqualified Cotter from receiving statutory damages, the jury also had to decide whether the Wo-Di and Leon's Molds sales were a continuing series of infringements going back to the pre-registration candle sales. If the 1996 infringements began with the pre-registration candle sales, then Cotter would be disqualified from receiving statutory damages for the 1996 Wo-Di and Leon's Molds infringements. However, if the pre-registration candle sales were not part of the 1996 infringements, then Cotter would not be disqualified from receiving statutory damages for the post-registration 1996 infringements. Whether or not Cotter qualifies for statutory damages then depends on when the infringement began.

Our Circuit recently discussed when copyright infringements "commence" for the purposes of qualifying for statutory damages. In *Johnson,* we held that:

> [The purposes of the Copyright Act] would be thwarted by holding that infringement is "commenced" for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts. Under § 412, statutory damages and attorney's fees are reserved for infringers who had constructive notice that the work was covered by a valid copyright....If the incentive structure of § 412 is to be properly applied, then [the plaintiff] should not receive the reward of statutory damages, because he did not satisfy the requirement of prompt registration.
> Every court to consider this question has come to the same conclusion: namely, that infringement "commences" for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs.

*Johnson,* 149 F.3d at 505-06.

Here, the trial judge specifically instructed the jury that Cotter would not qualify for statutory damages if the infringement commenced before the registration date in August 1992. (J.A. at 253-54). The judge also instructed them to determine whether the activities were part of a continuing, ongoing infringement or were separate, distinct acts of infringement. (J.A. at 254). There was a four year gap between the time Christus ceased selling the candles in 1992 and the time it began selling the Wo-Di and Leon's Molds products in 1996. This lack of "continuing" activity supports the jury's finding that Cotter qualified for statutory damages for the 1996 infringements. *Cf. Johnson,* 149 F.3d at 505-06 (finding no copyright infringement where first use of architect's architectural plans occurred in November 1993 prior to registration on December 6, 1993; rejecting architect's argument that each use of his plans was a new act of infringement).

**\*9** Thus, Cotter may elect statutory damages on remand under *Oboler*.

### III.

For all the foregoing reasons, the judgment of the district court as to actual damages is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

238 F.3d 420 (Table), 2000 WL 1871698 (6th Cir.(Tenn.)), 2001 Copr.L.Dec. P 28,207 Unpublished Disposition

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.