IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Arctic Circle Enterprises, LLC,

Plaintiff,

vs.

Alaska-Juneau Mining Company, LLC,

Defendant.

Case No. 3:06-cv-00170 TMB

**O R D E R**
**Re: Defendant's Motion to Compel**

## I.  MOTION PRESENTED

Plaintiff Arctic Circle Enterprises, LLC, ("ACE") seeks an order from the Court, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), directing Defendant Alaska-Juneau Mining Company, LLC, ("AJMC") to answer interrogatories 8-11 and 13, and to supplement its answer to interrogatory 7 from the Plaintiff's First Set of Interrogatories.[1]  In addition, Plaintiff asks for attorney's fees from AJMC in connection with the motion. Defendant opposes the motion. On June 29, 2007, the Court heard oral argument on this motion, along with several others pending in the case.

## II.  BACKGROUND

This action centers on a dispute over alleged copyright infringement. ACE asserts that AJMC infringed on its copyrights when, in 2006, AJMC began manufacturing and selling photo albums featuring maps of Alaska on the cover. On January 29, 2007, ACE served its First Set of

---

[1] Docket 69.

Interrogatories on AJMC, pursuant to Federal Rule of Civil Procedure Rule 33. The parties agreed to an extension of time for AJMC's responses, and on March 7, 2007 AJMC submitted its responses. AJMC's responses provided limited answers to the first seven of the 16 questions in ACE's First Set of Interrogatories. For Interrogatories nos. 8-18, AJMC declined to provide a substantive response and objected that ACE had "exceeded the number of allowed Interrogatories under Fed. R. Civ. P. 33(a) without obtaining leave of the court."[2] On May 10, 2007, counsel for ACE wrote to AJMC's counsel, challenging AJMC's objection that ACE's interrogatories had exceeded the 25-interrogatory limit in Fed. R. Civ. P. 33(a)(1) without leave of the Court. AJMC also objected to interrogatory seven as "overly broad and unduly burdensome" because it asked AJMC to identify all prior art demonstrating that a design element contained in ACE's Alaska map photo album is not original. The parties then conferred electronically and telephonically on May 15 and 16, during which they continued to disagree as to how the questions in ACE's First Set of Interrogatories should be counted. On May 17, 2007, ACE filed this motion to compel.

### III.  DISCUSSION

The issue before this court is how the compound questions in ACE's interrogatories should be counted. Federal Rule of Civil Procedure 33(a)(1) provides that:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consisted with Rule 26(b)(2).

Here, the parties have not stipulated to more interrogatories. Nor have they sought leave from the court to exceed the Rule 33(a) limit. The discovery cut off date in this case was May 18, 2007.

---

[2]      Docket 87, Ex. A. at 14.

AJMC contends that ACE's First Set of Interrogatories exceed the 25-question limit due to compound questions and subparts. Specifically, AJMC asserts that: Interrogatory no. 3 asks four discrete questions; Interrogatories nos. 4, and 5 ask two distinct questions each; Interrogatory no. 6 asks four independent questions; Interrogatory no. 7 asks two independent questions about 18 "specific and independent claims;" and Interrogatory no. 8 should be counted as 72 independent inquiries because it asks "three independent questions regarding . . . 24 subparts . . . "[3] AJMC raises similar objections to Interrogatories nos. 12, 13, and 15. In addition, AJMC objects to Interrogatory no. 7 as "overly broad and unduly burdensome . . . in light of ACE's demand that [AJMC] identify all pre-1998 art that incorporates ACE's claimed design elements."[4]

As a preliminary matter, ACE has offered to withdrawal Interrogatories nos. 12, 14, 15, and 16,[5] and does not oppose AJMC's contentions that Interrogatories nos. 3, 4, and 5 should count as more than one question each. ACE does dispute AJMC's contentions regarding Interrogatories nos. 7 and 8. ACE asserts that each of these contains a single primary question with multiple subparts related to a common theme. ACE then reasons that even if Interrogatories nos. 3-6 are counted as multiple questions, the total number of interrogatories is still well below the 25-question limit.[6]

---

[3]      Docket 86, Def.'s Resp. at 14.

[4]      *Id*. at 11.

[5]      Docket 69, Pl.'s Mot. to Compel at 4.

[6]      *Id*. at 7. ACE asserts that if AJMC's arguments for Interrogatories 1-6 are adopted, there would be a total of 16 interrogatories. However, as the Court sees it, AJMC's numbering of Interrogatories 1-6 add up to 14 questions. Assuming *arguendo* that Interrogatories 7, 8, and 13 are counted as one question each, this would add up to a total of 17 questions. Regardless, ACE's point is well taken; the limit would not violate Fed. R. Civ. P. 33(a).

**A.  Interrogatory no. 7**

ACE's Interrogatory no. 7 states:

For each of the elements of the Alaska Map Photo Album deisgn that Arctic Circle identified as original in its responses to AJMC's Interrogatory No. 5, please explain the complete factual basis of your claim, if any, that the element is not original, including the identity of any products, designs, and artwork that AJMC contends exhibited, displayed, or contained that element before July 1, 1998.

The design elements set forth by ACE in response to AJMC's Interrogatory no. 5 include the

following:

> 1. cover color, texture, and material on a photo album;
> 2. cover stitching and the placement, color, visibility, contrast, and style thereof;
> 3. depiction of a relief map on a photo album;
> 4. depiction of a relief map with a compass rose on a photo album;
> 5. depiction of a relief map with a compass rose and the Arctic Circle on a photo album;
> 6. depiction of a relief map with a compass rose and the Arctic Circle with symbols of Alaska on a photo album;
> 7. the script used in the compass rose on a photo album; arrangement of a relief map and symbols of Alaska;
> 8. arrangement of a relief map and symbols of Alaska;
> 9. color of the relief map, compass rose, and the Arctic Circle;
> 10. choice of geographic names included on the photo album;
> 11. layout, configuration, relative size, and placement of the relief map on the photo album;
> 12. the drawing of the float plane;
> 13. the drawing of the eagle;
> 14. the drawing of the cruise ship;
> 15. the drawing of the whale tail;
> 16. the drawing of the compass rose;
> 17. the drawing of the map, including the shape, topography, lines, color and geographic specificity; and
> 18. the arrangement and decoration on the spine on photo album.[7]

There is no bright-line test as to whether a subpart of an interrogatory should be counted as

---

[7]      Docket 86, Def.'s Resp. at 8.

a separate, independent interrogatory. But courts that have interpreted Rule 33(a) on this issue generally analyze whether the subparts relate to a common theme[8] or are "logically or factually subsumed within and necessarily related to the primary question."[9] As the district court in *Safeco of America v. Rawstron* put it: "[t]he question is whether there is a direct relationship between the various bits of information called for by the subparts . . . or if the subparts are a logical extension of the basic interrogatory."[10]

ACE relies for support on *Cardenas v. Dorel Juvenile Group., Inc.*, in which the district court held that an interrogatory seeking information about multiple, but unidentified, design elements did not contain discrete subparts because the elements related to a common theme.[11] The interrogatory at issue in *Cardenas* stated:

> If you contend that the Child Restraint System was defectively designed, state with particularity each and every element of the design which you contend was defective, how such design was defective and the manner in which the injuries were caused, contributed to and/or permitted to occur as the result of each alleged design defect.[12]

The *Cardenas* court found that while the interrogatory could be construed as having three discrete

---

[8]    *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D.Kan. 2005); see also 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994) ("[I]t would appear that an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, although the breadth of an area inquired about may be disputable. On the other hand, an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation.").

[9]    *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal. 1998) (quoting *Ginn v. Gemini*, 137 F.R.D. 320, 322 (D.Nev. 1991)).

[10]    *Id*. at 444 (internal citations omitted).

[11]    *Cardenas*, 231 F.R.D. at 620.

[12]    *Id*. at 617.

subparts, "the fact that it seeks this information about multiple alleged design defects does not turn it into multiple interrogatories."[13]

The same logic applies to ACE's Interrogatory no. 7. The Court finds that the design elements listed by ACE in response to AJMC's Interrogatory no. 5 relate to a common theme and do not transform the question into 18 discrete subparts. The common theme is the photo album design in dispute here, and the interrogatory seeks to elicit detail about AJMC's potential defense that ACE's photo album design is not original. In addition, the individual design elements are "logically or factually subsumed within in and necessarily related to the primary question." However, the Court also finds that Interrogatory no. 7 asks two distinct questions about each of the 18 elements: 1) the factual basis of AJMC's claim, if any, that a particular design element is not original, and 2) the identity of any products, designs and artwork that AJMC contends displayed that element prior to July 1, 1998. The Court therefore overrules AJMC's objection that ACE's Interrogatory no. 7 exceeds the number of interrogatories allowed under Rule 33(a).

**B.  Interrogatory no. 8**

ACE's Interrogatory no. 8 states:

> For each of the elements of the Alaska Map Photo Album design that Arctic Circle identified in its responses to AJMC's Interrogatory No. 6 as being present in at least substantially similar form in the AJMC Photo Album, please explain the complete factual basis of your claim, if any, that the AJMC Photo Album does not contain the element in at least substantially similar form, including without limitation the complete factual basis for any claim that the named element is not expressive or not objectively similar to the named element of the Alaska Map Photo Album design.

ACE's response to AJMC's Interrogatory no. 6 listed the following design elements:

---

[13]        *Id.* at 620.

1. the subject matter of the photo album;
2. color, texture, and material of the cover on the photo album;
3. cover stitching and the placement, color, visibility, contrast, and style thereof;
4. depiction of a relief map of Alaska on a photo album;
5. depiction of a relief map of Alaska with a compass rose on a photo album
6. depiction of a relief map of Alaska with a compass rose and the Arctic Circle on a photo album;
7. depiction of a relief map with a compass rose and the arctic Circle with symbols of Alaska on a photo album;
8. the script used int eh compass rose on a photo album;
9. arrangement of a relief map and symbols of Alaska;
10. coloring of the relief map, compass rose, and the Arctic Circle;
11. choice of geographic names, including the combination of Alaska, Ketchikan, Sitka, Juneau, Skagway, Haines, Valdez, Anchorage, Seward, Kodiak, Homer, Kenai, Naknek, King Salmon, the Gulf of Alaska, Bristol Bay, the Pacific Ocean, Mt. McKinley, Fairbanks, Norton Sound, Nome, Kotzebue, Barrow, Prudhoe Bay, and the Arctic Circle on a photo album;
12. layout, configuration, relative size, and placement of the relief map on the photo album;
13. depiction of a float plane as a symbol of Alaska on a photo album; and depiction of an eagle as a symbol of Alaska on a photo album;
14. prominent display of the text "Alaska" on a photo album;
15. the text "Alaska" with a relief map and symbols of Alaska on a photo album;
16. the text "Alaska" with a relief map and symbols of Alaska and a compass rose on a photo album;
17. the arrangement of elements in a portrait format;
18. the 100-pocket photo album format;
19. the 100-pocket photo album format with a black liner and black photo sleeves;
20. incorporating the cover design on the back cover;
21. the use of 50 double-sided photo sleeves;
22. the use of mesh backing within the photo sleeves;
23. the material used as the clear cover on each photo sleeve; and
24. the location of the opening in each photo sleeve at the top of the album.[14]

Here, the Court reaches a similar conclusion with respect to Interrogatory no. 7. ACE's Interrogatory no. 8 should be counted as asking three distinct questions: 1) the factual basis for any claim that the AJMC photo album at issue here does not contain a particular element "in at least substantially similar form," and 2) the factual basis for any claim that a particular element of the

---

[14]    Docket 86, Def.'s Resp. at 9-10.

7

AJMC photo album is not expressive, and 3) the factual basis for any claim that a particular element of the AJMC photo album is not objectively similar to a particular named element of the ACE photo album. But as with Interrogatory no. 7, the Court concludes that the 24 design elements all relate to a common theme and are logically subsumed within the three primary questions. Thus, the Court overrules AJMC's objection that Interrogatory no. 8 is, in effect, 72 independent inquiries.

### C. Overbreadth and Undue Burden

AJMC also objects to the portion of Interrogatory no. 7 that asks it to identify "any products, designs, and art work that AJMC contends exhibited, displayed, or contained that element before July 1, 1998." AJMC contends the request is overly broad and unduly burdensome.

AJMC provided short responses for each design element addressed in Interrogatory no. 7, but did not list specific products, designs or pieces of artwork containing these elements. ACE now asks the Court to order AJMC to supplement its responses to Interrogatory no. 7.

The Court does not find this element of Interrogatory no. 7 overly broad on its face. The Interrogatory asks AJMC to identify "any products, designs, and artwork" but does not – as AJMC suggests in its response to Plaintiff's motion – seek the identification of "all art" including any of the disputed design elements prior to July 1, 1998. Moreover, ACE's interrogatory goes to the heart of this case and may help to narrow the issues.[15] The Court therefore overrules AJMC's objection that Interrogatory no. 7 is overly broad and unduly burdensome, and orders AJMC to supplement its response by identifying specific products, if known, for each of the design elements addressed.

---

[15]    *See In re U.S. Financial Securities Litigation*, 74 F.R.D.. 497, 498 (S.D.Cal. 1975) (stating that interrogatories should be permitted to allow for a party's unfettered discovery of all relevant and necessary materials).

## IV.  CONCLUSION

**The Court GRANTS in part and DENIES in part Plaintiff's Motion To Compel Answers to First Interrogatories at Docket 69**. The Court concludes that ACE's Interrogatories nos. 1-11 and no. 13, combined, do not exceed the 25-interrogatory limit under Rule 33(a). The Court thus orders AJMC to supplement its responses to Interrogatory no. 7 and to provide full and complete responses to Interrogatories nos. 8-11 and 13 in Plaintiff's First Set of Interrogatories. The Court denies Plaintiff's requests for costs associated with this motion.

Dated this 28th day of March, 2008.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U.S. DISTRICT COURT JUDGE