IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Arctic Circle Enterprises, LLC,<br><br>        Plaintiff,<br><br>  vs.<br><br>Alaska-Juneau Mining Company, LLC,<br><br>        Defendant. | Case No. 3:06-cv-00170 TMB<br><br>**O R D E R**<br>**Re: Defendant's Motion for Partial**<br>**Summary Judgment (Docket No. 79)** |

      Plaintiff Arctic Circle Enterprises, LLC ("ACE") brought this action against Defendant Alaska-Juneau Mining Company, LLC ("AJMC") alleging copyright infringement in connection with AJMC's production and distribution of souvenir photo albums. The Defendant has moved for partial summary judgment on the issues of actual damages, statutory damages and attorneys' fees.[1]

      This matter has been fully briefed, and oral argument was heard on June 29, 2007.[2] Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[3] The moving party bears the initial burden of proof for showing that no fact is in dispute.[4] If the moving party meets that burden, then it falls upon the non-moving party to refute with facts which would indicate a genuine issue of fact for trial.[5] Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.[6]

---

[1] Docket 81.

[2] The background in this matter is discussed at length in the Court's order at Docket no. 103.

[3] Fed. R. Civ. P. 56(c).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[6] *Id., See also, In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).

AJMC asserts that it is entitled to partial summary judgment on the issues of actual damages, statutory damages, and attorney fees.  AJMC argues that ACE has presented no evidence to establish actual damages, and that under a best case scenario analysis, ACE could potentially recover only $6,819 in damages.  Furthermore, AJMC argues that ACE is entitled to neither statutory damages nor attorneys' fees under 17 U.S.C. § 412, because the copyright at issue here was not registered until 2003, and the first act of alleged infringement began in 2000.  Accordingly, under a "continuous infringement" theory, any infringement began before the copyright was registered, and therefore the infringement is not actionable.

In response, ACE argues that the amount of actual damages is a question of fact for a jury to determine, based on AJMC's gross revenue, minus any deductions that AJMC bears the burden to prove.  ACE argues that the parties are in agreement regarding AJMC's gross revenue, but that AJMC's deductions are the subject of dispute. Specifically, ACE points to disputes related to AJMC's claimed deduction for the production costs of the albums, freight, and remaining inventory. In other words, ACE argues that there are genuine issues of fact as to the *profit* that AJMC has enjoyed.  Furthermore, ACE argues that AJMC's infringement began in 2006, not 2000.  In support of this, ACE notes that: (1) the photo albums supplied by IAAC are not the same as those supplied by AJMC; (2) IAAC went out of business before AJMC was formed; (3) neither the IAAC design nor the AJMC designs were sold between 2002 and 2006; and (4) the alleged relationship between IAAC and AJMC involves three separate assignments of design rights. Again, ACE argues that this is an issue of fact suitable for a jury determination.

The Court agrees with ACE.  Genuine issues of material fact preclude partial summary judgment on both of the issues raised in AJMC's motion. Accordingly, the Court **DENIES the Defendant's Motion for Partial Summary Judgment at Docket 79.**  It is so ordered.

Dated at Anchorage, Alaska, this 28th day of March, 2008.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE